IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

FILED
JUL 30 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| GUSTAVO ROMANELLO ) | |
| ACELA ROMANELLO ) | |
| Vs. | Case No. 5:12-cv-371-FL |
| BANKUNITED, INC.; SUBSTITUTE ) | |
| TRUSTEE SERVICES OF CAROLINA, LLC; ) | |
| BROCK & SCOTT, PLLC,; RAGSDALE ) | COMPLAINT |
| LIGGETT, PLLC,; ASHLEY H. CAMPBELL ) | JURY TRIAL DEMANDED |

NOW COME Plaintiffs and hereby complains of Defendants as follows:

## PARTIES

1. Plaintiffs Gustavo and Acela Romanello are residents of 5445 Thunderidge dr., Raleigh, NC, and have been for six years preceding the filing of this action.

2. Upon information and belief, Defendant BANKUNITED,INC is a banking corporation with headquarters in 7815 NW 148 St., Miami Lakes, FL 33016

3. Defendant Trustee Services of Carolina, LLC is a corporation in 5431 Oleander Dr., Wilmington, NC 28403

4. Defendant Brock & Scott, PLLC is corporation located in 5431 Oleander Dr., Wilmington, NC 28403

5. Defendant Ragsdale Liggett, PLLC is a corporation located in 2840 Plaza Place, suite 401, Raleigh, NC 27612

6. Defendant Ashley H. Campbell is a partner at Ragsdale Liggett, PLLC, 2840 Plaza Place, suite 401, Raleigh, NC 27612

7. Plaintiffs are consumers as that term is defined by North Carolina's Prohibited Acts by Debt Collectors Act (NCDCA) at N.C.G.S. 75-50 (1), and as defined by the Federal Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 a(3), and incurred a debt as defined by N.C.G.S. 75-50 (2), and by FDCPA 15 USC 1692 a(5).

8. Defendants are debt collectors as defined by 15 USC 1692 a(6) and NCGS 75-50 (3)

9. The jurisdiction of this Court is conferred by 15 USC 1692 k, NCGS 75-50 et seq. and has jurisdiction under Federal-question jurisdiction pursuant to 28 USC 1331

FACTS

10. Plaintiffs reincorporate and reallege all previous allegations as if stated fully herein.

11. On or about July, 2005, Plaintiffs signed a Promissory Note and Deed of Trust with BankUnited,FSB securing the above mentioned property.

12. Plaintiffs are the owners and title holders of the property.

13. Plaintiffs filed for bankruptcy protection in May 2009 and included BankUnited,FSB as a creditor whose debt was discharged in August 2009.

14. On or about January 2011 Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, and Brock & Scott,PLLC started a foreclosure proceeding against Plaintiffs.

15. On or about February 2011, Plaintiffs requested verification of the alleged debt owed in a RESPA Qualified Written Request, Notice of Dispute, Debt Validation Letter.

16. The request was sent to BANKUNITED and to Trustee Services of Carolina,LLC in care of Brock & Scott, PLLC.

17. Specific questions were asked as to how and when the new BANKUNITED, INC. acquired the loan and if it was declared a BankUnited,FSB asset in the general ledger and accounting books, before the bank went bankrupt and was taken over by the FDIC.

18. Plaintiffs only received a statement of all the monthly payments done, and no answer to all the questions and no verified copies of documents were sent either.

19. Defendants BANKUNITED, INC, Trustee Services of Carolina,LLC and Brock & Scott,PLLC continued the following months of May, June, July and August of 2011 to try and seek Court approval for a foreclosure sale, without having verified and validate the alleged debt, violating Federal and state laws, and attempting fraud on the Court.

20. BANKUNITED,INC is not the Original Creditor, Plaintiffs never executed an agreement with them, there is no privity of contract between the parties.

21. Plaintiffs had a securitization forensic audit done, that shows that BANKUNITED is not the real party in interest and that the chain of title was broken.

22. Defendant Trustee Services of Carolina, LLC failed to fulfil its obligation to act neutrally and to investigate or engage in an effort to insure fairness in the process.

23. On August 29, 2011 Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC , Ragsdale Liggett, PLLC, and Attorney Ashley H.

Campbell, introduced to the Wake County Superior Court a bogus Assignment of Note and Deed of Trust from the FDIC to BANKUNITED, INC, done after the commencement of the foreclosure proceeding, and done as a litigation tool designed to close the gap in the chain of title, so that it appears in the public record that BANKUNITED had a legal right to foreclose the property, even though they lacked standing .

24. Several attempts to communicate with Defendants and validate the alleged debt have been in vain.

### FIRST CAUSE OF ACTION

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 et seq.

