## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

GUSTAVO ROMANELLO    )
ACELA ROMANELLO,     )
               )
      PLAINTIFFS,  )
               )
   VS.         )     NO. 5:12-CV-00371-FL
               )
BANKUNITED, INC., TRUSTEE  )
SERVICES OF CAROLINA, LLC,  )
BROCK & SCOTT, PLLC, RAGSDALE )
LIGGETT, PLLC, ASHLEY H.   )
CAMPBELL,        )
               )
      DEFENDANTS.  )

## DEFENDANTS BROCK & SCOTT, PLLC AND TRUSTEE SERVICES OF CAROLINA, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Defendants Brock & Scott, PLLC ("B&S") and Trustee Services of Carolina, LLC ("TSC") (B&S and TSC collectively referred to as "Moving Defendants"), by and through their undersigned attorneys, and submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs, Gustavo Romanello and Acela Romanello, ("Plaintiffs") complaint ("the Complaint") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

1

## NATURE OF THE CASE

Plaintiffs bring the instant case in an attempt to forestall a foreclosure on the real property located at 5445 Thunderidge Dr., Raleigh, NC ("the Property") as well as recovering statutory damages. Plaintiffs' Complaint is short on facts but long on creative and incorrect interpretation of the statutes upon which Plaintiffs purportedly bases their claims. The initial failing of the Complaint is that it is impermissibly vague and fails to fairly apprise the Moving Defendants of the claims against them. Plaintiffs also fail to allege the minimum necessary factual support for their claims. Additionally, the various statutes cited by Plaintiffs could not, under any plausible set of circumstances, give rise to an actionable claim against Moving Defendants.

## STATEMENT OF FACTS

Plaintiffs' claims arise out of the origination, servicing, and initiation of foreclosure proceedings regarding a promissory note ("the Note") and deed of trust ("the Deed of Trust") executed by Plaintiffs on or about July, 2005. *See* Compl. ¶ 11. The Plaintiffs are owners of the Property subject to the Deed of Trust. *Id.* Plaintiffs state that they filed for bankruptcy in 2009 and the underlying debt contained in the Note was discharged in August 2009. *See* Compl. ¶ 13. Defendant B&S allegedly initiated foreclosure proceedings as counsel for Defendant TSC against Plaintiffs on or about January, 2011. *See* Compl. ¶ 14.

Plaintiffs generally contend that Moving Defendants (1) failed to provide a proper response to a "RESPA Qualified Written Request," "Notice of Dispute, and "Debt Validation Letter"; (2) Failed to "fulfill its obligation to act neutrally…"; (3) "introduced to the Wake County Superior Court a bogus Assignment of Note and Deed of Trust from the FDIC to BANKUNITED, INC;" and (4) general allegations of failure to perform various functions or duties as required by state or federal law. *See Generally*, Compl.

2

Based on these allegations, Plaintiffs contend that Moving Defendants committed violations the Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, N.C. Gen. Stat. § 45.21.1 *et seq*, and N.C. Gen. Stat. § 75-50 *et seq*. Plaintiffs also attempt to state a claim for fraud. *See* Compl. ¶ 19.

Aside from listing the various federal and state statutes upon which they complain, Plaintiffs provide very little information relevant to wrongdoing by Moving Defendants. Instead, the Complaint makes conclusory allegations and states elements of causes of action without alleging how their theories apply to their particular debt or Moving Defendant's alleged conduct. Plaintiffs' claims under the Fair Debt Collection Practices Act rely upon conclusions of law and fail to sufficiently plead actionable offenses by Moving Defendants. *See* Compl. ¶ 29, 30, 31, and 32.

