IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, <br> Plaintiffs, <br><br> v. <br><br> BANKUNITED, INC., TRUSTEE SERVICES OF CAROLINA, LLC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC and ASHLEY H. CAMPBELL, <br><br> Defendants. | Case No. 5:12 CV 371-FL <br><br> BRIEF OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT |

Defendants Ragsdale Liggett, PLLC ("Ragsdale") and Ashley H. Campbell ("Campbell") (jointly "Defendants"), by and through counsel, respectfully submit this brief in support of their Motion to Dismiss filed in lieu of an answer to Plaintiffs' Amended Complaint.

## INTRODUCTION

Plaintiffs filed an Amended Complaint on July 31, 2012 alleging that Defendants violated the Fair Debt Collection Practices Act and the North Carolina Debt Collections Act. *See* Plaintiff's Amended Complaint ("Am. Compl.") ¶¶ 25-37. Plaintiffs' Amended Complaint, however, is devoid of any factual allegations to support the necessary legal conclusions that Defendants are debt collectors under either federal or North Carolina law, that Defendants were attempting to collect a debt from Plaintiffs or that Defendants engaged in prohibited acts. For these reasons, Plaintiffs' Amended Complaint must be dismissed.

## FACTUAL ALLEGATIONS

Plaintiffs make the following factual allegations as to Ragsdale and Campbell:

1. That Ragsdale is a corporation located in Raleigh, North Carolina. Am. Compl. ¶. 5

2. That Campbell is a partner at Rasgdale. *Id.* at 6.

3. That Ragsdale and Campbell are debt collectors as those terms are defined by federal and North Carolina law. *Id.* at 8.

4. That, on August 29, 2011, Ragsdale and Campbell introduced a "bogus" assignment during a foreclosure appeal hearing in Wake County Superior Court, which made it appear as though BankUnited had a right to foreclose, when in fact BankUnited "lacked standing." *Id.* at 23.

5. *Plaintiffs'* attempts to communicate with Ragsdale and Campbell to "validate the alleged debt have been in vain." *Id.* at 24 (Emphasis added).

Plaintiffs then claim that these facts support the necessary legal conclusions that Ragsdale and Campbell:

1. Violated the Fair Debt Collection Practices Act ("FDCPA") by:
    a. Failing to state the amount of the debt. *Id.* at ¶ 27
    b. Failing to name the creditor to whom the debt is owed. *Id.*
    c. Failing to inform the Plaintiffs of their right to dispute the debt. *Id.*
    d. Failing to inform the Plaintiffs of their right to have verification of the debt mailed to them. *Id.*
    e. Failing to "warn '[t]his is an attempt to collect a debt' in their communications." *Id.* at ¶ 28.
    f. Failing to cease collection efforts until the debt was validated. *Id.* at ¶ 26.
    g. Using unfair or unconscionable means to attempt to collect the alleged debt with a post-dated assignment. *Id.* at ¶ 29
    h. Using a false representation or deceptive means to collect a debt. *Id.* at ¶ 30.
    i. Falsely representing the character, amount or legal status of a debt. *Id.* at ¶ 31.

2

j. Threatening to take legal action that "cannot legally be taken." *Id.* at ¶. 32.

2. Violated the North Carolina Debt Collection Act by:

a. "Failing to disclose in communications that they were a debt collector attempting to collect a debt." *Id.* at 35.

b. Falsely representing the character, extent or amount of debt or of its status in a legal proceeding. *Id.* at 36.

## ARGUMENT

The Plaintiffs' factual allegations as they relate to Ragsdale and Campbell are insufficient to state a cause of action against these Defendants.[1] For this reason, the Amended Complaint must be dismissed as to Ragsdale and Campbell. To state a cause of action under the FDCPA, Plaintiffs must adequately allege that (1) they were the subject of collections activity as a result of a consumer debt, (2) that Ragsdale and Campbell are debt collectors as that term is defined by the FDCPA, and (3) that Ragsdale and Campbell engaged in acts or omissions prohibited by the FDCPA. *See* 15 U.S.C. § 1962 (2012); *see also Johnson v. BAC Home Loans Servicing, LP*, *2011*WC 4550142, ___ F. Supp. 2d ___ (E.D.N.C. Sept. 29, 2011).

Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule requires more than a "blanket assertion" of a right to relief. *Johnson*, ___-F.Supp.2d___; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The Plaintiff must set forth the specific facts that he claims entitle him to the relief he seeks. *See Id.* A mere "formulaic recitation of a cause of action's elements will not do." *Id.* All legal conclusions must be supported by factual allegations. *Id.* Moreover,

---

[1] Allegation number 3, that Campbell and Ragsdale are debt collectors, is a conclusory allegation which is not a fact entitled to the assumption of truth in a Motion to Dismiss, for reasons explored more thoroughly below. *See Johnson v. BAC Home Loans Servicing, LP*, 2011 WL 4550142, ___ F. Supp. 2d ___(E.D.N.C. Sept. 29, 2011)

3

while a *pro se* complaint is subject to a less stringent standard when evaluated for conformity with the Federal Rules of Civil Procedure, a complaint that is bare of necessary factual allegations sufficient to support the essential elements of a claim should be dismissed. *See Booker v. Washington Mut. Bank, F.A.*, 375 F.Supp. 2d 439 (M.D.N.C. Feb.11, 2005).

### 1. Plaintiffs have not alleged that Ragsdale and Campbell attempted to collect a consumer debt from them.

Congress established the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Specifically, the FDCPA prohibits, *inter alia*, the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive or misleading representations or means, 15 U.S.C. §1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt, and requires a debt collector to provide a validation notice, 15 U.S. C. §1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. See 15 U.S.C. §1692k.

There are no allegations in the Amended Complaint that Ragsdale or Campbell ever attempted to collect a debt from Plaintiffs. Moreover, there are no allegations that these Defendants ever communicated with the Plaintiffs regarding a consumer debt. The Plaintiffs allege that they attempted to communicate with Rasgdale and Campbell about the debt, not the other way around. *See* Am. Compl. ¶24 (Plaintiffs' attempts to communicate with Ragsdale and Campbell to "validate the alleged debt have been in vain." (Emphasis added)). Absent any allegations that Ragsdale or Campbell communicated with the Plaintiffs in an attempt to collect a debt from them, the Plaintiffs' Amended Complaint against these Defendants fails. Therefore, the Amended Complaint should be dismissed.

### 2. Plaintiffs have made no factual allegation to support the necessary legal conclusion that Ragsdale and Campbell are debt collectors.

4

Case 5:12-cv-00371-FL   Document 27   Filed 09/04/12   Page 4 of 10

15 U.S.C. § 1962(e) defines a debt collector as follows:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

While the Fourth Circuit has recognized that in some instances a lawyer representing a client in a foreclosure sale may qualify as a debt collector, a Plaintiff must allege facts sufficient to support the legal conclusion that the defendant was in fact acting as debt collector in this transaction. *See Wilson v. Draper*, 443 F.3d 373 (2006)(concluding that the trustee acted as a debt collector when the trustee sent correspondence and other communications to the debtor alleging default under the note and deed of trust, but further providing that "[o]ur decision is not intended to bring every law firm engaging in foreclosure proceedings under the ambit of the Act.).

Plaintiffs have not alleged that Ragsdale or Campbell used interstate commerce or the mail to communicate with them, that Ragsdale or Campbell regularly collect or attempt to collect debts, or that Ragsdale or Campbell attempted to collect a debt from Plaintiffs in this instance. Plaintiffs' factual allegations are simply insufficient to support the conclusion that Ragsdale or Campbell are debt collectors. For this reason, the Amended Complaint should be dismissed.

### 3. Plaintiffs have not alleged that Ragsdale and Campbell engaged in acts prohibited by the FDCPA.

The Plaintiffs' allegations are insufficient to form a basis for concluding that Campbell and Ragsdale engaged in acts prohibited by the FDCPA. Here, Plaintiffs have alleged nothing more than that Campbell provided an assignment to the Wake County Superior Court during a foreclosure hearing, which assignment Plaintiffs contend was "bogus".[2] Plaintiffs make no

---

[2] The Honorable Robert H. Hobgood presided over the hearing and concluded by Court order dated September 7, 2011 that sufficient grounds existed for the foreclosure to proceed. A true and accurate copy of that order is

5

allegation that Campbell or Ragsdale misrepresented the existence or validity of their debt to the Court. Rather, Plaintiffs' claim that BankUnited did not have "standing," i.e., was not the holder of the note, therefore entitling it to foreclose under the deed of trust

