UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, ) ) ) Plaintiffs, ) ) vs. ) ) BANKUNITED, INC., BROCK & SCOTT, ) PLLC., RAGSDALE LIGGETT, PLLC., ) ASHLEY H. CAMPBELL. ) ) Defendants. ) ) | **MOTION TO DISMISS** |

Now Comes Defendant denominated in the Complaint as BankUnited, Inc. (BankUnited), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court for an Order that all claims alleged by Plaintiffs in this matter against BankUnited be dismissed for failure to state a claim upon which relief can be granted. In support of this Motion, BankUnited respectfully shows the Court as follows:

1.  Plaintiffs Gustavo and Acela Romanello filed the present civil action alleging claims based on (1) the Fair Debt Collection Practices Act (15 U.S.C. 1692 *et. seq.*) (FDCPA); (2) the North Carolina Debt Collection Act (N.C. Gen. Stat. §75-50 *et. seq.*) (NCDCA), and (3) Unfair or Deceptive Trade Practices (N.C. Gen. Stat. §75-1.1 *et. seq.*) (UDTP). These claims purportedly arise out of foreclosure proceedings involving the parties in this case.

2.  Plaintiffs allege that they owned certain real property and that sometime in July 2005 they signed a promissory note and deed to trust related to that purchase.

3.  Plaintiffs allege that they filed for bankruptcy in May 2009 and they allege that any promissory note or deed of trust was discharged in bankruptcy in August 2009.

4. Plaintiffs allege that in January 2011, the Defendants initiated foreclosure proceedings against them related to the real property described in their Complaint.

5. Shortly after the foreclosure proceedings began, Plaintiffs "requested a verification of the alleged debt" from BankUnited and others. Plaintiffs admit that they received a statement of monthly payments due after their request for a verification.

6. Plaintiffs then allege that the Defendants, including BankUnited, continued to seek court approval of the foreclosure sale in May through August, 2011.

7. Plaintiffs then allege that during the foreclosure proceedings in Court, the Defendants, including BankUnited, introduced a "bogus" Assignment of Note and Deed of Trust from the FDIC to BankUnited. Plaintiffs allege that this document somehow creates a defect in the chain of title that affects foreclosure proceedings. Since Plaintiffs' Complaint refers to this document as a substantial basis for their claims against BankUnited, a copy of the assignment is attached hereto as Exhibit A.

8. Most importantly, Plaintiffs allege that they have made several attempts to communicate with the Defendants but without any response. (See Comp. ¶24).

9. Plaintiffs cannot pursue an FDCPA claim against BankUnited because BankUnited is not a debt collector as defined by 15 U.S.C. §1692a(6) as one who collects the debt of another. BankUnited is not in the business of debt collection. Plaintiffs have not alleged that BankUnited is trying to collect the debts of another. Further, BankUnited would be except from the FDCPA as it would be considered a person collecting or attempting to collect any debt owned or due or asserted to be owed or due another to the extent that such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement. 15 U.S.C. §1692a(6)(F).

10. Plaintiffs cannot pursue an FDCPA claim against BankUnited because they have not alleged any "communication" by BankUnited as defined by 15 U.S.C. §1692a(2).

11. Plaintiffs cannot pursue a NCDCA claim against BankUnited because it is not a "debt collector" as defined under N.C. Gen. Stat. §75-50(3) as an person engaging in debt collection from a consumer, except those under Article 70, Chapter 58 of the North Carolina General Statutes.

12. Plaintiffs cannot pursue a NCDCA claim against BankUnited because they have not alleged any act that would qualify as a violation of the NCDCA. The only alleged violation of the NCDCA by BankUnited is an allegation that BankUnited misrepresented the character, extent or amount of the debt or of its status in any legal proceeding. The only legal proceeding alleged in the complaint is the foreclosure proceeding where an assignment from the FDIC in favor of BankUnited was presented. See Exhibit A and Exhibit B. Exhibit A, the assignment of the note and deed of trust relating to the Romanello loan and property, was signed by the FDIC under oath. It establishes as a matter of law that the assignment of the BankUnited, FSB assets by the FDIC to BankUnited is valid and that there was no misrepresentation of the character, extent or amount of the debt in the foreclosure proceeding. Exhibit B, a September 7, 2011 Order entered in Wake County Civil Superior Court, establishes that BankUnited was the proper holder of the note and could proceed with foreclosure proceedings related to the Romanellos' real property.

13. Because the Plaintiffs have failed to allege any viable claim against BankUnited under the FDCPA or the NCDCA, Plaintiffs cannot set forth a viable UDTP claim against BankUnited based on these same allegations.

This the 4th day of September, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5445 Thunderidge Dr., Raleigh, NC 27610

This the 4th day of September, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910