IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DISTRICT

FILED
OCT 09 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Gustavo Romanello, et al.    )
                             )
        V.                   )    Civil Case No. 5:12 cv 371 FL
                             )
BankUnited, Inc. et al.      )

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS

To this Court's Honorable United States District Judge:

COMES NOW the Plaintiffs, Gustavo and Acela Romanello, who hereby submit their response to Defendants' Motion to Dismiss and state as follows:

I. INTRODUCTION

1. On June 20, 2012 Plaintiffs filed a lawsuit for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Sec. 1692 et seq., North Carolina Prohibited Acts by Debt Collectors Act (NCDCA) (NCGS 75-50 et seq.), and the N.C. Unfair Trade Practices Act (NCGS 75-1.1) against the Defendants.

2. On July 30, 2012 Plaintiffs filed a Motion to Amend the Case Caption.

3. On August 31, 2012 Defendants Brock & Scott, Pllc and Trustee Services of Carolina Llc, filed a Motion to Dismiss pursuant to FRCP 12 (b)(6).

4. On September 4, 2012 Defendant BankUnited, Inc. filed a Motion to Dismiss pursuant to FRCP 12 (b)(6).

5. On September 4, 2012 Defendants Ragsdale Liggett Pllc. and Ashley H. Campbell filed a Motion to Dismiss pursuant FRCP 12 (b)(6).

6. On September 24, 2012 Plaintiffs filed a Motion for Extension of Time to respond to Motions to Dismiss.

7. On October 8, 2012 Plaintiffs timely file this Response to Def. Motion to Dismiss.

## II. ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant notice of what the...claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

A complaint attacked by Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the ground on which the claim rests." Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009).

While "mere labels and conclusions" will not satisfy a plaintiffs burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id.

A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009). A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

When considering Defendant's motions, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiffs. In Re Stac Elec. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996); Jones v. General Electric Co., 87 F. 3d 209, 211 (7th Cir 1996).

In this present case, Plaintiffs alleged violations of the FDCPA 15 USC 1692 g (b) in that Defendants failed to cease collection efforts until the debt was validated. See Exhibit A- QWR/Debt Validation.

Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Sup. 2000).

The Appointment of Substitute Trustee was filed on February 9, 2011 and the QWR was dated February 25, 2011, and was well within the 30 days allowed by law to dispute the debt. See Exhibit B- Appointment of Substitute Trustee.

Defendants BankUnited(no Creditor, not my Lender), Trustee Services of Carolina and Brock & Scott admit in letters that they're debt collectors attempting to collect a debt. See Exhibit C- BankUnited default letter and Exhibit D- Trustee Svces/Brock & Scott letter.

All Defendants violated 15 USC 1692 (f), unfair or unconscionable means to collect or attempt to collect the alleged debt, in that, they produced 6 months after starting the foreclosure proceedings, an Assignment of the Note and Deed of Trust, thereby proving that the debt was in default when the Assignment was obtained on August 22, 2012, and also proving that the bank lacked standing at the commencement of foreclosure and at the hearing with the County Court Clerk. See Exhibit E- Assignment.

Defendants violated 15 USC 1692 e(2), in that they falsely represented the character, amount or legal status of the debt, by not answering the QWR in a responsible way, and fixing any errors, Plaintiff had to pay hundreds of dollars for a forensic audit that showed thousands of dollars difference in the finance charge total, when as per T.I.L.A. laws there should be a difference of no more than $35. See Exhibit F- Consumer Audit.

Defendants BankUnited and Trustee Services of Carolina Llc violated the N.C. Unfair Trade Practices Act by their unfair and deceptive acts and practices pursuant to NCGS 75 1.1, in that their reckless and without disregard conduct, was a material fact by convincing the Clerk of County Court and the Superior Court Judge to proceed with the foreclosure of Plaintiff's home, against N.C. General statute 45-21.16(d), when they lacked standing in the proceedings, showing an Assignment done 6 months after commencement.

