UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | )<br>)<br>) |
| Plaintiffs, | )<br>) **DEFENDANT BANKUNITED, INC.'S** |
| vs. | ) **REPLY IN SUPPORT OF**<br>) **MOTION TO DISMISS;** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **MOTION TO STRIKE; AND**<br>) **OPPOSITION TO PLAINTIFF'S**<br>) **MOTION TO AMEND**<br>) |
| Defendants. | )<br>) |

Defendant BankUnited, Inc. ("BankUnited") hereby submits this Reply in Support of BankUnited's Motion to Dismiss. Further, for the reasons discussed below, BankUnited moves to strike portions of the Response to BankUnited's Motion to Dismiss (the "Response") filed by the above-captioned plaintiffs (the "Plaintiffs") on October 9, 2012, and opposes the Plaintiffs' motion to amend the complaint included within the Response.

## STATEMENT OF THE CASE

Plaintiffs commenced a civil action by filing a Complaint (the "Complaint") and Civil Summons in the United States District Court, Eastern District of North Carolina on or about July 30, 2012. Defendant BankUnited, Inc. was served with a copy of the Civil Summons and Complaint on August 14, 2012. In response to that Complaint, on September 4, 2012, BankUnited, Inc. timely filed and served its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On October 9, 2012, Plaintiffs filed the Response, attaching and making reference to several documents that were never included with their Complaint (the

"Exhibits"). In the Response, the Plaintiffs also moved to amend the Complaint to include the Exhibits and "to correct any deficiencies."

## STATEMENT OF THE FACTS

The Statement of the Facts is set forth in BankUnited's Memorandum of Law in Support of its Motion to Dismiss, and is fully adopted and incorporated herein.

## STANDARD OF REVIEW

In assessing a Motion to Dismiss under a Rule 12(b)(6), a court takes all factual allegations as true and it then determines if the complaint contains sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Threadbare assertions of the elements of a claim that are only supported by mere conclusory statements will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## ARGUMENT

BankUnited fully adopts and incorporates herein all argument set forth in its Memorandum of Law in Support of its Motion to Dismiss. In addition, BankUnited responds to matters first raised in the Response as follows:

**I.     The Exhibits attached to Plaintiffs' Response should be stricken**

A motion to dismiss pursuant to Rule 12(b)(6) tests the "sufficiency of the plaintiff's claim for relief," and a court "may consider only matters properly part of the complaint or pleadings" in deciding the merits of the motion. *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001) (citations omitted); *see also* FED. R. CIV. P. 12(d). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).    However, if a court is presented with appended material that it considers to be outside the pleadings, the court may also strike the

materials and consider the motion as a motion to dismiss under Rule 12(b)(6). *Willcox v. Tennessee Dist. Attorneys General Conference*, 2008 WL 4510031, at *2 (E.D. Tenn. Jan. 9, 2009). Specifically, "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings." *McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) (citing *Harper v. Lawrence County*, 592 F.3d 1227, 1232 (11th Cir. 2010). The Fourth Circuit has explained that "'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required." *Id.*

While the Fourth Circuit does not appear to have taken a position on this issue, there is authority from other circuits that indicates that a court may treat certain additional documents as part of the pleadings, but only if those documents are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *see also, Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). For example, in *Willcox*, the plaintiff brought suit against her former employer for failing to pay accrued comp time upon her termination, in violation of federal and state statutes. *Willcox*, 2008 WL 4510031 at *2. The defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6). *Id.* In her response in opposition to the motion to dismiss, plaintiff attached (1) an affidavit by plaintiff regarding the alleged facts of the case, (2) plaintiff's daily attendance record for August 2006, (3) plaintiff's leave request for July 3 through 7, 2006, (4) plaintiff's leave request for May 26 to June 6, 2006 (marked as comp time), (5) plaintiff's employee leave balance for the fiscal year July 1, 2006 through June 30, 2007, (6) a notice of termination for employee Gary Fox, (7) the October 11, 2006 memorandum outlining the conference's comp time policies, (8) payment of comp leave to Dennis Moldenhauer, (9) letter from plaintiff to defendant Kirby, (10) an apparent

email from plaintiff to Kirby, (11) a letter from Kirby to plaintiff, and (12) plaintiff's annual leave request for 2006 indicating comp time of 621 hours. *Id.* The court found that while these materials were "certainly relevant to plaintiff's claim, it [was] not clear that they [were] 'central to her claim' and specifically referred to in the complaint." *Id.* Therefore, the court found the materials to be outside the pleadings, and refused to consider them in ruling on the motion to dismiss. *Id.*

