UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **DEFENDANT BANKUNITED, INC.'S** |
| | ) **RESPONSE IN OPPOSITION TO** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **PLAINTIFF'S MOTION TO AMEND** ) ) ) |
| Defendants. | ) ) |

Defendant BankUnited, Inc. ("BankUnited") hereby submits this Response in Opposition to the Motion for Leave to Amend (the "Motion") filed by the above-captioned plaintiffs (the "Plaintiffs") on October 22, 2012.

## STATEMENT OF THE CASE

Plaintiffs commenced a civil action by filing a Complaint (the "Complaint") and Civil Summons in the United States District Court, Eastern District of North Carolina on or about July 30, 2012. BankUnited was served with a copy of the Civil Summons and Complaint on August 14, 2012. In response to that Complaint, on September 4, 2012, BankUnited timely filed and served its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On October 9, 2012, Plaintiffs filed a Response to BankUnited's Motion to Dismiss (the "Response"), attaching and making reference to several documents that were never included with their Complaint (the "Exhibits"). In the Response, the Plaintiffs also moved to amend the Complaint to include the Exhibits and "to correct any deficiencies." On October 22, 2012, Plaintiffs filed the Motion, formally requesting leave from the Court to amend the Complaint.

## STATEMENT OF THE FACTS

The Statement of the Facts is set forth in BankUnited's Memorandum of Law in Support of its Motion to Dismiss, and is fully adopted and incorporated herein.

## STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as of right. Thereafter, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In deciding a motion to amend a pleading, the federal courts follow the standard set forth by the Supreme Court in *Foman v. Davis*:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A motion to amend a pleading should be denied as futile if a proposed amendment advances a claim or defense that is legally deficient on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations… conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis*, 615 F.2d at 613.

## ARGUMENT

**I.  Plaintiffs' Motion to Amend the Complaint should be denied because amendment would be futile**

With the Motion, Plaintiffs seek to amend the Complaint to include the Exhibits and "to correct any deficiencies." A district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse "to grant the leave without any justifying reason." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As stated above, a district court may deny a motion to amend when the amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). A proposed amendment is "futile" when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbot Laboratories*, 674 F.Supp. 185, 190 (E.D.N.C. 1987). "An amendment is considered futile if it could not survive a motion to dismiss or a motion for summary judgment." *Black & Decker, Inc. v. Greenfield Industries Inc.*, 1991 WL 239121, at *1 (D. Md. 1991)).

The Plaintiffs' request to amend their Complaint to include the Exhibits attached to their Response to the Motion to Dismiss would be futile because such documents demonstrate that Plaintiffs cannot establish their claim under the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. § 1692 *et seq.*). In this case, Plaintiffs allege that BankUnited violated section 1692g of the FDCPA when BankUnited attempted to collect on a home loan after a request for debt validation had been made by the debtor. Specifically, the Plaintiffs allege that they made a "Qualified Written Request" ("QWR") under the Real Estate Settlement Procedures Act ("RESPA") and that the QWR also qualifies as a request for debt validation under section 1692g of the FDCPA. Plaintiffs further allege that BankUnited attempted to continue to collect on the loan without responding to the written request for debt validation.

First, a QWR made under RESPA is not a request to validate a debt under the FDCPA. A QWR is a request to a lender or loan service asking for information related to the servicing of a loan or potential loan account errors. *See* 12 U.S.C. § 2605(e). There is nothing in this particular

RESPA statute that states that an inquiry about service of a loan is the same as a dispute of a debt under the FDCPA. Further, the information required under a QWR is substantially different from what would be required under a proper debt validation request under the FDCPA. Also, in most instances, a QWR should be sent to a loan servicer and not a third-party debt collector—the typical third-party debt collector would not be the proper recipient of a QWR. Ultimately, a QWR under RESPA cannot qualify as a proper written request for validation of a debt under the FDCPA.

Even if such a statutory interpretation were proper, the Exhibits proposed by Plaintiffs in their Motion show that the QWR would have been an untimely request for debt validation under the FDCPA. Under § 1692g(3), a written request for debt validation under the FDCPA must be made within thirty (30) days after the consumer has notice of the debt or debt collection activities. When comparing Exhibit A to Exhibit C attached to the Plaintiffs' Response, it is evident that the QWR from Plaintiffs was made more than thirty days after the initial notice of foreclosure from BankUnited. Exhibit A indicates that the QWR was dated February 25, 2011, yet Exhibit C shows that BankUnited's letter declaring the debt in default was dated December 22, 2010. Thus, even if BankUnited were subject to liability under the FDCPA—which BankUnited contends it is not, because it is not in the business of collecting the debts of another—Plaintiffs did not timely dispute the debt under the FDCPA in order to preserve their rights. Furthermore, such correspondence squarely contradicts Plaintiffs' allegations that their attempts to communicate with BankUnited went without response—Exhibit A shows BankUnited's detailed response to the Plaintiffs' QWR and attaches an itemized statement of account activity showing that the debt was in default.

## **CONCLUSION**

Accordingly, for the reasons stated above, the amendments proposed by the Plaintiffs do not support Plaintiffs' allegations, and could not survive a motion to dismiss. In fact, BankUnited contends that such amendments would actually support its Motion to Dismiss that is currently pending before this Court. Thus, because amendment would be futile, the Motion to Amend should be denied, and BankUnited's Motion to Dismiss should still be granted.

This the 5th day of November, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorney for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, ) ) ) Plaintiffs, ) ) vs. ) ) BANKUNITED, INC., BROCK & SCOTT, ) PLLC., RAGSDALE LIGGETT, PLLC., ) ASHLEY H. CAMPBELL. ) ) Defendants. ) ) | **CERTIFICATE OF SERVICE** |

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com) and Travis Emil Menk (travis.menk@brockandscott.com) and hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5445 Thunderidge Dr., Raleigh, NC 27610

    This the 5th day of November, 2012

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorney for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910