UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO )<br>ACELA ROMANELLO ) | |
| Vs. ) | Case No.: 5:12 CV 371-FL |
| BANKUNITED, INC., TRUSTEE SVCES. )<br>OF CAROLINA, LLC., BROCK & SCOTT, )<br>PLLC., RAGSDALE LIGGETT, PLLC., )<br>ASHLEY H. CAMPBELL ) | PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S BANKUNITED,INC'S<br>RESPONSE IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO AMEND |

Plaintiffs Gustavo and Acela Romanello ("Plaintiffs") hereby submit this Response to Defendant BankUnited, Inc.'s ("BankUnited") Response in Opposition to Plaintiffs Motion for Leave to Amend.

## STATEMENT OF THE CASE

Plaintiffs filed a civil action complaint (the "complaint") in the United States District Court, Eastern District of North Carolina on or about July 30, 2012. Responding to that complaint on September 4, 2012, BankUnited filed a Motion to Dismiss. On October 9, 2012, Plaintiffs filed a Response to BankUnited's Motion to Dismiss, attaching documents as Exhibits (the "Exhibits").

In the Response, Plaintiffs also moved to leave to file an amended complaint in order to correct any deficiencies, filed on October 22, 2012.

On November 5, 2012, BankUnited filed a Response in Opposition to Plaintiff's Motion for Leave to Amend.

## STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading, "…and leave shall be freely given when justice so requires", with the standard followed by the federal courts that was set by the Supreme Court in Foman v. Davis:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962)

## ARGUMENT

I. BankUnited states that allowing Plaintiff's Motion for Leave to Amend would be futile. Plaintiffs consider that subject to debate, because they have a justifying reason to amend the Complaint to correct deficiencies in their pleadings, there is nothing futile about that. BankUnited criticized Plaintiffs for not including any exhibits in their initial complaint, even though, Plaintiffs were proceeding according to Rule 8 (a)(2) that requires a "short and plain statement of the claim showing that the pleader is entitled to relief".

Now they're criticizing Plaintiffs for presenting to the Court documents as Exhibits.

II. Plaintiffs need to include two more BankUnited violations in their pleadings. In Exhibit C, Defendant BankUnited's letter didn't include "a statement that unless consumer, within thirty (30) days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

As unsophisticated consumers that Plaintiffs are, by not reading the previous statement, they didn't answer in 30 days to BankUnited's letter, and by not including that statement in the letter, BankUnited violated Plaintiffs rights and the F.D.C.P.A. law 15 USC 1692 g (a)(3).

Defendants Trustee Services of Carolina DID INCLUDE in their letter the "Right to dispute in thirty (30) days" provision in 15 USC 1692 g(a)(3), that's why Plaintiffs sent to Trustee Services of Carolina and to BankUnited the letter titled "Qualified Written Request-Notice of Dispute-Validation of debt" , within the 30 days stipulated.

BankUnited also violated another FDCPA law, this time, 15 USC 1692 g (a)(5), by not stating in the letter the following: "upon consumer's written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

Plaintiffs found out months later, that the original creditor went bankrupt.

Consequently, Plaintiffs find no basis to conclude that an opportunity to amend would be something futile, and respectfully request to this Honorable Court that the Motion for Leave to Amend Complaint be granted and that the Order be entered.

This is the 13th day of November, 2012

**Gustavo Romanello**  *Gustavo Romanello* (signature)
**Acela Romanello**

5445 Thunderidge dr.
Raleigh, NC 27610

Tangogaucho@gmail.com

**CERTIFICATE OF SERVICE**

Plaintiffs certify that on November 13, 2012, a copy of the foregoing was served via First Class Mail addressed to:

Sean T. Partrick
YATES McLAMB & WEYHER, LLP
421 Fayetteville St., ste. 1200
Raleigh, NC 27601

Counsel for BankUnited, Inc.

Travis E. Menk
BROCK & SCOTT, PLLC
5121 Parkway Plaza Blvd., ste.300
Charlotte, NC 28217

Counsel for Brock & Scott, Pllc and
Trustee Services of Carolina, Llc

J. Whitfield Gibson   Robert S. Shields, jr
MANNING FULTON & SKINNER, P.A.
3605 Glenwood Ave., ste. 500
Raleigh, NC 27612

Counsels for Ragsdale Liggett, Pllc and
Ashley H. Campbell

This November 13, 2012

Gustavo Romanello
Acela Romanello
5445 Thunderidge dr.
Raleigh, NC 27610
Tangogaucho@gmail.com