RECEIVED

JAN 0 3 2013

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| GUSTAVO ROMANELLO | ) | |
| ACELA ROMANELLO | ) | Case No. 5:12 cv 371 FL |
| VS. | | PROPOSED AMENDED COMPLAINT |
| | ) | Relates to Docket # 47 |
| BANKUNITED, INC. ET AL. | ) | JURY TRIAL DEMANDED |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

## NATURE OF THE ACTION

1. This is an action for damages brought by Gustavo and Acela Romanello (hereinafter "Plaintiffs")

Defendants' BANKUNITED, INC. (hereinafter "BANKUNITED"), Trustee Services of Carolina, llc. (hereinafter "TSC"), Brock & Scott,pllc. (hereinafter "B&S"), Ragsdale Liggett, pllc. (hereinafter "RL"), and Ashley H. Campbell (hereinafter "AHC")for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), the N.C. Debt Collectors Act N.C. G.S. 75-50 et seq. (hereinafter "NCDCA"), the N.C.Unfair Trade Practices Act N.C.G.S. 75-1.1 et seq., the Truth in Lending Act 15 U.S.C. 1641 sect. 131 (g), and the Real Estate Settlement Procedures Act 12 U.S.C. 2601et seq.

## PARTIES

2. Plaintiffs are residents of Raleigh in Wake County, NC

3. Upon information and belief BANKUNITED is a banking corporation with headquarters in 7815 NW 148 St., Miami Lakes, FL 33016

4. Defendant TSC is a corporation located in 5431 Oleander Dr., Wilmington, NC 28403.

5. B&S is a corporation located in 5431 Oleander Dr., Wilmington, NC 28403

6. Defendant RL is a corporation located in 2840 Plaza Place, ste. 401, Raleigh, NC 27612

7. Defendant AHC is a partner at RL, 2840 Plaza Place, ste. 401, Raleigh, NC 27612

8. Plaintiffs are consumers as that term is defined by North Carolina's Prohibited Acts by Debt Collectors Act (NCDCA) at N.C.G.S. 75-50 (1), and as defined by the FDCPA 15 U.S.C. 1692 a(3), and incurred a debt as defined by N.C.G.S. 75-50 (2), and by the FDCPA 15 U.S.C. 1692 a(5).

9. Defendants are debt collectors as defined by 15 U.S.C. 1692 a(6) and NCGS 75-50 (3).

10. The jurisdiction of this Court is conferred by 15 USC 1692 k, NCGS 75-50 et seq. and has jurisdiction under Federal-question jurisdiction 28 USC 1331

FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege each and every allegation stated above.

12. The complaint in question here is related to Defendants bad behavior in trying to collect a consumer debt.

13. On July 2005 Plaintiffs signed a Promissory Note and Deed of Trust with BankUnited, FSB.

14. The last week of September 2010, Plaintiffs received a letter from the Collection Department of BANKUNITED, it demanded payments due, threatened acceleration and foreclosure, attorney fees, court costs and penalty charges.

15. In the letter they failed to state "This is an attempt to collect a debt".

16. Defendant BANKUNITED also failed to inform Plaintiffs that they had 30 days to dispute the debt. See Exh. A. Plaintiffs being unsophisticated consumers, didn't dispute.

17. On December 22, 2010, Plaintiffs received a default letter from BANKUNITED, this time, with the lawful statement "This is an attempt to collect a debt", BUT AGAIN, they FAILED to give Plaintiffs a warning that they had 30 days to dispute the debt. See Exh. B.

18. Plaintiffs again, as ignorant and unsophisticated consumers that they were, didn't respond to the letter and didn't dispute the debt.

19. On February 7, 2011, Plaintiffs received a letter from TSC in care of B&S, with the debt pay-off information, a total of $170,892.36 as of February 7, 2011.

20. This letter DID HAVE the statements "This is an attempt to collect a debt", and "...the FDCPA entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter." Exh. C

21. Consequently, Plaintiffs this time on the last week of February sent a Qualified Written Request/Debt Validation/Notice of Dispute letter to BANKUNITED, TSC and B&S, within the 30 days, by law. See Exh. D

22. Specific questions were asked as to how and when the new BANKUNITED acquired the loan #4594016 and if it was declared an asset in loan receivables BankUnited, FSB's accounting books, before the bank went bankrupt and was taken over by the FDIC.

23. Plaintiffs only received pages with all the loan payment dates, that's it, no validation of debt provided. See Exh. E

24. A copy of the alleged allonge, just one page, was not provided in their answer, Plaintiffs found out months later about it, showing possible fraud by creating the allonge for litigation purposes only.

25. No answers to all the questions and no verified copies of documents were sent, Plaintiffs had to pay an auditor to find out there's a $10,000 discrepancy in the lifetime financing of the loan. See Exh. H.

