IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-371-FL

| | | |
|---|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BANK UNITED, INC.; TRUSTEE SERVICES OF CAROLINA, LLC; BROCK & SCOTT, PLLC; and ASHLEY H. CAMPBELL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on motions to dismiss plaintiffs' amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Brock & Scott, PLLC ("B&S"), and Trustee Services of Carolina, LLC ("TSC") (DE 18); by defendants Ragsdale Liggett, PLLC ("Ragsdale"), and Ashley H. Campbell ("Campbell") (DE 26); and by defendant BankUnited, Inc. ("BUI") (DE 30). Plaintiffs responded in opposition (DE 42), and defendant BUI replied (DE 46). Also before the court is defendant BUI's motion to strike portions of plaintiffs' response (DE 45). Finally, plaintiffs have moved for leave to file a second amended complaint (DE 47) to which defendant BUI has responded in opposition (DE 51) and plaintiffs replied (DE 52). Issues raised are ripe for ruling.[1]

For reasons set forth more particularly below, the court will grant plaintiffs' motion to

---

[1] Defendants B&S and TSC also filed a motion to dismiss plaintiffs' original complaint (DE 11). Where defendants B&S and TSC subsequently filed a motion to dismiss plaintiffs' amended complaint, their initial motion to dismiss is DENIED AS MOOT.

amend, and therefore will deny without prejudice defendants' motions to dismiss and will deny as moot defendant BUI's motion to strike.

## BACKGROUND

On June 20, 2012, plaintiffs Gustavo and Acela Romanello, acting *pro se*, filed complaint in this court against defendant BUI, alleged to be a banking corporation headquartered in Florida, defendant TSC, alleged to be a Delaware corporation, defendant B&S, also alleged to be a Delaware corporation, defendant Ragsdale, alleged to be a North Carolina Corporation, and defendant Campbell, alleged to be a partner at Ragsdale. Plaintiffs alleged that each defendant committed various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; that each defendant committed violations of the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 et seq.; and that defendants BUI and TSC violated the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA") N.C. Gen. Stat. § 75-1.1 et seq. On July 31, 2012, plaintiffs filed an amended complaint, asserting the same claims.

Plaintiffs make the following factual allegations in their amended complaint: Plaintiffs are residents, owners, and title holders of 5445 Thunderidge Dr. in Raleigh, North Carolina ("the property"). Am. Compl. ¶¶ 1, 12. In or about July 2005, they signed a Promissory Note and Deed of Trust with BankUnited, FSB (not a party), secured by the property. Id. at ¶ 11. BankUnited, FSB subsequently went into receivership with the FDIC. Id. at ¶ 17. Plaintiffs filed for bankruptcy in May 2009. Id. at ¶ 13. In or about January 2011, defendants BUI, TSC, and B&S initiated foreclosure proceedings against plaintiffs in Wake County Superior Court. Id. at ¶¶ 14, 23. In or about February 2011, plaintiffs sent written requests to defendant BUI and to defendant TSC in care of defendant B&S attempting to verify the debt asking, *inter alia*, how and when defendant BUI

acquired the note originally issued by BankUnited, FSB. Id. at ¶¶ 15-17. Plaintiffs received only a statement of monthly payments made. Id. at ¶ 18. Meanwhile, foreclosure proceedings against plaintiffs were ongoing. Id. at ¶ 19. On August 29, 2011, all defendants introduced into Wake County Superior Court, as evidence of defendant BUI's ownership of the debt at issue, an Assignment of Note and Deed of Trust from the FDIC to defendant BUI which plaintiffs assert is fraudulent. Id. at ¶ 23.

On September 7, 2011, the Wake County Superior Court entered order to allow foreclosure sale. Def. BUI's Mem. Supp. Mot. to Dismiss Ex. B, Order to Allow Foreclosure Sale. The court found that defendant BUI was holder of the note sought to be foreclosed, and that said note evidences a valid debt owed by plaintiffs. Id.

On August 31, 2012, defendants B&S and TSC filed a motion to dismiss all claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 4, 2012, defendants Ragsdale and Campbell also filed a motion to dismiss all claims against them pursuant to Rule 12(b)(6), as did defendant BUI.[2]

On October 9, 2012, plaintiffs filed a response in opposition to defendants' motions to dismiss, including with their response numerous exhibits that had not been attached to their amended complaint. In their response plaintiffs also indicated that they would move to file a second amended complaint ("SAC"). Plaintiffs made such a motion on October 22, 2012, but did not attach a proposed SAC. Defendant BUI filed a motion to strike the exhibits attached to plaintiffs' response on October 23, 2013, and on November 5, 2012, filed a response to plaintiffs' motion to amend, opposing amendment as futile.

---

[2] Defendants B&S and TSC, as well as defendants Ragsdale and Campbell, filed motions to stay pending ruling on defendants' motions to dismiss. The motions to stay were granted by order entered October 24, 2012.

