THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |  |
| Plaintiffs, | ) ) | Case No. 5:12 CV 371-FL |
| v. | ) ) |  |
| BANKUNITED, INC., TRUSTEE SERVICES OF CAROLINA, LLC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC and ASHLEY H. CAMPBELL, | ) ) ) ) ) | **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| Defendants. | ) ) |  |

The Defendant Ragsdale Liggett, PLLC and Ashley H. Campbell ("Ragsdale Defendants") hereby respond to the Plaintiff's Amended Complaint as follows:

### Response to Allegations

1. Denied except it is admitted that this is an action for damages brought by the Plaintiffs.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted upon information and belief.

6. Admitted.

7. Admitted.

8. Denied except it is admitted that the Plaintiffs are consumers.

9. It is expressly denied that the Ragsdale Defendants are debt collectors.

10. Denied.

11. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1 through 10 of the Complaint.

12. Denied.

13. Denied except it is admitted that the July 2005 Promissory Note and Deed of Trust are the best evidence of their terms and speak for themselves.

14. Denied except it is admitted that the September 2010 letter from Bank United is the best evidence of its terms and speaks for itself.

15. Denied except it is admitted that the September 2010 letter from Bank United is the best evidence of its terms and speaks for itself.

16. Denied except it is admitted that the September 2010 letter from Bank United is the best evidence of its terms and speaks for itself.

17. Denied except it is admitted that the December 22, 2010 letter from Bank United is the best evidence of its terms and speaks for itself.

18. Denied.

19. Denied except it is admitted that the February 7, 2011 letter from Defendant T. S.C. is the best evidence of its terms and speaks for itself.

20. Denied except it is admitted that the February 7, 2011 letter from Defendant T. S.C. is the best evidence of its terms and speaks for itself.

21. Denied except it is admitted that the Plaintiffs sent a letter in the last week of February which is the best evidence of its terms and speaks for itself.

22. Denied except it is admitted that the Plaintiffs sent a letter in the last week of February which is the best evidence of its terms and speaks for itself.

23. Denied for lack of information and belief.

24. Denied for lack of information and belief.

25. Denied for lack of information and belief.

26. Denied.

27. Denied.

28. Denied.

29. Denied except it is admitted that the Ragsdale Defendants introduced an August 22, 2011 assignment between the Federal Deposit Insurance Corporation and Bank United, together with a May 21, 2009 Purchase Agreement between the Federal Deposit Insurance Corporation and Bank Untied and that Superior Court Judge Robert H. Hobgood entered an Order allowing foreclosure on September 7, 2011 finding as a fact that Bank United was the holder of the note sought to be foreclosed, evidencing a valid debt owed by the Plaintiffs.

30. Denied.

31. Denied.

32. Denied.

### First Cause of Action

33. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-32 of the Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## Second Cause of Action

40. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-39 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

## Third Cause of Action

44. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-43 of the Complaint.

45. Denied.

46. Denied.

47. Denied.

## Fourth Cause of Action

48. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-47 of the Complaint.

49. Denied.

50. Denied.

## Fifth Cause of Action

51. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-50 of the Complaint.

52. Denied.

53. Denied.

## Sixth Cause of Action

54. The Ragsdale Defendants hereby incorporate by reference their responses to paragraphs 1-53 of the Complaint.

55. Denied.

## FIRST ADDITIONAL DEFENSE

The Ragsdale Defendants are not debt collectors as that term is defined by 15 USC §1962(E); they are simply attorneys that represented their client in a foreclosure proceeding. They never communicated with the Plaintiffs in an attempt to collect a debt from them, nor did they ever harass or threaten the Plaintiffs or misrepresent the validity of the debt owed by them to the Superior Court in the foreclosure proceeding.

## SECOND ADDITIONAL DEFENSE

The Ragsdale Defendants further state that Plaintiffs do not include, and indeed fail to make, any allegation of wrong against the Ragsdale Defendants for the Second, Third, Fourth, Fifth, and Sixth Causes of Action. For these reasons, as well as the reasons included in the forthcoming Motion to Dismiss and supporting memorandum (which will be filed pursuant to the Court's Order and Defendant's Response to Order), the claims against Ragsdale Defendants should be dismissed with prejudice.

**WHEREFORE**, the Ragsdale Defendants pray for Judgment as follows:

1. That the Plaintiff's Complaint be dismissed and the Plaintiffs have and recover nothing by virtue of this action.

2. That the costs of this action, including reasonable attorneys' fees as applicable, be taxed against the Plaintiffs.

3. For trial by jury on all issues so triable.

4. For such other and further relief as the Court may deem just and proper.

This the 3rd day of July, 2013.

                                       **MANNING FULTON & SKINNER, P.A.**

By:    /s/ J. Whitfield Gibson
           Robert S. Shields Jr., Esq. NCSB #10034
           J. Whitfield Gibson, NCSB #41261
           3605 Glenwood Avenue, Suite 500
           Raleigh, NC 27612
           Phone: (919) 787-8880
           Facsimile: (919) 325-4621
           *Counsel for Ragsdale Liggett, PLLC and*
           *Ashley H. Campbell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer* was filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following

Gustavo Romanello
Acella Romanello
5445 Thunderidge Drive
Raleigh, NC  27610
*Pro Se Plaintiffs*

Marc Asbill
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: Marc.Asbill@brockandscott.com
*Counsel for Brock & Scott, PLLC Trustee Services of the Carolinas, LLC*

Sean Partrick
Yates McLamb & Weyher, L.L.P.
421 Fayetteville Street, Suite 1200
Raleigh, NC 27601
*Counsel for BankUnited*

Marc Asbill
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: Marc.Asbill@brockandscott.com

This the 3rd day of July, 2013.

**MANNING FULTON & SKINNER, P.A.**

By:    /s/ J. Whitfield Gibson
Robert S. Shields Jr., Esq. NCSB #10034
J. Whitfield Gibson, NCSB #41261
3605 Glenwood Avenue, Suite 500
Raleigh, NC  27612
Phone:  (919) 787-8880
Facsimile:  (919) 325-4621
*Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*