UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **DEFENDANT BANKUNITED, INC.'S** |
| | ) **ANSWER TO SECOND AMENDED** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **COMPLAINT** ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

NOW COMES Defendant BankUnited, Inc. (BankUnited), by and through its undersigned counsel, and responds to the Second Amended Complaint of Plaintiffs Gustavo Romanello and Acela Romanello ("Plaintiffs" or "Romanellos") as follows:

**FIRST DEFENSE AND ANSWER TO COMPLAINT**

Defendant BankUnited responds to the allegations in Plaintiffs' Second Amended Complaint as follows:

1. It is admitted that Plaintiffs have filed a complaint asserted claims for damages under the Fair Debt Collection Practices Act (FDCPA), the North Carolina Debt Collectors Act (NCDCA) (N.C. Gen. Stat. §75-50 et. seq.), the Truth in Lending Act (TILA)(15 U.S.C. 1641 sec. 131 (g), the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2601 et. seq.) and an Unfair or Deceptive Trade Practice claim (UDTP) (N.C. Gen. Stat. §75-1.1) against Defendant BankUnited, Defendant Trustee Services of Carolina, LLC, (Trustee Services), Defendant Brock and Scott, PLLC (B&S), Defendant Ragsdale Liggett, PLLC (R&L), and

Defendant Ashley Campbell (Campbell). Those claims as to BankUnited an any allegations of damages are denied by BankUnited.

2. Admitted, upon information and belief.

3. It is admitted that BankUnited, Inc. is a corporation with a principal place of business in Miami Lakes, Florida. Except as admitted, denied.

4. Admitted, upon information and belief.

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

8. It is admitted that Plaintiffs were responsible for a loan that appears to the subject of the current civil action and that said loan was purportedly a debt for person, family, or household purposes. It is further admitted that the Plaintiffs would be "consumers" for this particular loan under 15 U.S.C. 1692a(3) and N.C. Gen. Stat. §75-50(1). BankUnited denies that these statutes apply to BankUnited in this particular civil action. Except as admitted, denied.

9. Denied.

10. It is admitted that Plaintiffs' complaint alleges a cause of action under a federal statutes and, therefore, jurisdiction in this court for this particular civil action is proper. Except as admitted, denied.

11. Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 10 herein.

12. It is admitted that Plaintiffs have made certain allegations which Defendant BankUnited denies. Except as admitted, denied.

13. Admitted.

14. It is admitted that attached to the Second Amended Complaint as Exhibit A is a letter dated September 28, 2010 notifying the Plaintiffs that they were in default of the terms and conditions of their loan. It is further admitted that said letter included provisions to cure the default and breach. Except as stated, denied.

15. It is admitted that attached to the Second Amended Complaint as Exhibit A is a letter dated September 28, 2010 notifying the Plaintiffs that they were in default of the terms and conditions of their loan. It is further admitted that said letter included provisions to cure the default and breach. Except as stated, denied.

16. It is admitted that attached to the Second Amended Complaint as Exhibit A is a letter dated September 28, 2010 notifying the Plaintiffs that they were in default of the terms and conditions of their loan. It is further admitted that said letter included provisions to cure the default and breach. Except as stated, denied.

17. It is admitted that attached to the Second Amended Complaint as Exhibit B is a December 22, 2010 letter notifying the Plaintiffs that their loan was in default. It is further admitted that at the bottom of the page, the letter states that it was an attempt to collect a debt. Except as admitted, denied.

18. It is admitted, upon information and belief, that the Plaintiffs did not respond to the December 22, 2010 letter. Except as admitted, denied.

19. It is admitted that attached to the Second Amended Complaint as Exhibit C is a February 7, 2011 letter purportedly from Trustee Services of Carolina, LLC c/o Brock and Scott, PLLC. That letter (and the contents thereof) speaks for itself. Except as admitted, denied.

20. It is admitted that the letter attached to the Second Amended Complaint as Exhibit C contained information that the letter was an attempt to collect a debt and that the FDCPA

entitled the Plaintiffs to dispute their debt, or any portion thereof, within 30 days of their receipt of said letter. Except as admitted, denied.

