IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:12-CV-371- FL

| | | |
|---|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| | ) ) ) ) ) | DEFENDANTS BROCK & SCOTT, PLLC & TRUSTEE SERVICES OF CAROLINA, LLC ANSWER TO SECOND AMENDED |
| V. | ) ) | COMPLAINT |
| BANKUNITED INC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC, ASHLEY H. CAMPBELL, | ) ) ) ) | |
| DEFENDANTS. | ) | |

NOW COME Defendants Brock & Scott, PLLC (Brock & Scott) and Trustee Services of Carolina, LLC (TSC) (hereinafter collectively "Answering Defendants") by and through their undersigned counsel, and respond to the Second Amended Complaint of Plaintiffs Gustavo Romanello and Acela Romanello ("Plaintiffs" or Romanellos") as follows:

**FIRST DEFENSE AND ANSWER TO SECOND AMENDED COMPLAINT**

Defendants, Brock & Scott, PLLC and Trustee Services of Carolina, LLC respond to the allegation in Plaintiffs' Second Amended Complaint as follows:

1. It is admitted that Plaintiffs have filed a complaint asserted claims for damages under the Fair Debt Collection Practices Act (FDCPA), the North Carolina Debt Collectors Act (NCDCA) (N.C Gen. Stat. §75-50 et seq.), the Truth in Lending Act (TILA) (15 U.S.C. 1641 sec 131 (g), the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2601) et seq.) and an Unfair or

Deceptive Trade Practice Claim (UDTP) (N.C. Gen. Stat. §75-1.1 against Defendant BankUnited, Defendant Trustee Services of Carolina LLC, (Trustee Services), Defendant Brock & Scott, PLLC (B&S), Defendant Ragsdale Liggett, PLLC (R&L), and Defendant Ashley Campbell (Campbell). Those claims as to Brock &Scott and Trustee Services of Carolina, LLC and any allegations of damages are denied by Brock & Scott and TSC.

2. Admitted, upon information and belief.

3. Admitted, upon information and belief.

4. Denied.

5. Admitted that Brock & Scott has an address of 5431 Oleander Dr., Wilmington, NC 28403. Except as admitted, denied.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

8. Answering Defendants state that the allegations contained in Paragraph 8 of the Second Amended Complaint are not factual allegations, but actual statement of Legal Conclusion to which no response is required. To the extent a response is required, these allegations are hereby denied.

9. Answering Defendants state that the allegations contained in Paragraph 9 of the Second Amended Complaint are not factual allegations, but actual statement of Legal Conclusion to which no response is required. To the extent a response is required, these allegations are hereby denied.

10. It is admitted that Plaintiffs' Second Amended Complaint alleges a cause of action under federal statutes and, therefore jurisdiction in this court for this particular civil action is proper. Except as admitted, denied.

11. Answering Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 10 herein.

12. Denied.

13. Admitted, upon information and belief.

14. Answering Defendants state that the allegations contained in paragraph 14 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

15. Answering Defendants state that the allegations contained in paragraph 15 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

16. Answering Defendants state that the allegations contained in paragraph 16 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

17. Answering Defendants state that the allegations contained in paragraph 17 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

18. Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 18 of the Second Amended Complaint, and these allegations are therefore denied.

19.     It is admitted that B&S sent out as letter stating the debt pay off information, was a total of $170,892.36 as of February 7, 2011. Except as admitted, denied.

20.     Answering Defendants state that the allegations contained in Paragraph 20 of the Second Amended Complaint are immaterial as the Exhibit speaks for itself.

21.     It is admitted that attached to the Second Amended Second Amended Complaint as Exhibit D was a copy of a February 25, 2011 letter from Plaintiffs.  Except as admitted, denied.

22.     It is admitted that Exhibit D is a document that speaks for itself and that no further answer is required.  To the extent an answer is required, denied.

23.     Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 23 of the Second Amended Complaint, and these allegations are therefore denied.

