| | |
|---|---|
| GUSTAVO ROMANELLO ) | |
| ACELA ROMANELLO, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | NO. 5:12-CV-00371-FL |
| ) | |
| BANKUNITED, INC., TRUSTEE ) | |
| SERVICES OF CAROLINA, LLC, ) | |
| BROCK & SCOTT, PLLC, RAGSDALE ) | |
| LIGGETT, PLLC, ASHLEY H. ) | |
| CAMPBELL, ) | |
| ) | |
| DEFENDANTS. ) | |

## DEFENDANTS BROCK & SCOTT, PLLC AND TRUSTEE SERVICES OF CAROLINA, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Defendants Brock & Scott, PLLC (hereinafter "B&S") and Trustee Services of Carolina, LLC (hereinafter "TSC") (B&S and TSC collectively referred to as "Moving Defendants"), by and through their undersigned attorneys, and submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs, Gustavo Romanello and Acela Romanello's, (hereinafter "Plaintiffs") Second Amended Complaint (hereinafter "Amended Complaint") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

1

## NATURE OF THE CASE

Plaintiffs bring the instant case in an attempt to recover for alleged improprieties arising out of the origination, servicing, and foreclosure of property located at 5445 Thunderidge Dr., Raleigh, NC (hereinafter the "Property"). Plaintiffs misunderstand and misconstrue the provisions of a variety of Federal Acts designed to protect consumers from predatory practices, and attempt to apply those standards to the Moving Defendants for actions arising out of an ordinary foreclosure. Plaintiffs' Amended Complaint is based upon creative and incorrect interpretation of the statutes upon which Plaintiffs purportedly base their claims. Plaintiffs fail to allege the minimum necessary factual support for their claims, frequently reciting statutory construction in their Amended Complaint without facts in support thereof. Additionally, the various statutes cited by Plaintiffs could not, under any plausible set of circumstances, give rise to an actionable claim against Moving Defendants. B&S is only named in Plaintiffs' first cause of action, and TSC is only named in Plaintiffs' first, second, and third causes of action.

## STATEMENT OF FACTS

In their original and First Amended Complaint, Plaintiffs' claims initially were an attempt to forestall a pending foreclosure. Compl. *Generally*. In those two complaints, their claims allegedly arose out of the origination, servicing, and initiation of foreclosure proceedings regarding a promissory note (hereinafter "Note") and deed of trust (hereinafter "Deed of Trust") executed by Plaintiffs on or about July, 2005. Compl. ¶ 11. The Plaintiffs are owners of the Property subject to the Deed of Trust. Id. After two renditions of their Complaint, the foreclosure having been completed, Plaintiffs now have shifted their focus away from the servicing, leaving allegations regarding what they contend is an improper Good Faith Estimate (hereinafter "GFE")

2

disclosure under the Real Estate Settlement Procedures Act (hereinafter "RESPA"), and alleged improprieties with purportedly botched notices under the Fair Debt Collection Practices Act (hereinafter "FDCPA"). Plaintiffs also make claims under the North Carolina Debt Collection Act (hereinafter "NCDCA"), and the North Carolina Unfair and Deceptive Trade Practices Act (hereinafter "UDTPA") which are not based on actual factual allegations, but appear to come from the allegations regarding the GFE and their FDCPA claims.

Plaintiffs' First Amended Complaint is confusing in that it is difficult to follow against which defendants each cause of action is addressed with the result that facts alleged as against one defendant relative to a particular cause of action, are allegedly imputed to another defendant – or defendants – in another cause of action.

Plaintiffs generally contend that Moving Defendants (1) "didn't cease trying to collect before validating the debt" after an alleged FDCPA dispute was sent; (2) "used unfair or unconscionable means to collect or attempt to collect a debt" by using an allegedly false Assignment of Note and Deed of Trust (hereinafter the "Assignment"); (3) were "falsely representing the character, amount or legal status of any debt" based upon their misinterpretation of the RESPA GFE and its application to the terms of the note; and (4) were engaging in "unfair or deceptive acts to collect the debt." A. Compl. ¶ 19, 25, 26, 29, 34, 36, 37, 42, 45 – 47.

Aside from listing the various federal and state statutes upon which they base their complaint, Plaintiffs provide very few actual factual assertions relevant to wrongdoing by Moving Defendants. Instead, the Amended Complaint makes conclusory allegations and states elements of causes of action without alleging how their theories apply to their particular debt or Moving Defendants' alleged conduct. Plaintiffs' claims under the FDCPA rely upon conclusions

3

of law and fail to sufficiently plead actionable offenses by Moving Defendants. A. Compl. ¶¶ 25, 26, 34, 35, 36, 37.

