UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | | |
|---|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendant BankUnited, Inc. (BankUnited, Inc.), pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, moves the Court for an order that all claims alleged by the above-

captioned plaintiffs (the Romanellos) against BankUnited, Inc. be dismissed for failure to state a

claim upon which relief can be granted. In support of this motion, BankUnited, Inc. respectfully

shows the Court as follows:

1.       The Romanellos filed the present civil action alleging claims based on (1) the Fair

Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.*, the FDCPA); (2) the North Carolina

Debt Collection Act (N.C. Gen. Stat. § 75-50 *et. seq.*, the NCDCA), (3) Unfair or Deceptive

Trade Practices (N.C. Gen. Stat. §75-1.1 *et. seq.*, UDTP), (4) the Truth in Lending Act (15

U.S.C. § 141(g), TILA), and (5) the Real Estate Settlement Procedure Act (12 U.S.C. § 2605,

RESPA).

2.       In July 2005, the Romanellos signed a promissory note (Promissory Note) and

deed of trust (Deed of Trust) as part of a residential real estate purchase. BankUnited, FSB

extended a loan to the Romanellos and the Promissory Note they signed was originally held by BankUnited, FSB.

3.     On or about May 21, 2009, the Federal Deposit Insurance Corporation (FDIC) took possession of all assets and affairs of BankUnited, FSB and appointed a receiver for BankUnited, FSB.

4.     On or about May 21, 2009, a new entity named Unitedbank was formed. On or about May 22, 2009, Unitedbank changed its name to BankUnited, a federal savings association.

5.     Pursuant to a Purchase and Assumption Agreement (Whole Bank, All Deposits) dated May 21, 2009, the FDIC sold the assets formerly owned by BankUnited, FSB to the new entity named BankUnited. This sale included the Romanellos' loan and Promissory Note.

6.     The Romanellos allege that they filed for bankruptcy in May 2009 and they allege that the debt due under the Promissory Note was discharged in bankruptcy in August 2009.

7.     The Romanellos allege that in January 2011, the defendants initiated foreclosure proceedings against them related to the real property described in their Complaint.

8.     Shortly after the foreclosure proceedings began, the Romanellos "requested a verification of the alleged debt" from "BankUnited" and others. The Romanellos admit that they received a statement of monthly payments due after their request for verification of the debt.

9.     The Romanellos further allege that the defendants, including BankUnited, Inc., continued to seek court approval of the foreclosure sale between May and August, 2011.

10.     The Romanellos allege that during the foreclosure proceedings, the defendants, including BankUnited, Inc. introduced a "bogus" Assignment of Note and Deed of Trust (the Assignment Document) from the FDIC to BankUnited. The Romanellos allege that the Assignment Document somehow creates a defect in the chain of title that affects foreclosure

proceedings. Because the Complaint refers to the Assignment Document as a substantial basis for their claims against BankUnited, Inc., a copy of the Assignment Document is attached hereto as Exhibit A, which includes the Assignment and the Purchase and Assumption Agreement (Whole Bank, All Deposits) dated May 21, 2009 described in the Assignment Document.

11.     On or about February 29, 2012, BankUnited changed its name to BankUnited, National Association, also known as BankUnited, NA.

12.     BankUnited, Inc. is the bank holding company for BankUnited, NA. BankUnited, Inc. is not nor has it ever been the holder of the Promissory Note.

13.     BankUnited, Inc. has not had any communication with the Romanellos about collecting on the Promissory Note because BankUnited, Inc. did not own the Promissory Note. The actual holder of the Promissory Note is BankUnited, NA.

14.     Even if the Romanellos had correctly named BankUnited, NA as a defendant in this civil suit, they could not pursue an FDCPA claim against BankUnited, NA because it is not a debt collector, as defined by 15 U.S.C. § 1692a(6). BankUnited, NA is not in the business of debt collection. The Romanellos have not alleged that BankUnited, NA is trying to collect the debts of another. The alleged communications only concerned the Promissory Note owned and held by BankUnited, NA.

15.     Further, even if BankUnited, Inc. were the correct party to be sued, it would be exempted from the FDCPA as it would be allegedly acting as a debt collector for another entity and where both entities are related by common ownership or affiliated by corporate control. 15 U.S.C. § 1692a(6)(B).

16.     The Romanellos cannot pursue a NCDCA claim against BankUnited, Inc. or BankUnited, NA because neither entity is a "debt collector" as defined under N.C. Gen. Stat. §

75-50(3). The Romanellos' alleged claims should fall under Article 70, Chapter 58 of the North Carolina General Statutes and both BankUnited, Inc. and BankUnited, NA would be exempt under that statute. *See* N.C. Gen. Stat. § 58-70-15.

17.    The claims alleged by the Romanellos under TILA are barred by the applicable statute of limitations.

18.    The claims alleged by the Romanellos under the RESPA are barred by the applicable statute of limitations.

19.    The documents attached to the Romanellos' Amended Complaint show that there was a timely response to the Romanellos' Qualified Written Request under RESPA, which complied with that statute.

20.    Because the Romanellos have failed to allege any viable claim against BankUnited, Inc. under the FDCPA or the NCDCA, the Romanellos cannot set forth a viable UDTP claim against BankUnited, Inc. based on these same allegations.

For the reasons stated above and in the supporting memorandum of law filed contemporaneously herewith, BankUnited Inc. respectfully requests that all claims in the Romanello's Second Amended Complaint be dismissed.

This the 9th day of August, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5317 Cottage Bluff Lane, Knightdale, NC 27545.

This the 9th day of August, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910