25. Plaintiffs reallege and reincorporate all previous allegations as if stated fully herein.

26. Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Ragsdale Liggett, PLLC, and Ashley H. Campbell violated 15 USC 1692 g (b) by failing to cease collection efforts until debt is validated.

27. Defendants Ragsdale Liggett, PLLC, and Ashley H. Campbell violated 15 USC 1692 g (a) by the failure to state the amount of debt, name of creditor to whom debt is owed, the right to dispute within 30 days, and the right to have verification mailed to consumer

28. Defendants Ragsdale Liggett, PLLC and Ashley H. Campbell violated 15 USC 1692 e(11), by failure to warn "This is an attempt to collect a debt..." in their communications.

29. Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Ragsdale Liggett, PLLC and Ashley H. Campbell violated 15 USC 1692 (f), unfair or unconscionable means to collect or attempt to collect the alleged debt (with a post-dated assignment).

30. Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Ragsdale Liggett, PLLC, and Ashley H. Campbell violated 15 USC 1692 e (10), by the use of any false representation or deceptive means to collect or attempt to collect any debt.

31. Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Ragsdale Liggett, PLLC and Ashley H. Campbell violated 15 USC 1692 e (2) by falsely representing the character, amount or legal status of any debt.

32. Defendants BANKUNITED, INC, Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Ragsdale Liggett, PLLC, and Ashley H. Campbell violated 15 USC 1692 e (5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

33. Plaintiffs are entitled to damages as a result of Defendants violations.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE N.C. DEBT COLLECTION ACT- N.C.G.S. 75-50 et seq.

34. Plaintiffs reallege and reincorporate all previous allegations as if fully stated herein.

35. Defendants Ragsdale Liggett, PLLC and Ashley H. Campbell violated NCGS 75-54 (2) by failing to disclose in communications that they were a debt collector attempting to collect a debt.

36. Defendants BANKUNITED, INC, Trustee Services of Carolina, Brock & Scott, PLLC, Ragsdale Liggett, PLLC, and Ashley H. Campbell violated NCGS 75-54 (4) that prohibits falsely representing the character, extent or amount of debt or of its status in any legal proceeding.

37. Plaintiffs are entitled to up to $4000 in damages per violation plus punitive damages, as a result of Defendants violations.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE N.C. UNFAIR TRADE PRACT. ACT-NCGS 75-1.1 ET SEQ.

38. Plaintiffs reallege and reincorporates all previous allegations as if fully stated herein.

39. Defendants BANKUNITED, INC and Trustee Services of Carolina, LLC misrepresentations were intentional, reckless and in total disregard of Plaintiffs civil rights, and were a material fact in convincing the Clerk of Court and the Superior Court Judge to proceed with the foreclosure of Plaintiffs' home.

40. Defendants BANKUNITED, INC and Trustee Services of Carolina, LLC conduct constituted unfair or deceptive acts or practices pursuant to N.C.G.S. 75 1.1

41. Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

42. The acts, practices and/or omissions of Defendants proximately caused economic injury to Plaintiffs, are affecting commerce, have the capability to deceive an

ordinary consumer, are unscrupulous, immoral and oppressive, and constitute unfair and deceptive trade practices in N.C.G.S. 75-1 et seq., thereby entitling Plaintiffs to treble damages pursuant to N.C.G.S. 75-16, in excess of $10,000.

WHEREFORE , Plaintiffs pray to the Court as follows:

1. That Plaintiffs verified Complaint be treated as an affidavit upon which the Court may base future orders.
2. That Plaintiffs be awarded actual damages in an amount to be determined at trial, $4000 statutory damages per violation where it corresponds, and punitive damages pursuant to the violations of N.C.G.S. 75-50 et seq. alleged herein.
3. That the Plaintiffs be awarded litigation costs and reasonable attorney fees.
4. For an Order requiring Defendants to be enjoined from any further foreclosure actions against Plaintiffs residence.
5. For a trial by jury on all issues so triable.
6. For such other and further relief as the Court deems just and proper.

Respectfully submitted today, June 20, 2012

*[signature]*
GUSTAVO ROMANELLO

*[signature]*
ACELA ROMANELLO

# VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the 20 day of June, 2012

*Gustavo Romanello*

*Acela Romanello*

Gustavo Romanello / Acela Romanello

NOTARY PUBLIC

Sworn to and subscribed to me:

GUSTAVO ENRIQUE ROMANELLO & ACELA CRISTINA ROMANELLO

My commission expires:
SEP 21, 2013

VIVIANA MONROY DIAZ



VIVIANA MONROY DIAZ
Notary Public
North Carolina
Wake County