Plaintiffs espouse baseless allegations regarding false representations about the debt, reckless misrepresentation, and refer to the unscrupulous or deceptive nature of Moving Defendants acts. *See* Compl. ¶ 39, 40, 42. These claims, and any other alleged claims arise from the Plaintiffs' allegations that Moving Defendants presented a "bogus" or "post-dated" assignment. *See* Compl. ¶ 23, 29.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, a court may dismiss a complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), see Exhibit A. A plaintiff must raise factual allegations which are "enough to raise a right to relief above the speculative level." *Id.*

While complaints filed by *pro se* litigants are to be liberally construed, they must still comply with Rule 8 of the Federal Rules of Civil Procedure. *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005), see Exhibit B. A *pro se* plaintiff cannot merely give conclusory statements, but must "allege with specificity some minimal level of factual support" in order for a party to avoid a dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), see Exhibit C; *see also Weller v. Dept. of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990), ("While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (emphasis added), see Exhibit D.

## ARGUMENT

I.   **PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (FIRST CAUSE OF ACTION)**

Plaintiffs contend Moving Defendants violated the Fair Debt Collection Practices Act by "failing to cease collection efforts until debt is validated," by using "unfair or unconscionable means to collect or attempt to collect the alleged debt (with a post-dated assignment)", "the use of any false representation or deceptive means to collect or attempt to collect any debt," " by falsely representing the character, amount or legal status of any debt," and "by threatening to take any action that cannot legally be taken or that is not intended to be taken." *See* Compl. ¶ 26, 29-32.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  Under the FDCPA, the definition of debt collector excludes "any person collecting or attempting to collect any debt owed . . . to the extent that such activity . . .

4

concerns a debt which was not in default at the time it was obtained . . ." 15 U.S.C. §1692(e).

Plaintiffs have alleged in the complaint purported wrong-doings and quoted language from the Fair Debt Collection Practices Act without providing factual allegations to support the legal conclusions contained therein. Plaintiffs fail to offer factual support for their allegation that the assignment was "bogus" or "post-dated." Further all of the alleged wrong-doings of Moving Defendants are derived from Plaintiffs' unsupported allegations regarding the assignment, and the contentions that the alleged Qualified Written Request, Notice of Dispute, Debt Validation Letter ("QWR") was not appropriately responded to.  Plaintiffs fail to offer factual support for any for these allegations either.

When responding to a QWR under the Real Estate Settlement Procedures Act, the servicer is required to: (A) Make corrections, credit any penalties, and sent written notification of corrective action; or (B) conduct an investigation and, if the account is correct, send a written statement of the reasons why the account is correct. 12 U.S.C. § 2605(e)(2). Plaintiffs have failed to attach a copy of their QWR or the response they received from their QWR as exhibits to the Complaint. Instead they have stated they failed to receive a proper validation of debt and full responses to their request. Plaintiffs have thus failed to provide any factual support for their baseless allegations and thus this cause of action must fail.

The remaining claims of the Plaintiffs arising under this cause of action are based on the alleged fraudulent transfer of the underlying note, or in the alternative, the fraudulent assignment of the Note and Deed of Trust from BankUnited, FSB to BankUnited, Inc.  Plaintiffs have failed to specify any facts, factual basis, or scenarios on which their allegations could be founded. Plaintiffs have made conclusory statements and allegations without a scintilla of factual support

necessary to support these claims. Accordingly, any claim based on the Fair Debt Collection Practices Act as it relates to Moving Defendants fails and must be dismissed.

## II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NORTH CAROLINA DEBT COLLECTION ACT (SECOND CAUSE OF ACTION)

As to Moving Defendants, Plaintiffs' sole claim under this cause of action alleges that they "violated NCGS 75-54 (4) that prohibits falsely representing the character, extent or amount of debt or of its status in any legal proceeding." *See* Comp. ¶ 36.

Plaintiffs have failed to plead any specific factual allegations with regard to the claim under N.C. Gen. Stat. 74-54 (4). Plaintiffs have not made any allegations enumerating any instances where Moving Defendants falsely represented the character, extent or amount of debt, or its status in any legal proceeding. Since Plaintiffs have failed to plead any specific factual allegations regarding their false representation of the character, extent or amount of the debt, Plaintiffs have failed to establish a *prima facie* cause of action. Accordingly, any claim based upon a purported violation of the North Carolina Debt Collection Act fails and must be dismissed.