Where the claims rest on the "insufficiency of documentation supporting the underlying state court action," rather than a claim that Ragsdale or Campbell misrepresented the Plaintiffs' actual debt, the allegations are inadequate to state a claim under the FDCPA. *Johnson*, ___ F.Supp. 2d ___; *see also Popson v. Galloway*, 2010 WL 2985945, at * 5-6 (W.D.Pa. 2010)(holding that plaintiff's allegations that the defendant proceeded with the action without documentation showing purchases, payments, interest and late charges thus making it difficult for the borrower to determine her debt was insufficient to state a claim under the FDCPA). Moreover, a Court may dismiss a FDCPA claim if the alleged facts do not show harassment or abuse of the debtor. *Harvey v. Great Seneca Fin. Corp* 453 F. 3d 324 (6th Cir. 2006). Harassment and abuse includes threats of violence, obscene phone calls or devices used to embarrass or harass the debtor.

Plaintiffs' Amended Complaint contains no allegations that Ragsdale or Campbell ever harassed or threatened them or misrepresented the existence or validity of a debt owed by them to the Court. The Plaintiff's F.D.C.P.A. allegations against these Defendants rest solely upon the sufficiently of the documentation supporting the underlying state Court action. In such instances, Federal Court's have not hesitated to dismiss such claims. See *Harvey v. Great Seneca Fin. Corp* 453 F. 3d 324 (6th Cir. 2006). For this reason, the Amended Complaint should be dismissed.

---

attached to this Motion as Exhibit A. The Court may consider official public records and court documents central to the Plaintiffs' claims when authenticity of those documents is not in dispute. *Witthohn v. Fed. Ins. Co.*, 164 Fed.Appx. 395, 396 (4th Cir. 2006). below. *See Johnson v. BAC Home Loans Servicing, LP*, 2011 WL 4550142, ___ F. Supp. 2d ___ (E.D.N.C. Sept. 29, 2011)

6

Case 5:12-cv-00371-FL   Document 27   Filed 09/04/12   Page 6 of 10

### 4. Ragsdale and Campbell are exempt under the North Carolina Debt Collections Act.

Even if Plaintiffs had alleged sufficient facts to support a cause of action against Ragsdale and Campbell, those parties would be exempt under the North Carolina Debt Collections Act ("Act"). While law firm and lawyers practicing in North Carolina may be debt collectors as that term is defined by the Act, lawyers rendering professional services for their clients are "learned professionals" exempt from liability for unfair debt collection practices under the Act. *Reid v. Ayers,* 138 N.C. App. 261, 531 S.E.2d 231 (2000).

Campbell was acting as counsel for BankUnited at the foreclosure hearing. As such, Campbell, and her firm, were engaged in the act of rendering professional services for their client, BankUnited. As such, both parties are exempt from the requirements of the Act. Therefore, any claims under the Act should be dismissed.

### CONCLUSION

For the reasons listed above, Defendants Ragsdale and Campbell respectfully request that the Court dismiss the Plaintiffs' cause of action against them pursuant to Rule b(6) of the Rules of Civil Procedure with Prejudice.

This the 4th day of September, 2012.

                                                             MANNING FULTON & SKINNER, P.A.

                By:    /s/ J. Whitfield Gibson
                        Robert S. Shields Jr., Esq. NCSB #10034
                        J. Whitfield Gibson, NCSB #41261
                        3605 Glenwood Avenue, Suite 500
                        Raleigh, NC 27612
                        Phone: (919) 787-8880
                        Facsimile: (919) 325-4621
                        *Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **BRIEF IN SUPPORT OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL'S MOTION TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT** was filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following

Gustavo Romanello
Acella Romanello
5448 Thunderidge Drive
Raleigh, NC 27610
*Pro Se Plaintiffs*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Brock & Scott, PLLC*

Sean Partrick
Yates McLamb & Weyher, L.L.P.
421 Fayetteville Street, Suite 1200
Raleigh, NC 27601
*Counsel for BankUnited*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Trustee Services of the Carolinas, LLC*

This the 4th day of September, 2012.

                                                **MANNING FULTON & SKINNER, P.A.**

By: /s/ J. Whitfield Gibson
Robert S. Shields Jr., Esq. NCSB #10034
J. Whitfield Gibson, NCSB #41261
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612
Phone: (919) 787-8880
Facsimile: (919) 325-4621
*Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*

10