That caused Plaintiffs mental anguish, marital problems, emotional distress, and other damages in an amount proven at trial by the jury.

Another example of violations of USC 1692 f and NCGS 75 1.1, is the reckless and irresponsible way of handling this foreclosure, is in that is clearly seen that the person that did the Affidavit of Debt, Foreclosure Analyst Cesar Romero, is without doubt BankUnited's in-house ROBO-SIGNER BECAUSE HIS HANDWRITING IS ALL OVER the

Appointment of Substitute Trustee, showing a definite issue of not trusting that the signature of Tim Reilly is his real signature in both, the Appointment of Substitute Trustee and his signature in the Assignment of Note and Deed of Trust.

They're definitely two different signatures!!. See Exhibit G- Affidavit of Debt

That can be explained very easily: Senior V.P. Tim Reilly lives in Jacksonville, Fla., 400 miles away from Miami, Fla, where Cesar Romero signed for him. See Exhibit H- Tim Reilly Linkedin and Exhibit I- Cesar Romero Linkedin.

While the Court is not necessarily bound to accept the Plaintiffs descriptions as true relating to the Defendants, (Iqbal, 556 U.S. at 678), the Court should follow more lenient guidelines at this starting juncture of the proceedings in light of the Plaintiffs Pro Se status and the Court must hold them to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

The Court should grant the Plaintiffs leave to amend to correct any obvious deficiencies. In this case Plaintiffs have stated facts that would indicate that there is enough reason to pursue the production of further evidence through discovery that would justify the Plaintiffs claim of Defendants having several violations of the law.

The Supreme Court in Haines v. Kerner recognized the fact that pro se litigants are not trained to the same standard as Bar licensed attorneys.

The Court should allow Plaintiff to amend their complaint to correct deficiencies so that justice may be properly served for ALL parties to the action." Because the FDCPA, like the Truth in Lending Act, is a remedial statute, it should be construed liberally in favor of the consumer", Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

It is paramount that this ability of the pro se litigant to have some leniency from the Court be preserved to foster justice and follow through on the intent of Congress, especially now with the incredible proliferation of blatant fraud in the mortgage industry that's been documented and exposed nationwide, being perpetrated on the consumers of America by the bankers and debt collectors through their oftentimes unconscionable behavior and tactics. Plaintiff make a request at the present time in this answer to Motion to Dismiss, that if the court found that they failed to state a claim, that they be given leave of court to file an amended pleading and allow their cause of action to go forward on the merits.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court deny the Defendants motion to dismiss and to grant them leave to amend their complaint to correct any deficiencies so justice may properly be served.

Respectfully submitted,



Acela Romanello

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that on October 8th, 2012, a copy of the foregoing Plaintiffs Response to Defendants Motion to Dismiss was served upon all parties to this action as follows:

| | |
|---|---|
| 1 | Sean T. Partrick |
| 2 | YATES McLAMB & WEYHER, LLP |
| 3 | 421 Fayetteville St., ste. 1200 |
| 4 | |
| 5 | Raleigh, NC 27610 |
| 6 | Counsel for BankUnited, Inc |
| 7 | |
| 8 | Travis E. Menk |
| 9 | 5121 Parkway Plaza Blvd., ste. 300 |
| 10 | Counsel for Brock & Scott, Pllc and |
| 11 | |
| 12 | Trustee Services of Carolina, Llc |
| 13 | |
| 14 | J. Whitfield Gibson      Robert S. Shields |
| 15 | MANNING FULTON & SKINNER, P.A. |
| 16 | 3605 Glenwood Ave. ste 500 |
| 17 | |
| 18 | Raleigh, NC 27612 |
| 19 | Counsels for Ragsdale Liggett, PLLC |
| 20 | |
| 21 | This October 8th, 2012 |
| 22 | |
| 23 | *[signature]* |
| 24 | ———————————— |
| 25 | 5445 Thunderidge dr |
| 26 | Raleigh, NC 27610 |
| 27 | tangogaucho@gmail.com |
| 28 | |