Plaintiffs may argue that their *pro se* status entitles them to leniency with regard to application of the legal principles in this case. However, when presented with a similar situation, the Northern District of Virginia declined to consider materials appended to a *pro se* litigant's response to the defendant's motion to dismiss the complaint. In *Dickens v. Werner Enterprises, Inc.*, 2012 WL 3061503 (N.D.W.V. July 26, 2012), the plaintiff, proceeding *pro se*, commenced a lawsuit in state court. *Dickens*, 2012 WL 3061503 at *1. The defendant removed the case to federal court, and subsequently filed a motion to dismiss under Rule 12(b)(6). *Id.* The court advised the plaintiff of his right to file any opposition to the motion, and the plaintiff timely filed a response, attaching eleven exhibits that were never attached to the complaint. *Id.* Notwithstanding the plaintiff's *pro se* status, the court found that such attachments constituted "matters outside the pleadings," which it would not consider when ruling on the defendant's motion to dismiss. *Id.*

In this case, the Plaintiffs have attached nine exhibits to their Response that were never attached to the Complaint, and use these as the basis for their argument that their Complaint should not be dismissed. While some of these documents are referred to in the Complaint, none of them are "central" to the Plaintiffs' claim. In fact, as discussed in further detail below,

BankUnited would argue that most of the Exhibits support BankUnited's argument that the Plaintiffs' claims should be dismissed.

Thus, because the Exhibits were never attached to the Complaint, and because they are not central to the Plaintiffs' claim, but rather favor BankUnited's position that the Complaint should be dismissed, they are materials "outside the pleadings," and the Court should not consider them when ruling on the Motion to Dismiss.

## II. Plaintiffs' Motion to Amend the Complaint should be denied because amendment would be futile

In the Response, Plaintiffs also appear to move for leave to amend the Complaint to to include the Exhibits and "to correct any deficiencies." Although, as a general rule, leave to amend should be "freely give[n] when justice so requires," FED. R. CIV. P. 15(a)(2), a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse "to grant the leave without any justifying reason." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

In this case, as discussed above, amendment of the Plaintiffs' Complaint to include the Exhibits would be futile, because such documents cut against Plaintiffs' allegations, and instead support BankUnited's Motion to Dismiss. For example, when comparing Exhibit A to Exhibit C attached to the response, it is evident that the Qualified Written Request ("QWR") from Plaintiffs was made more than thirty days after the initial notice of foreclosure from BankUnited—Exhibit A indicates that the QWR was dated February 25, 2011, yet Exhibit C shows that BankUnited's letter declaring the debt in default was dated December 22, 2010. Thus, even if BankUnited were subject to liability under the FDCPA (which BankUnited contends it is

not, because it is not in the business of collecting the debts of another), Plaintiffs did not timely dispute the debt under the FDCPA in order to preserve their rights. Furthermore, such correspondence squarely contradicts Plaintiffs' allegations that their attempts to communicate with BankUnited went without response—Exhibit A shows BankUnited's detailed response to the Plaintiffs' QWR and attaches an itemized statement of account activity showing that the debt was in default.

## CONCLUSION

Accordingly, for the reasons stated above, the Exhibits attached to the Plaintiffs' Response should be stricken and not considered when ruling on BankUnited's Motion to Dismiss. Furthermore, amendment of Plaintiffs' Complaint would be futile, because the documents do not support Plaintiffs' allegations. Thus, for the reasons stated above, and for the reasons stated in BankUnited's Motion to Dismiss and Memorandum of Law in Support of its Motion to Dismiss, Plaintiffs have failed to state a claim on which relief may be granted, and their Complaint should be dismissed.

This the 23rd day of October, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com) and Travis Emil Menk (travis.menk@brockandscott.com) and hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5445 Thunderidge Dr., Raleigh, NC 27610

    This the 23rd day of October, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910