26. Defendants BANKUNITED, TSC, B&S, RL and AHC didn't cease to try to collect before validating the debt, breaking the law in the process, in the months of May thru August, 2011, getting Court approval to foreclose on the property.

27. BANKUNITED is a third party debt collector, they don't have any proof they own loan No. 4594016, just an assignment made effective 6 months after the start of foreclosure, when the debt was in default.

28. Plaintiffs were not informed with a notice, of the transfer of their alleged debt to the new bank, violating the "Helping Families Save Their Homes"Act that amends the Truth in Lending Act 15 USC 1641 131 (g).

29. On August 29, 2011 BANKUNITED, TSC, B&S, RL and AHC introduced an Assignment of Note and Deed of Trust in the Wake County Superior Court, done 6 months after the commencement of the foreclosure proceeding, when the debt was in default, done as a litigation tool by the foreclosure attorney designed to close the gap in the chain of title, so that it appears in the public record that BANKUNITED had a legal right to foreclose, even though they lacked standing. Exh. K

30. Defendants RL and AHC worked for BANKUNITED and knew or should have known that the debt wasn't validated and that Plaintiff wasn't given the opportunity to dispute the debt, and they also failed to state in their communications that it was an attempt to collect a debt. Exh. J.

31. Collection activities are an established part of practice for BANKUNITED and RL, see Exh. A and I.

32. Several Qualified Written Requests/Debt Validation Letter/Notice of Dispute attempts to communicate with Defendants to validate the alleged debt have been ignored. See Exh. F and G.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE F.D.C.P.A., 15 U.S.C. 1692 et seq.

33. Plaintiffs repeat and reallege each and every allegation stated above.

34. Defendants BANKUNITED, TSC, B&S, RL and AHC violated 15 U.S.C. 1692 g(b) in that they failed to cease collection efforts while debt was disputed, BANKUNITED's answer was just pages with payment dates, Plaintiffs could've gotten that just by looking at their check book.

35. Defendant BANKUNITED violated 15 U.S.C. 1692 g(a)(3), in that they failed to state that unless the consumer, within 30 days of the receipt of the letter, disputes the validity of the debt, the debt will be assumed to be valid by the debt collector, causing Plaintiffs NOT to dispute the debt because they didn't see that statement.

36. Defendants BANKUNITED, TSC, B&S, RL, and AHC violated 15 U.S.C. 1692 (f) unfair or unconscionable means to collect or attempt to collect a debt, in that they produced, 6 months after the start of the foreclosure proceedings, an Assignment of Note and Deed of Trust, showing lack of standing at the start of foreclosure.

37. Defendants BANKUNITED, TSC and B&S violated 15 U.S.C. 1692 e(2) by falsely representing the character, amount or legal status of any debt, in that there's a $10,000 discrepancy in the total finance charge in the lifetime of the loan, while BANKUNITED says in the QWR answer, that everything is O.K.

38. Defendants RL and AHC violated 15 U.S.C. 1692 e(11), in that they failed to warn Plaintiffs with the disclosure "This is an attempt to collect a debt..." in their initial communication.

39. Defendant BANKUNITED violated 15 U.S.C. 1692 e(10), the use of any false representation or deceptive means to collect or attempt to collect any debt, in that they used deception towards Plaintiffs by not stating in their communication, the warning that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be valid by the debt collector, causing Plaintiffs, as unsophisticated consumers, to NOT answer to

Defendant BANKUNITED's two letters up until a few months later, when Plaintiffs saw that warning in Defendant TSC's February 7,2011 letter, and sent the QWR/Debt Validation/Notice of Dispute letter a couple of weeks later.

## SECOND CAUSE OF ACTION

VIOLATIONS OF THE N.C. DEBT COLLECTION ACT- N.C.G.S. 75-50 et seq.

40. Plaintiffs repeat and reallege each and every allegation stated above.

41. Defendant BANKUNITED violated N.C.G.S. 75-54(2) in that in their first communication of September 28,2010 they failed to disclose they were attempting to collect a debt, that the purpose of such communication is to collect a debt.

42. Defendants BANKUNITED and TSC violated N.C.G.S. 75-54(4) that prohibits falsely representing the character, extent or amount of debt or of its status in any legal proceeding, in that they misrepresented the amount owed by Plaintiffs in the February 7 letter, there's a $10,000 difference in the finance charge amount over the life of the loan.

43. Defendant BANKUNITED conduct violated N.C.G.S. 75-54(6) by falsely representing that an existing obligation of the Plaintiffs may be increased by the addition of attorney fees, investigation fees, service fees or any fees or charges, in BANKUNITED's case in that they attempted to include "penalties charged" in their first letter.

## THIRD CAUSE OF ACTION

VIOLATIONS OF THE N.C. UNFAIR TRADE PRACTICES ACT-NCGS 75-1.1 et seq.