3

On January 3, 2013, plaintiffs filed their proposed SAC making the following new allegations: In the last week of September 2010, plaintiffs received a letter – attached to their proposed SAC as exhibit A – from the collection department of defendant BUI demanding payments due and threatening acceleration, foreclosure, attorney's fees, court costs, and penalty charges. SAC ¶ 14 . The letter did not state it was an attempt to collect a debt or state that plaintiffs had thirty (30) days to dispute the debt. Id. at ¶¶ 15, 16. On December 22, 2010, plaintiffs received a default letter – which they attached as exhibit B – from defendant BUI, this time stating it was an attempt to collect a debt, but not saying that plaintiffs had thirty (30) days to dispute the debt. Id. at ¶ 17. On February 7, 2011, plaintiffs received a letter from defendants TSC in care of B&S – which they attached as exhibit C – telling plaintiffs that it was an attempt to collect a debt, that plaintiffs they owed $170,892.36, and that plaintiffs had thirty (30) days to dispute the debt. Id. at ¶¶ 19, 20. Plaintiffs had an auditor examine the loan, and this auditor returned a report – which plaintiffs attached as exhibit H – noting a $10,000.00 discrepancy in the lifetime financing of the loan. Id. at ¶ 25. Plaintiffs were not given a notice of the transfer of their purported debt to defendant BUI. Id. at ¶ 28.

Also attached to plaintiffs' SAC as exhibits are plaintiffs' debt validation requests, defendant BUI's response to their first request, a printout of a web page from defendant Ragsdale's website, a letter from defendant Campbell to the Wake County Superior Court with an enclosed proposed order allowing defendant BUI to retrieve the original Assignment of Note and Deed of Trust from the court file and file it with the Register of Deeds, and a copy of the Assignment.

In their proposed SAC, plaintiffs add several new claims, and no longer allege certain other claims against defendants. Plaintiffs still allege each defendant violated various provisions of the

FDCPA, although the specific provisions each defendant is asserted to have violated have changed. Plaintiffs also allege a violation of the NCDCA against defendant TSC and various violations thereof against defendant BUI, as well as violations of the NCUDTPA against defendants BUI and TSC. Finally, plaintiffs allege that defendant BUI has committed violations of the Truth in Lending Act, 15 U.S.C. § 1641(g), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605(c)(2)(b) and (e).

## COURT'S DISCUSSION

A.    Motion to Amend

Rule 15 directs that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if the proposed amended claim cannot withstand a motion for judgment on the pleadings. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

In this case, plaintiffs have moved for leave to file a second amended complaint. In their response to defendants' motions to dismiss, plaintiffs requested the court grant them leave to amend their complaint to "correct any deficiencies." Defs. Resp. Opp'n. to Pls.' Mots. to Dismiss 6 (DE 42). They subsequently filed the instant motion seeking leave to amend. This motion is opposed by defendant BUI. Defendant BUI, believing that plaintiffs sought to amend only to include with their SAC the exhibits filed in connection with plaintiffs' response to defendants' motions to

5

dismiss, responded in opposition to plaintiffs' motion arguing that such amendment would be futile. Defendant BUI contends those exhibits cannot establish plaintiffs' claim under the FDCPA against defendant BUI. Plaintiffs replied noting that they wished to include new causes of action and correct any deficiencies in their complaint.

Plaintiffs later filed their proposed amended complaint, which does include some of the exhibits filed in connection with their response to defendants' motions to dismiss, but includes also other exhibits, amended factual allegations and new causes of action. See generally SAC ¶¶ 11-53. No other defendant has responded to plaintiffs' motion to amend. As plaintiffs' proposed SAC does not merely include changes asserted by defendant BUI to be futile, as no other party has responded in opposition, and where leave to amend should generally freely be given, see Foman, 371 U.S. at 182, plaintiffs' motion to amend is granted.

B.      Motions to Dismiss and Motion to Strike

Where the court has granted plaintiffs' motion to amend, defendants' motions to dismiss are denied without prejudice. Similarly, defendant BUI's motion to strike portions of plaintiffs' response in opposition to the motions to dismiss is denied as moot.

## CONCLUSION

Based upon the foregoing, plaintiffs' motion to amend is GRANTED. Defendants' motions to dismiss are therefore DENIED WITHOUT PREJUDICE, and defendant BUI's motion to strike is DENIED as moot. Where the court previously ordered a stay suspending discovery and case scheduling in this case pending ruling on the motions to dismiss, and where denial of such motions is without prejudice, the parties are hereby DIRECTED to file with the court within fourteen (14) days of entry of this order proposed deadlines for filing additional motions to dismiss, if any,

6

directed to plaintiffs' second amended complaint. Should fourteen (14) days expire without receipt

of any such motion, the stay will be lifted, and the court will proceed with establishing the remainder

of the case schedule.

SO ORDERED, this the 19th day of June, 2013.

LOUISE W. FLANAGAN
United States District Judge