21. It is admitted that attached to the Second Amended Complaint as Exhibit D was a copy of a February 25, 2011 letter from Plaintiffs. Except as admitted, denied

22. It is admitted that Exhibit D is a document that speaks for itself and that no further answer is required. To the extent an answer is required, denied.

23. It is admitted that Attached to the Second Amended Complaint as Exhibit E is an April 26, 2011 letter to the Plaintiffs with certain attachments. That document and attachments speak for themselves. Except as admitted, denied.

24. BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 24 of the Second Amended Complaint, except that all allegations of fraud or other claims are denied.

25. BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 25 of the Second Amended Complaint, except that all allegations of fraud or other claims are denied.

26. Denied.

27. Denied.

28. Denied.

29. It is admitted that on August 22, 2011, a loan assignment together with a May 21, 2009 Purchase Agreement were introduced in Wake County Civil Superior Court. Except as admitted, denied.

30. Denied.

31. Denied.

32. Denied.

## FIRST CAUSE OF ACTION

33. Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 32 herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. The allegations in Paragraph No. 38 are not directed to this answering defendant and no answer, therefore, is required. To the extent an answer is required, Defendant BankUnited is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 38.

39. Denied.

## SECOND CAUSE OF ACTION

40. Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 39 herein.

41. Denied.

42. Denied.

43. Denied.

## THIRD CAUSE OF ACTION

44. Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 43 of the Second Amended Complaint herein.

45. Denied.

46. Denied.

47. Denied.

## FOURTH CAUSE OF ACTION

48. Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 47 of the Second Amended Complaint herein.

49. The allegations in the first numbered Paragraph 48 of the Second Amended Complaint are denied.

50. The allegations in the second numbered Paragraph 48 of the Second Amended Complaint are denied.

## FIFTH CAUSE OF ACTION

51. With regard to the allegations in Paragraph No. 49 of the Second Amended Complaint, Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 48 of the Second Amended Complaint herein.

52. The allegations in Paragraph No. 50 of the Second Amended Complaint are denied.

53. The allegations in Paragraph No. 51 of the Second Amended Complaint are denied.

## SIXTH CAUSE OF ACTION

54. With regard to the allegations in Paragraph No. 49 of the Second Amended Complaint, Defendant BankUnited incorporates its answers to Paragraph Nos. 1 through 51 of the Second Amended Complaint herein.

55. The allegations in Paragraph No. 53 of the Second Amended Complaint are denied.

## SECOND DEFENSE

Defendant BankUnited is not a debt collector under 15 U.S.C. §1692 et seq and, therefore, BankUnited asserts this as a complete and total bar to any claim under these statutes.

## THIRD DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. §75-50 do not apply to BankUnited. Any alleged but denied claims for debt collection activities against BankUnited should have been brought under N.C. Gen. Stat. §58-70-90 et. seq. However, under N.C. Gen. Stat. §58-70-15, BankUnited does not fall under the definition of a debt collector and, therefore, there is no liability for any of the Plaintiffs' state debt collection claims under North Carolina law.

## FOURTH DEFENSE

BankUnited pleads the applicable statutes of limitation and/or statute or repose to any claim alleged by Plaintiffs in this civil action.

## FIFTH DEFENSE

The claims alleged by Plaintiffs in the Second Amended Complaint fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant BankUnited respectfully prays the Court as follows:

1. That the Plaintiffs' Second Amended Complaint be dismissed;

2. That the Plaintiffs have and recover nothing of this answer Defendant;

3. That the costs of this action be taxed against the Plaintiffs;

4. That a jury trial be had on all issues so triable; and

5. For such other and further relief which BankUnited may be entitled or which the Court may deem just and proper.

This the 3rd day of July, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) |
| Defendants. | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com,) March Asbill (marc.asbill@brockandscott.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5445 Thunderidge Dr., Raleigh, NC 27610

This the 3rd day of July, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910