24.     Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 24 of the Second Amended Complaint, and these allegations are therefore denied.

25.     Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 25 of the Second Amended Complaint, and these allegations are therefore denied.

26.     Answering Defendants state that the allegations contained in Paragraph 26 of the Second Amended Complaint are not factual allegations, but constitute a legal conclusion to which no response is required. To the extent a response is required, these allegations are hereby denied.

27.     Answering Defendants state that the allegations contained in paragraph 27 of the Second Amended Complaint are not directed to answering Defendant and therefore do not require a response.  To the extent a response is required, these allegations are hereby denied.

28.     Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 28 of the Second Amended Complaint, and these allegations are therefore denied.

29.     Admitted that an Assignment of Note and Deed of Trust were filed. Except as admitted, denied.

30.     Answering Defendants state that the allegations contained in paragraph 30 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

31.     Answering Defendants state that the allegations contained in paragraph 31 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

32.     Denied.

## FIRST CAUSE OF ACTION

33.     Answering Defendants re-allege and incorporates by reference their answers to Paragraphs 1 through 33 herein.

34.     Denied.

35.     Answering Defendants state that the allegations contained in paragraph 35 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

36. Answering Defendants state that the allegations contained in Paragraph 36 of the Second Amended Complaint are not factual allegations, but constitute legal conclusions to which no response is required. To the extent a response is required, these allegations are hereby denied.

37. Answering Defendants state that the allegations contained in Paragraph 37 of the Second Amended Complaint are not factual allegations, but constitute legal conclusions to which no response is required. To the extent a response is required, these allegations are hereby denied.

38. Answering Defendants state that the allegations contained in paragraph 38 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

39. Answering Defendants state that the allegations contained in paragraph 39 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

## SECOND CAUSE OF ACTION

40. Answering Defendants re-allege and incorporates by reference its answers to Paragraphs 1 through 40 herein.

41. Answering Defendants state that the allegations contained in paragraph 41 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

42. Answering Defendants state that the allegations contained in Paragraph 42 of the Second Amended Complaint are not factual allegations, but constitute legal conclusions to which no response is required. To the extent a response is required, these allegations are hereby denied.

43. Answering Defendants state that the allegations contained in paragraph 43 of the Second Amended Complaint are not directed to Answering Defendants and therefore do not require a response. To the extent a response is required, these allegations are hereby denied.

### THIRD CAUSE OF ACTION

44. Answering Defendants re-allege and incorporate by reference all prior responses contained herein.

45. Denied.

46. Answering Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 46 and these allegations are therefore denied.

47. Answering Defendants state that the allegations contained in Paragraph 47 of the Second Amended Complaint are not factual allegations, but constitute legal conclusions to which no response is required. To the extent a response is required, these allegations are hereby denied.

### FOURTH CAUSE OF ACTION

48. Answering Defendants re-allege and incorporate by reference all prior responses contained herein.

49. Answering Defendants state that the allegations in paragraph 48 of the Second Amended Complaint are not directed to the Answering Defendant. To the extent a response is required, these allegations are hereby denied.

50. Answering Defendants state that the allegations in paragraph 49 of the Second Amended Complaint are not directed to the Answering Defendants. To the extent a response is required, these allegations are hereby denied.

## FIFTH CAUSE OF ACTION

51.     Answering Defendants re-allege and incorporate by reference all prior responses contained herein.

52.     Answering Defendants state that the allegations in paragraph 50 of the Second Amended Complaint are not directed to the Answering Defendant. To the extent a response is required, these allegations are hereby denied.

53.     Denied.

## SIXTH CAUSE OF ACTION

54.     Answering Defendant re-allege and incorporate by reference all prior responses contained herein.

55.     Answering Defendants state that the allegations in paragraph 53 of the Second Amended Complaint are not directed to the Answering Defendant. To the extent a response is required, these allegations are hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: RES JUDICATA

1.      A hearing was held before the Wake County Clerk of Court on all issues arising from and related to the foreclosure action instituted by Brock and Scott, PLLC on behalf of Trustee Services of Carolina, LLC.