Plaintiffs make unsuported and baseless allegations regarding the Assignment introduced at the underlying foreclosure proceedings, and state that the Assignment was introduced as "a litigation tool by the foreclosure attorney designed to close the gap in the chain of title." A. Compl. ¶ 29. Plaintiffs also appear to base the rest of their claims on the findings of a "forensic audit" performed on their behalf, to which a discrepancy of $10,000.00 was allegedly found between the GFE provided at origination and the actual loan amount reflected on the Note. A. Compl. ¶¶ 25, 37, 42; Exhibit H. Beyond the facts addressed above, Plaintiffs have stated no additional factual allegations with regards to the actions of Moving Defendants.

**STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)."To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Id. at 555, 570, 127 S.Ct. at 1965, 1974. Generally, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (citations omitted). The Court however is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Veney

4

v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). "For purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) citing District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

While complaints filed by *pro se* litigants are to be liberally construed, they must still comply with Rule 8 of the Federal Rules of Civil Procedure. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 252 (4th Cir. 2005). A *pro se* plaintiff cannot merely give conclusory statements, but must "allege with specificity some minimum level of factual support" in order for a party to avoid a dismissal. White v. White, 886 F.2d 721, 724 (4th Cir. 1989); *quoting* Weller v. Dept. of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990), ("While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them.) *see also* Bullock v. Ferrer, Poirot & Wansprough, 5:09-CV-328-F, 2009 WL 2767666 (E.D.N.C. Aug. 28, 2009 ("the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (emphasis added).

**ARGUMENT**

**I.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiffs fail to sufficiently allege any claim against Moving Defendants under the FDCPA. To establish a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the

5

FDCPA." Boosahda v. Providence Dane LLC, 462 F. App'x 331 n.333 (4th Cir. 2012) (citing Ruggia v. Wash. Mut., 719 F.Supp.2d 642, 647 (E.D.Va. 2010)).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiffs have failed to aver any abusive debt collection practices on the part of Moving Defendants. Rather, they attempt to co-mingle allegations which would otherwise be directed at other defendants under various federal statutes, and attempt to impute whatever improprieties they have alleged with regards to the Assignment onto Moving Defendants.

The FDCPA is also governed by a one year statute of limitations, from the date when the violation occurs. "An action to enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k. As such, in addition to more specific arguments provided herein, all of Plaintiffs' allegations as against Moving Defendants which occurred on or before August 2, 2012 are barred by the statute of limitations.

### a. No valid claim under the FDCPA's Validation of Debts Provisions at 15 U.S.C. § 1692g(b)

Moving Defendants did not violate the provisions of the FDCPA which require debt collectors to cease collection of a debt while it is disputed. Plaintiffs claim that Moving Defendants violated this section "in that they failed to cease collection efforts while debt was disputed." A. Compl. ¶ 34. That contention is an incorrect interpretation of the statute. The Federal Trade Commission has issued commentary on this particular issues stating:

> An attorney debt collector may take legal action within 30 days of
> sending the required validation notice, regardless of whether the

> consumer disputes the debt; if the consumer disputes the debt, the attorney may still take legal action but must cease other collection efforts (e.g., letters or calls to the consumer) until verification is obtained and mailed to the consumer. 53 Fed. Reg. 50097, 50101 (Dec. 13, 1988).

The Fourth Circuit has also held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). Plaintiffs admit that they received a letter in response to their Qualified Written Request / Debt Validation / Notice of Dispute letter (hereinafter "Dispute Letter") on April 26, 2011. A. Compl. ¶ 23; Exhibit E. Plaintiffs fail to allege *any* specific acts on the part of Moving Defendants in the period between when their Dispute Letter was sent, and when the response was sent to the Plaintiffs. As the Supreme Court discussed in Twombly, Plaintiffs have engaged in the classic mere recitation of the elements of a cause of action. Twombly, 550 U.S. 544. Plaintiffs have failed to plead any particular instance or action under which Moving Defendants engaged in collection efforts during the period of time protected by the Act.

Plaintiffs attempt to interpose a responsibility upon Moving Defendants beyond that which is imposed by the FDCPA and this Court in Chaudhry. Plaintiffs state that Moving Defendants "didn't cease to try to collect before validating the debt, breaking the law in the process, in the months of May thru August, 2011, getting Court approval to foreclose on the property." A. Compl. ¶ 26. The basis of this allegation is that Plaintiffs did not receive copies of the allonge, answers to questions, or verified copies of documents. A. Compl. ¶¶ 23-26. The Plaintiffs interpretation of the FDCPA requirements is incorrect. Moving Defendants did in fact move forward with the foreclosure proceedings, but only after the Dispute Letter was addressed in April with a letter responding with the loan payment history and a validation. A. Compl. ¶ 23;

7

Exhibit E. As evidenced in the exhibit and therefore admitted in Plaintiffs' Amended Complaint, the letter sent in response to the dispute letter fully complied with the provisions of the FDCPA regarding validation of the debt. In addition to there being no FDCPA violation present, more generally, such an allegation, even if true, would be barred under the one year statute of limitation found within 15 U.S.C. 1792k.