## III.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

As to Moving Defendants, Plaintiffs' claims under this cause of action allege that Moving Defendants "misrepresentations were intentional, reckless and in total disregard of Plaintiffs [sic] civil rights, and were a material fact in convincing the Clerk of Court and the Superior Court Judge to proceed with the foreclosure of Plaintiffs' home," and that Moving

6

Defendants' "conduct constituted unfair or deceptive acts or practices pursuant to N.C.G.S. 75 1.1" *See* Compl. ¶ 39, 40.

To recover under North Carolina's Unfair and Deceptive Trade Practices Act, "one must show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception." *Cameron v. Martin Marietta* Corp., 729 F.Supp. 1529 (1990), see Exhibit E, (citing *Barolomeo v. S. B. Thomas, Inc*., 889 F.2d 530, 534 (4th Cir. 1989), see Exhibit F). Plaintiffs have not established any factual basis for the allegations in the complaint, nor shown that the acts complained of possessed such tendency or capacity to mislead, or created the likelihood of deception. Plaintiffs have not with any specificity identified any intentional reckless conduct on behalf of Moving Defendants. The allegation that conduct constituted unfair or deceptive acts or practices is a conclusion of law. Plaintiffs have failed to plead with sufficiency any factual allegations to form a basis for relief under their claim for this cause of action under the North Carolina Unfair and Deceptive Trade Practices Act. Accordingly any claim arising under this cause of action fails and must be dismissed.

IV.     **CONCLUSION**

For the reasons set forth above, this Court should dismiss with prejudice all counts in Plaintiff's Complaint and award Moving Defendant's any relief that the Court deems appropriate.

(Signature on following page)

7

Respectfully submitted this 31st day of August, 2012.

                                          BROCK & SCOTT, PLLC

BY:     /s/ Travis E. Menk
          Travis E. Menk N.C. Bar No. 36246
          Brock & Scott, PLLC
          5121 Parkway Plaza Blvd.,
          Charlotte, NC 28217
          704-643-0290 (Phone)
          704-553-7225 (Fax)
          Travis.Menk@BrockandScott.com
          Counsel for Brock & Scott, PLLC &
          Trustee Services of Carolina, LLC

8

# EXHIBIT INDEX

Exhibit A                                              Page 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).


Exhibit B                                              Page 4

*Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005)


Exhibit C                                              Page 4

*White v. White*, 886 F.2d 721, 724 (4th Cir. 1989)


Exhibit D                                              Page 4

*Weller v. Dept. of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990)


Exhibit E                                              Page 7

*Cameron v. Martin Marietta* Corp., 729 F.Supp. 1529 (1990)


Exhibit F                                              Page 7

*Barolomeo v. S. B. Thomas, Inc*., 889 F.2d 530, 534 (4th Cir. 1989)

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

GUSTAVO ROMANELLO )
ACELA ROMANELLO, )
                     )
              PLAINTIFFS, )
                     )
       VS. )               NO. 5:12-CV-00371-FL
                     )
BANKUNITED, INC., TRUSTEE )
SERVICES OF CAROLINA, LLC, )
BROCK & SCOTT, PLLC, RAGSDALE )
LIGGETT, PLLC, ASHLEY H. )
CAMPBELL, )
                     )
            DEFENDANTS. )

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2012, a copy of the foregoing pleading, with any and

all attachments, was filed electronically with the clerk of court via ECF and served via First-

Class Mail, postage prepaid, addressed to:

Gustavo Romanello           Ragsdale Liggett, PLLC
Acela Romanello              2840 Plaza Place, Suite 401
5445 Thunderbridge Dr.      Raleigh, NC 27612
Raleigh, NC 27610

BankUnited, Inc.             Ashley H. Campbell
7815 NW 148 ST.           2840 Plaza Place, Suite 401
Miami Lakes, FL 33016       Raleigh, NC 27612

                                 BROCK & SCOTT, PLLC

                                 BY:    /s/ Travis E. Menk
                                       Travis E. Menk