44. Plaintiffs repeat and reallege each and every allegation stated above.

45. BANKUNITED and TSC unfair or deceptive acts to collect the debt occurred in commerce, in violation of N.C.Gen.Stat. 75-1.1

46. Plaintiffs suffered mental anguish, marital problems, emotional distress and other damages in an amount to be proven at trial.

47. The acts, practices and/or omissions of Defendants proximately caused economic injury to Plaintiffs, are affecting commerce, have the capability to deceive an ordinary consumer, are unscrupulous, immoral and oppressive, and constitute unfair and deceptive trade practices in N.C.G.S. 75-1 et seq., thereby entitling Plaintiffs to treble damages pursuant to N.C.G.S. 75-16, in excess of $10,000.

FOURTH CAUSE OF ACTION

VIOLATION OF T.I.L.A. 15 U.S.C. Sect. 1641 subsection 131 (g)

47. Plaintiffs repeat and reallege each and every allegation stated above.

48. Defendant BANKUNITED violated T.I.L.A. 15 U.S.C. 1641 subsection 131 (g) in that Defendant as the alleged new owner of the loan, failed to give Plaintiffs notice within 30 days after the sale, transfer or assignment of the mortgage loan.

48. Plaintiffs are entitled to $4,000 in statutory damages plus attorney fees and costs.

## FIFTH CAUSE OF ACTION

VIOLATION OF R.E.S.P.A. 12 U.S.C. 2605 c (2)(b)

49. Plaintiffs repeat and reallege each and every allegation stated above.

50. Defendant BANKUNITED violated 12 U.S.C. 2605 c (2)(b) in that a transferee servicer shall notify the borrower in writing no more than 30 days after any assignment, sale or transfer of the servicing of the loan.

51. Defendant didn't send notice when the loan changed hands. By Defendants failure to comply, Plaintiffs are entitled to statutory damages of $2,000 as per 12 U.S.C. 2605 f (1) (b), plus attorney fees and costs.

## SIXTH CAUSE OF ACTION

VIOLATION of R.E.S.P.A. 12 U.S.C. 2605 (e)

52. Plaintiffs repeat and reallege each and every allegation stated above.

53. Defendant BANKUNITED violated 12 U.S.C. 2605 (e), duty of loan servicer to respond to borrowers inquiries, in that after Plaintiffs sent the QWR/Debt Validation/Notice of Dispute letter on February 25, 2011, Defendant failed to answer Plaintiffs' reason to believe the account had errors, or provide sufficient detail of other information sought for validation of debt, and only offered the loan payment dates, in disregard of the possible accounting errors. Neither of Plaintiffs two other QWR's have been answered AT ALL Plaintiffs are entitled to statutory damages plus attorney fees.

WHEREFORE, Plaintiffs pray to the Court as follows:

1. That Plaintiffs be awarded actual damages in an amount to be determined at trial, $1,000 to $4,000 statutory damages per violation and treble damages where it corresponds, and punitive damages pursuant to the violations of N.C.G.S. 75-50 et seq. alleged herein.
2. That Plaintiffs be awarded litigation costs and reasonable attorney fees.
3. For an Order requiring Defendant BANKUNITED to surrender Plaintiffs Promissory Note, so it's stopped from being negotiated in the stream of commerce, leaving Plaintiffs in a financial double jeopardy situation.
4. For a trial by jury on all issues so triable.
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, January 3, 2013

GUSTAVO ROMANELLO       ACELA ROMANELLO

*/s/ Gustavo Romanello*

CERTIFICATE OF SERVICE

We hereby certify that a copy of the Proposed Amended Complaint was served upon all parties to this action as follows:

Sean T. Partrick

YATES McLAMB & WEYHER, LLP

421 Fayetteville St., Ste.1200

Raleigh, NC 27601

Counsel for BANKUNITED, INC.


Travis E. Menk

Marc S. Asbill

BROCK & SCOTT, PLLC

5121 Parkway Plaza Blvd., Ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, PLLC

And Trustee Services of Carolina, LLC


J. Whitfield Gibson

Robert S. Shields Jr.

MANNING FULTON & SKINNER, P.A.

3605 Glenwood Ave., Ste. 500

Raleigh, NC 27612

Counsels for Ragsdale Liggett, PLLC

And for Ashley H. Campbell

This 3rd day of January, 2013

Gustavo Romanello

Acela Romanello

5445 Thunderidge dr.

Raleigh, NC 27610

Tangogaucho@gmail.com

# VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the 31 day of December, 2012

*Acela Romanello*

*Gustavo Romanello*

_____

Gustavo Romanello   /   Acela Romanello

NOTARY PUBLIC

Sworn to and subscribed:

*Logan J. Greene  Logan J. Greene*

My commission expires:

06-14-2017