2.      That on any issues related to the hearing before the clerk under N.C.G.S. 45-21.16 (c) of the North Carolina General Statutes, all findings are barred by *res judicata*.

## SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12 (B) (6)

1. Plaintiffs have failed to sufficiently allege facts as to constitute valid causes of action against Answering Defendants.

2. Plaintiffs have failed to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE: ADMINISTERED FORECLOSURE PROCEEDINGS IN CONFORMITY WITH APPLICABLE LAW

1. TSC administered all foreclosure proceedings in conformity with all applicable state and federal laws.

2. TSC provided all proper notice requirements in conformity with the terms of the promissory note, Deed of Trust, and all applicable state and federal laws.

## FOURTH AFFIRMATIVE DEFENSE: REASONABLE CONDUCT

1. Defendants were not egregious, willful, grossly negligent or reckless and thus cannot be held responsible for punitive damages.

2. Defendants did not engage in unfair or deceptive acts or practices in or affecting commerce and thus cannot be held responsible for treble damages.

## FIFTH AFFIRMATIVE DEFENSE: NOT A DEBT COLLECTOR

1. Plaintiffs' claims under N.C. Gen. Stat. 75-50 do not apply to Trustee Services of Carolina, LLC. Any alleged but denied claims for debt collection activities against Trustee

Services of Carolina, LLC should have been brought under N.C. Gen. Stat 58-70-90 et.seq. However, under N.C. Gen. Stat. 58-70-15, Bank United does not fall under the definition of a debt collector and therefore there is no liability for any of the Plaintiffs' state debt collection claims under North Carolina law.

### FINAL AFFIRMATIVE DEFENSE: RESERVATION

1. Defendants, Brock and Scott and TSC hereby reserve the right to raise additional affirmative defenses as they may become apparent.

**WHEREFORE**, having fully answered the Second Amended Complaint, Defendants Brock & Scott, PLLC and Trustee Services of Carolina, LLC pray that this Honorable Court inquire into the matters at issue:

1. That the Plaintiffs' Second Amended Complaint be dismissed.
2. That Plaintiffs have and recover nothing of the Answering Defendants.
3. That the costs of the action be taxed against the Plaintiffs.
4. That a trial be had on all issues so triable; and
5. For such other and further relief as the Court may deem just and proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

This is the 3rd day of July, 2013.

                                  **BROCK & SCOTT, PLLC**

                                  _/s/ Marc S. Asbill_____
                                  Marc S. Asbill NC Bar# 39504
                                  Gregory D. Spink NC Bar# 40353
                                  Graham H. Kidner NC Bar# 13788
                                  5121 Parkway Plaza Blvd, Suite 100
                                  Charlotte, NC 28217
                                  Phone: 704-634-0290
                                  Fax: 704-553-4225

                                  *Attorneys for Defendants*
                                  *Brock & Scott, PLLC & Trustee Services*
                                  *of Carolina, LLC*

## CERTIFICATE OF SERVICE

       This is to certify that on this date the undersigned has served the foregoing **Answer of Defendants Brock & Scott, PLLC and Trustee Services of Carolina, LLC** upon all parties to this action by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com), Sean T. Patrick (spatrick@vmwlaw.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5445 Thuderidge Dr., Raleigh, NC 27610.

This is the 3rd day of July, 2013

                                      **BROCK & SCOTT, PLLC**

                                      /s/ Marc S. Asbill
                                      Marc S. Asbill NC Bar# 39504
                                      Gregory D. Spink NC Bar# 40353
                                      Graham H. Kidner NC Bar# 13788
                                      5121 Parkway Plaza Blvd, Suite 100
                                      Charlotte, NC 28217
                                      Phone: 704-634-0290
                                      Fax: 704-553-4225

                                      *Attorneys for Defendants*
                                      *Brock & Scott PLLC and Trustee Services*
                                      *of Carolina, LLC*