As such, Plaintiffs' misunderstanding of the provisions of the FDCPA, and the duty to cease collection activity cannot be woven into a cause of action as against Moving Defendants. Where Plaintiffs have failed to make any factual averments that Moving Defendants engaged in collection activities between the time that their Dispute Letter was sent, and the response validating the debt was sent, Plaintiffs have failed to state a claim under 15 U.S.C. § 1692g(b).

      **b. No valid Claim under the FDCPA's Unfair Practices Provision at 15 U.S.C. § 1692f**

Plaintiffs have failed to allege that Moving Defendants used any unfair or unconscionable means to collect the debt. Plaintiffs assert that the basis for their claim under 15 U.S.C. § 1692f is that Moving Defendants produced an Assignment of Note and Deed of Trust at the foreclosure proceedings. A. Compl. ¶¶ 29, 36. The Assignment however was properly before the Court in the underlying foreclosure proceeding and was properly admitted. Plaintiffs now ask this Court to invalidate the Assignment, essentially to review the decision of the state Court. Since virtually all claims of the Plaintiffs arise out of either the actions of defendants in the underlying foreclosure, or notices provided in conjunction with said foreclosure, Moving Defendants ask this Court take judicial notice of all of the filings in the action captioned 11 SP 769 (hereinafter the "Foreclosure Action") in Wake County, North Carolina under Fed. R. Evid. 201. "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within

and without the federal judicial system, if those proceedings have a direct relation to matters at issue" Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (1983) (citations omitted)).

In the Foreclosure Action, the Court issued an Order allowing foreclosure, establishing that the Assignment was appropriate and that BankUnited was the holder of the Note, and entitled to enforce the Deed of Trust. The foreclosure sale was subsequently scheduled, held, confirmed, and a Trustee's Deed recorded.

Plaintiffs are barred from seeking the jurisdiction of this Court to review the decision made at the state Court under the doctrine of *res judicata* and the Rooker-Feldman Doctrine. Under the Rooker-Feldman doctrine, this Court does not have jurisdiction to consider the Plaintiffs' claims. The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486, 103 S.Ct. 1303).

As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff clearly asks this Court to overturn the validity of the Assignment, which has been accepted by the state Court. This Court should not review the validity of the Assignment, which was solely within the purview of the state Court. For this Court to make a determination as to the validity of the Assignment would be to directly review the decision of the state Court. The Court in North Carolina foreclosure cases is limited to very specific findings: "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is [or is] not a home loan as defined in G.S. 45-101(1b)." N.C. Gen. Stat. § 45-21.16. Under sections (i) and (iii), the Court made a

determination that based on the indorsements on the Note and the Assignment that the foreclosure was proper. If the Plaintiffs in the instant action had wished to seek a review of that judicial determination the proper method to do so was to appeal under N.C. Gen. St. § 45-21.16(d1) within ten days and to post an appropriate bail, or to seek the jurisdiction of the Superior Court by filing a separate action in equity under N.C. Gen. St. § 45-21.34. Petitioner did neither of these, and therefore the validity of the Assignment should not be reviewed by this Court, having already been determined by the state Court.

As such, Plaintiffs' claims are based solely on the alleged invalidity or false nature of the Assignment, which has already been deemed valid. Where the Assignment is a valid instrument and Plaintiffs no additional basis for their claim under 15 U.S.C. § 1692f, they have failed to plead facts to establish a claim under that section of the code. Further, Plaintiffs have failed to plead Moving Defendants had any knowledge of fraud or falsity of the instrument.

### c. No valid claim under the FDCPA's False or Misleading Representations Provision at 15 U.S.C. § 1692e(2)

Plaintiffs have not sufficiently alleged that Moving Defendants falsely represented the character or amount of the debt, or the legal status thereof. The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. More specifically, it provides that the following is a violation:

> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully
>     received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2).

Plaintiffs base their claim under this subsection on the contention that "there's a $10,000 discrepancy in the total finance charge in the lifetime of the loan." A. Compl. ¶ 37. The basis of their claim for the $10,000.00 discrepancy is from a "forensic audit" Plaintiffs had conducted on the loan. A. Compl. ¶ 25; Exhibit H. The audit is based on the difference between the loan documents and GFE provided by BankUnited in the period before the loan was made. Id. Additionally, the discrepancy which the Plaintiffs make reference to is actually $10,000.00 in their favor – that is, had the Romanello's fulfilled their obligations under the loan and made their payments, the total finance charges over the life of the loan would have been $10,000.00 *lower* than the GFE.

Notwithstanding all of this, Moving Defendants, acting in their capacity as Trustee, attorney for the Trustee, and debt collectors, only have a duty to act on the actual terms of the debt obligation. In this case, there is no allegation from the Plaintiffs that Moving Defendants misrepresented the character, amount, or legal status of the actual debt that the Romanellos agreed to pay; the amount reflected on the face of the Note, signed by the Plaintiffs. Plaintiffs attempt to co-mingle alleged violations arising out of the GFE, however misguided, and impute that responsibility onto Moving Defendants in conjunction with the foreclosure action.

Where Plaintiffs have not made any factual averments regarding misrepresentation of the debt other than the difference between the GFE and the Note, Plaintiffs have failed to allege any facts which could rise to a cause of action as against Moving Defendants. Where they have failed to allege such bad acts, they have failed to state a claim under 15 U.S.C. § 1692e(2).

## II. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NC DEBT COLLECTION ACT

Plaintiffs do not sufficiently allege facts to support a claim under the NCDCA. Under the NCDCA, no debt collector shall collect or attempt to collect a debt by any fraudulent, deceptive, or misleading representations. N.C. Gen. Stat. § 75-54. Plaintiffs' sole basis under this cause of action is that Moving Defendants violated the NCDCA in that Moving Defendants "misrepresented the amount owed by Plaintiff's in the February 7 letter, there's a $10,000 difference in the finance charge amount over the life of the loan." A. Compl. ¶ 42.

While such averment is generally not in accord with Rule 8 of the Fed. R. Civ. P., Moving Defendants can only infer, based on a reading of the Amended Complaint in its entirety, that Plaintiffs again refer to the distinction between what was provided in the GFE, and what was actually reduced to terms in the form of the Note. Again, notwithstanding that the difference in the GFE and the actual terms of the Note was a negative difference in terms of total dollars, whatever discrepancy there may be is completely irrelevant as against Moving Defendants.

Plaintiffs misunderstand RESPA, and as such their RESPA claims do not apply to Moving Defendants in their sole capacity as Trustee, and Attorneys for the Trustee, and more generally, as debt collectors. Plaintiffs have not made any factual allegations that Moving Defendants reported or conveyed that the amount of debt was in any way misrepresentative of the terms contained in the Note and Deed of Trust. Rather, they appear to continue to rely on the difference between the GFE and the terms of the Note. Plaintiffs admit in their Amended Complaint that Moving Defendants provided an itemized statement showing the outstanding principal, accrued and unpaid interest, and associated charges in accordance with the terms of their Note. A. Compl. ¶¶ 19, 20; Exhibit C. Plaintiffs never allege that the information provided to them mischaracterized the debt as it existed under the terms of the Note and Deed of Trust, nor that Moving Defendants made any fraudulent, deceptive, or misleading representations.

13

Plaintiffs are attempting to conjoin the responsibilities under the RESPA at 12 U.S.C. § 2601 *et seq.*, and more particularly the provisions regarding a GFE into some phantom obligation of a Trustee to look into the GFE from origination. Moving Defendants did not originate this loan, and are not subject to the provisions of RESPA.

Plaintiffs have failed to make any averments regarding violations of the NCDCA sans their misinterpretation of the provisions related to RESPA. Since Plaintiffs have failed to plead any specific factual allegations regarding their false representation of the character, extent or amount of the debt, Plaintiffs have failed to establish a *prima facie* cause of action. Accordingly, any claim based upon a purported violation of the NCDCA fails and must be dismissed.

### III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

Plaintiffs have failed to plead a single factual averment necessary to state a claim under the UDTPA. Plaintiffs allege that Moving Defendants' "unfair or deceptive acts to collect the debt occurred in commerce," that Plaintiffs suffered mental anguish and emotional distress, and that the actions of Defendants "proximately caused economic injury to Plaintiffs, are affecting commerce, have the capability to deceive an ordinary consumer, are unscrupulous, immoral and oppressive, and constitute unfair and deceptive trade practices." A. Compl. ¶¶ 45-47.

To recover under North Carolina's UDTPA, "one must show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception." Cameron v. Martin Marietta Corp., 729 F.Supp. 1529 (1990), (citing Barolomeo v. S. B. Thomas, Inc., 889 F.2d 530, 534 (4th Cir. 1989)). Plaintiffs have not established any factual basis for the allegations in the Amended Complaint, nor alleged any particular facts which show that the acts complained of possessed such tendency or capacity to mislead, or created the likelihood of deception.

In applying the standards found in Twombly, White, and Edwards, it becomes clear that Plaintiffs have merely recited the elements, failing to provide any specific allegations, and resorting to mere legal conclusions. All of these are in direct opposition to the line of those cases, well established in these Courts and others. There are simply no allegations in the Complaint of any wrongdoing as against Moving Defendants other than Plaintiffs' apparent misunderstanding of a variety of federal statutes and their applicability. A. Compl. *Generally*. Had any such acts actually occurred, Plaintiffs could have and should have set forth such averments in their Amended Complaint, but any such allegations are absent here.

The allegation that conduct constituted unfair or deceptive acts or practices is a conclusion of law. Plaintiffs have failed to plead with sufficiency any factual allegations to form a basis for relief under their claim for this cause of action under the North Carolina UPDTA. Accordingly, any claim arising under this cause of action fails and must be dismissed.

### IV. PLAINTIFFS FAIL TO DIRECT ANY OF THEIR ADDITIONAL CAUSES OF ACTION AT MOVING DEFENDANTS.

The Federal Rules of Civil Procedure requires among other things that pleading a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

It should be noted that at various junctions in Plaintiffs' Amended Complaint, they refer to "Defendants" without specifying who they are directing their actions. Moving Defendants contend that from a fair reading of the Amended Complaint, Moving Defendants, and any other reasonable party in their shoes, have only been put on notice of causes of action against it as

enumerated in the instant memorandum. As such, should this Court conclude that any causes of action not specifically addressed by Moving Defendants apply to them, Moving Defendants state that Plaintiffs have failed to put Moving Defendants on proper notice under Rule 8 of the Fed. R. Civ. P. As such, Plaintiffs have failed to sufficiently allege any additional causes of action as against Moving Defendants, and to the extent that any of those causes of action are attempted to apply to them, they should be dismissed.

## CONCLUSION

For the reasons set forth above, this Court should dismiss with prejudice all counts in Plaintiffs' Amended Complaint and award Moving Defendant's any relief that the Court deems appropriate.

Respectfully submitted this 8th day of August, 2013.

                    BROCK & SCOTT, PLLC

BY:    _ /s/ Marc S. Asbill_____
        Marc S. Asbill, NC Bar #39504
        Brock & Scott, PLLC
        5121 Parkway Plaza Blvd.,
        Charlotte, NC 28217
        704-643-0290 (Phone)
        704-553-7225 (Fax)
        Marc.Asbill@BrockandScott.com
        *Counsel for Brock & Scott, PLLC &*
        *Trustee Services of Carolina, LLC*

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO )<br>ACELA ROMANELLO, )<br>                                                )<br>            PLAINTIFFS, )<br>                                                )<br>      VS.                                    )<br>                                                )<br>BANKUNITED, INC., TRUSTEE )<br>SERVICES OF CAROLINA, LLC, )<br>BROCK & SCOTT, PLLC, RAGSDALE )<br>LIGGETT, PLLC, ASHLEY H. )<br>CAMPBELL, )<br>                                                )<br>            DEFENDANTS.       ) | NO. 5:12-CV-00371-FL |

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF and served via First-Class Mail, postage prepaid, addressed to:

| | |
|---|---|
| Gustavo Romanello<br>Acela Romanello<br>5317 Cottage Bluff Ln.<br>Knightdale, NC 27545 | Barbara B. Weyher<br>Sean T. Partrick<br>Yates, McLamb & Weyher, LLP<br>P. O. Box 2889<br>Raleigh, NC 27602-2889<br>Attorney for BankUnited, Inc. |
| Robert S. Shields , Jr.<br>Jonathan Whitfield Gibson<br>Manning Fulton & Skinner, P.A.<br>P. O. Box 20389<br>Raleigh, NC 27619<br>Attorney for Ragsdale Liggett, PLLC and<br>Ashley H. Campbell | |

[SIGNATURE ON FOLLOWING PAGE]

BROCK & SCOTT, PLLC

BY:   _/s/ Marc S. Asbill_____
Marc S. Asbill, NC Bar #39504
Brock & Scott, PLLC
5121 Parkway Plaza Blvd.,
Charlotte, NC 28217
704-643-0290 (Phone)
704-553-7225 (Fax)
Marc.Asbill@BrockandScott.com
*Counsel for Brock & Scott, PLLC &*
*Trustee Services of Carolina, LLC*