UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Romanellos, | ) ) |
| vs. | ) **BRIEF IN SUPPORT OF** ) **DEFENDANT BANKUNITED, INC.'S** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **MOTION TO DISMISS PLAINTIFFS'** ) **SECOND AMENDED COMPLAINT** ) ) |
| Defendants. | ) ) |

Defendant BankUnited, Inc. (BankUnited, Inc.) submits this brief in support of its motion to dismiss pursuant to L.R. 7.2 of the Local Rules of Practice and Procedure for the United States District Court, Eastern District of North Carolina.

## INTRODUCTION AND SUMMARY

The above-captioned plaintiffs (the Romanellos), have alleged certain claims against BankUnited, Inc. under various federal and state debt collection statutes. These claims are directly related to foreclosure proceedings on a promissory note (the Promissory Note) and deed of trust (the Deed of Trust) for property that was owned or previously owned by the Romanellos. The Romanellos have incorrectly named BankUnited, Inc. as a defendant in this matter because they incorrectly believe that BankUnited, Inc. is the holder of the Promissory Note. However, BankUnited, Inc. is only a bank holding company. The actual holder of the Promissory Note is a separate entity—BankUnited, National Association (BankUnited, NA).

Even if the Romanellos had named the correct BankUnited entity, they cannot show that either BankUnited, Inc. or BankUnited, NA is liable for any the claims alleged in their amended

complaint (the Amended Complaint). First, neither BankUnited, Inc. nor BankUnited, NA is a debt collector under the Fair Debt Collection Practices Act (the FDCPA, 15 U.S.C. § 1692 *et seq.*), because the Romanellos do not allege that either entity was trying to collect the debts of another entity. Also, both BankUnited entities are expressly exempt from these particular claims under the FDCPA. *See* 15 U.S.C. §§ 1692a(6)(A), (B) and (F)(iii). The Romanello's FDCPA claims are also barred by the applicable statute of limitations.

The Romanellos' claims under the North Carolina Debt Collection Act (NCDCA), N.C. Gen. Stat. § 75-50 *et seq*, are also defective. The applicable statute in this case is N.C. Gen. Stat. § 58-70-90 *et seq.*, but banks are expressly exempted from liability under this statute. Because the Romanellos cannot set forth any separate violation of the debt collection statutes they cite, the Romanellos cannot bring a separate unfair and deceptive trade practices claim under N.C. Gen. Stat. § 75-1.1.

Finally, the Romanellos' claims under the Truth in Lending Act (TILA, 15 U.S.C. § 1641(g)) and under the Real Estate Settlement Procedure Act (RESPA, 12 U.S.C. § 2605) are either barred by the applicable statutes of limitation, or because they have failed to allege a violation of REPSA based on BankUnited's response (the Response) to the Romanellos' Qualified Written Request (QWR).

## STATEMENT OF THE CASE

The Romanellos commenced a civil action by filing a complaint (the Complaint) and civil summons (the Civil Summons) in the United States District Court, Eastern District of North Carolina, on or about July 30, 2012. BankUnited, Inc. was served with a copy of the Civil Summons and Complaint on August 14, 2012. In response to the Complaint, on September 4,

2

Case 5:12-cv-00371-FL   Document 66   Filed 08/09/13   Page 2 of 18

2012, BankUnited, Inc. timely filed and served a motion to dismiss (the Motion to Dismiss) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On October 22, 2012, while BankUnited, Inc.'s Motion to Dismiss was pending, the Romanellos filed a motion for leave to amend the Complaint (the Motion to Amend).

In an order dated June 19, 2013 (the June 19 Order), the Court granted the Romanellos' Motion to Amend, allowing the Romanellos to file an amended complaint (the Amended Complaint), and denied without prejudice the BankUnited, Inc.'s Motion to Dismiss. In the June 19 Order, the Court also allowed the defendants to submit proposed deadlines for filing future motions to dismiss the Amended Complaint. The Court later issued an order allowing the defendants until August 9, 2013 to file motions to dismiss the Amended Complaint. This matter is currently before the Court on BankUnited, Inc.'s Motion to Dismiss the Romanellos' Amended Complaint.

## STATEMENT OF THE FACTS

Since BankUnited, Inc's first Motion to Dismiss was filed, counsel for BankUnited, Inc. has learned that BankUnited, Inc. was merely a bank holding company, and that the Promissory Note was actually held by another entity—BankUnited, NA. This information is reflected in this new Statement of the Facts.

This case involves a Promissory Note and Deed of Trust signed by the Romanellos as part of a real estate purchase. The original lender and the holder of the Promissory Note and Deed of Trust was BankUnited, FSB. (Am. Comp. ¶ 13). In May of 2009, the Federal Deposit Insurance Corporation (FDIC) took possession of all the assets and affairs of BankUnited, FSB. (*See* Am. Comp., Exhibit K, the Assignment Document). On May 21, 2009, the FDIC sold

certain assets formerly owned by BankUnited, FSB to a new entity simply called "BankUnited."[1] *Id.* On or about February 29, 2012, the new entity called "BankUnited" changed its name to BankUnited, National Association (BankUnited, NA). Since that time, BankUnited, NA has been the holder of the Promissory Note and Deed of Trust. In this case, the Romanellos have mistakenly sued BankUnited, Inc., but BankUnited, Inc. is only the bank holding company of BankUnited, NA, as evidenced by information obtained from the FDIC website. (Exhibit 1). The actual banking entity is BankUnited, NA.

Romanellos allege that sometime in the last week of September, 2010, they received a letter from the collection department of BankUnited demanding payments due under the note and threatening acceleration of the loan and foreclosure of the property secured by the Promissory Note and Deed of Trust. (Am. Comp. ¶ 14); (*see also*, Am. Comp., Exhibit A). The Romanellos incorrectly contend that this letter was an attempt to collect a debt under the FDCPA and thus, the letter should have included certain informational statements required by the FDCPA. (Am. Comp. ¶¶ 15, 16). The Romanellos further allege that they received another letter from BankUnited dated December 22, 2010. (Am. Comp. ¶ 17); (*see also*, Am. Comp., Exhibit B). The December 22, 2010 letter included block form language at the bottom of the letter stating "THIS IS AN ATTEMPT TO COLLECT A DEBT." (Am. Comp., Exhibit B). The Romanellos incorrectly contend that this letter also should have included certain informational statements required under the FDCPA. (Am. Comp. ¶ 17).

---

[1] An Assignment Document was attached to the Amended Complaint as Exhibit K. That Assignment Document describes a purchase agreement where the FDIC transferred all the assets and deposits of BankUnited, FSB to a new entity named "BankUnited." This sale included the Romanellos' loan and other rights and interests related to the loan. The Assignment Document was presented in Wake County Civil Superior Court as part of the foreclosure proceedings. (Am. Comp. ¶ 23). In a September 7, 2011 Order, the Honorable Judge Robert Hobgood noted that he presided over the August 29, 2011 hearing described in Paragraph No. 23 of the Amended Complaint. (Exhibit 2). In that Order, Judge Hobgood found as a fact that BankUnited was the holder of the Promissory Note. (Id.)

4

Subsequently, the Romanellos received a February 7, 2011 letter from Trustee Services of Carolina, LLC (Trustee Services) stating that Trustee Services had been retained to begin proceedings to foreclose the mortgage on the Romanellos' property. (Am. Comp. ¶ 21); (*see also* Am. Comp., Exhibit C). On February 25, 2011, the Romanellos sent a letter to BankUnited and Trustee Services. (Am. Comp., Exhibit D). The Romanellos allege that this letter included a debt verification request and a QWR for information under RESPA. (Am. Comp. ¶ 21). The Romanellos admit that they received a letter from BankUnited dated April 26, 2011 (the Response) that provided certain information about their debt along with certain other documents about their loan account and loan payments. They nevertheless incorrectly contend that the Response was not sufficient under RESPA, and that the Response did not adequately verify their debt. (Am. Comp. ¶¶ 23-25); (*see also* Am. Comp., Exhibit E). The Romanellos also incorrectly argue that BankUnited continued to foreclose on the property without properly validating the debt under the FDCPA. (Am. Comp. ¶ 26)

Foreclosure proceedings were later initiated by Trustee Services. During an August 29, 2011 hearing in Wake County Civil Superior Court related to the foreclosure process, BankUnited introduced an Assignment of Note and Deed of Trust (the Assignment Document). (Am. Comp. ¶ 29). In their original Complaint, the Romanellos called the Assignment Document "bogus." However, the Assignment Document was considered by the presiding judge, who found as a matter of fact that BankUnited was the current and proper holder of the Promissory Note. (Exhibit 2)

In the Amended Complaint, the Romanellos allege new claims under TILA and RESPA, essentially arguing that BankUnited, FSB failed to notify them when their loan was transferred

or sold to BankUnited. (Am. Comp. ¶¶ 48-51). They also allege a new claim that BankUnited failed to respond properly to their QWR.

BankUnited, Inc. denies these allegations and moves to dismiss all claims alleged in the Amended Complaint.

## ARGUMENT

### A. Standard of Review.

In assessing a motion to dismiss under Rule 12(b)(6), a court takes all factual allegations as true and it then determines if the complaint contains sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Threadbare assertions of the elements of a claim that are only supported by mere conclusory statements will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss, it is also proper to take judicial notice of matters of public record. *Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009; *see also Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (noting that it was proper to consider publically available statistics from an official government website). It is also proper to consider documents attached to the complaint as part of a Rule 12(b)(6) motion when those documents are central or integral to the complaint. *Blankenship v. Manchin*, 471 F.3d 523 (4th Cir. 2006).

### B. BankUnited, Inc. is not the proper party to be sued for the alleged actions related to the Promissory Note or any alleged debt collection activity related to the Promissory Note.

The Romanellos have named BankUnited, Inc. as a party to this matter and all allegations in the Amended Complaint are asserted against BankUnited, Inc. However, as explained in the Statement of Facts above, BankUnited, Inc. is just a holding company for BankUnited, NA, and information from the FDIC's official website confirms this. (Exhibit 1). BankUnited, Inc. is not a

6
Case 5:12-cv-00371-FL   Document 66   Filed 08/09/13   Page 6 of 18

chartered bank. It did not participate in any foreclosure activities regarding the Romanellos and it did not participate in the activities alleged in the Amended Complaint.

The current holder of the Romanellos' Promissory Note is BankUnited, NA. The original note holder was the original lender, BankUnited, FSB. (Am. Comp. ¶ 13). Through a series of events, the FDIC took possession of all the assets and affairs of BankUnited, FSB and sold those assets to a new entity, BankUnited. *Id.* Information from the FDIC's official website shows that a new institution was established on or about May 21, 2009 under the name "Unitedbank" with FDIC No. 58979. (Exhibit 1). That new entity acquired the assets and deposits of BankUnited, FSB on May 21, 2009. *Id.* That same entity changed its name to "BankUnited" on May 22, 2009. *Id.* BankUnited retained the same FDIC No. 58979. Later, on or about February 12, 2012, BankUnited changed its name to BankUnited, National Association (also known as BankUnited, NA). *Id.* BankUnited, NA retained the same FDIC No. 58979. *Id.*

In this case, the Romanellos have sued BankUnited, Inc. for actions related to foreclosure and collection on the Promissory Note, but they have sued the incorrect legal entity. The holder of the Promissory Note and the only entity that could initiate foreclosure proceedings or attempt to collect on the Promissory Note is BankUnited, NA. Because the Romanellos have named the incorrect corporate entity, all claims against BankUnited, Inc. should be dismissed.

### C. **BankUnited, NA is not a debt collector under the FDCPA and it is further exempt from the statute under 15 U.S.C. § 1692a(6)(F).**

Even if the Romanellos had named BankUnited, NA as a defendant in this case, they could not assert an FDCPA claim against BankUnited, NA because it is not a debt collector as defined by the FDCPA. Specifically, the FDCPA defines a debt collector as any person in any business the principal purpose of which is the collection of debts or who regularly collects or attempts to collect the debts owed or due another. 15 U.S.C. § 1692a(6). The Promissory Note

belonged to BankUnited, NA, so even if BankUnited, NA was contacting the Romanellos about the Promissory Note, it would have been trying to collect its own debt, and not a debt owed to another. Next, BankUnited, NA's principal business is banking and lending, not debt collection—it does not regularly attempt to collect debts owed or due another. Lastly, when BankUnited, NA first obtained the Promissory Note, it was not in default. *See* 15 U.S.C. § 1692a(6)(F)(iii). For these reasons, BankUnited, NA cannot be considered a debt collector under the FDCPA.

In the case of *Davis v. Dillard Nat. Bank*, the Unites States District Court, Middle District of North Carolina held that crediting institutions, such as banks, are not debt collectors under § 1692a(6)(A) because they collect their own debts and they are in the business of lending money to consumers and not in the business of debt collection. No. 1:02-cv-00546, 2003 WL 21297331, *4 (M.D.N.C. June 4, 2003) (citing *Thomasson v. Bank One, Louisiana, NA*, 137 F.Supp.2d 721, 724 (E.D. La. 2001)) (holding that the defendant bank was not subject to the FDCPA and dismissing the plaintiff's FDCPA claims); *see also*, *Davis v. Bowens*, No. 1:11-CV-691, 2012 WL 2999766, *2 (M.D.N.C. July 23, 2012) (quoting *Ruggia v. Washington Mut.*, 719 F.Supp. 2d 642, 647-48 (E.D. Va. 2010), *aff'd* 442 Fed App'x 816 (4th Cir. 2011)) ("creditors… and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.")

Finally, under these specific circumstances, BankUnited, NA would not be considered a debt collector because of the express exemption provided in 15 U.S.C. § 1692a(6)(F)(iii). Specifically, this section provides that the term "debt collector" does not include "any person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent such activity… concerns a debt which was not in default at the time it was obtained by

8

such person." 15 U.S.C. § 1692a(6)(F)(iii). The Romanellos' Promissory Note was obtained by BankUnited, NA on or about May 21, 2009. The first indication in the Romanellos' Amended Complaint about a default would be the Sep 28, 2010 letter from BankUnited to the Romanellos. Thus, BankUnited purchased this loan while it was not in default, and the exemption under § 1692a(6)(F)(iii) applies. Accordingly BankUnited, NA is not a "debt collector" with respect to the Romanellos' Promissory Note.

### D. The Romanellos' FDCPA claims are barred by the applicable statute of limitations.

Romanellos allege that BankUnited failed to cease collection activity when the debt was disputed and that BankUnited failed to provide certain statements in its letters to the Romanellos as required under 15 U.S.C. §§ 1692a(3) and (4). (Am. Comp. ¶¶ 34, 35, and 39). The Romanellos also allege that BankUnited used unfair or unconscionable means to collect or attempt to collect a debt because they produced the Assignment Document six months after foreclosure proceedings had begun. (Am. Comp. ¶ 36). Finally, the Romanellos allege that BankUnited falsely represented the character, amount, or legal status of the amount due under the Promissory Note in the Response to the Romanellos' QWR. (Am. Comp. ¶ 37).

The statute of limitations for FDCPA claims is one year from the date on which the alleged violation occurs. 15 U.S.C. § 1692k(d). The Romanellos' initial Complaint was filed on July 30, 2012. All of the Romanellos' FDCPA claims based on actions that took place prior to July 30, 2011 should therefore be barred.

The Romanellos claim that certain letters from BankUnited failed to include certain required statements under § 1692a(3) and (4) of the FDCPA. (Am. Comp., Exhibits A and B). Specifically, the Romanellos mention letters from BankUnited dated September 28, 2010, December 22, 2010, and April 26, 2011. All of these letters were sent over a year before the

Romanellos filed their initial complaint. Therefore any claims related to these particular communications are barred by the one year statute of limitations under the FDCPA.

The Romanellos also claim that they made a debt verification request to BankUnited in a February 22, 2011 letter. (Am. Comp. ¶ 21 and Exhibit D to Am. Comp.) However, this request was untimely under the FDCPA. Under 15 USC § 1692g(a)(3), a debtor must send a written debt verification request within thirty (30) days after receiving notice of a debt. Romanellos allege that the first communication from BankUnited about an alleged debt was in a letter dated September 28, 2010. The Romanellos also contend that they received a second notice of the debt in a letter from BankUnited dated December 22, 2010. The Romanellos admit that they did not send in a written debt verification request until February 25, 2011. (Ex. D to Am. Comp.) Regardless of which of the two BankUnited letters is deemed to be the first "notice" of the debt, Romanellos' February 25, 2011 letter was sent well beyond the 30 day period provided in § 1692g(a)(3). Further, BankUnited would not have been required to cease collection activity, because the Romanellos failed to submit a timely debt verification request. 15 U.S.C. § 1692g(a)(3).

Even if the Romanellos could allege a claim against BankUnited under § 1692g(a) based on an improper response to a debt verification request, this claim is barred by the applicable statute of limitations. Romanellos admit that on or about April 26, 2011 they received the Response from BankUnited to their debt verification request, but they dispute the sufficiency of that Response. (Am. Comp. ¶ 23, Exhibit E). At least by the end of April, 2011, the Romanellos were aware of their belief that BankUnited's Response to their debt verification request was not sufficient under the FDCPA. This activity occurred over one year before the Romanellos filed

10
Case 5:12-cv-00371-FL   Document 66   Filed 08/09/13   Page 10 of 18

their July 20, 2012 Complaint and, therefore, any FDCPA claims based on this activity are also barred by the one year statute of limitations.

The Romanellos further claim that BankUnited violated the FDCPA when it falsely represented the character, amount, or legal status of a debt in its April 26, 2011 Response to their QWR. (Am. Comp. ¶ 37) For the same reasons stated above, this claim is barred by the applicable one-year statute of limitations.

The Romanellos also claim that the "bogus" Assignment Document that was produced in Wake County Civil Superior Court on August 29, 2011 was a false representation of the character, amount, or legal status of the debt and violated § 1692e(2)(A). Any issue with the Assignment Document should have been raised at the August 29, 2011 foreclosure hearing in Wake County Civil Superior Court. In the end, the presiding judge ruled that the Promissory Note evidenced a valid debt owed by the Romanellos. (Exhibit 2). The Romanellos cannot collaterally attack that finding in a subsequent civil action. Because there was no further appeal of the state court foreclosure matter, the issue over the validity of the Assignment Document was conclusively adjudicated, and the presiding judge's findings are final. There are no allegations of fraud with regard to the Assignment Document, nor any allegations that the Romanellos have acquired any information after the August 29, 2011 hearing that was not previously available. The Romanellos are thus collaterally estopped from challenging the validity or accuracy of the Assignment document in this subsequent civil action.

Even if the Romanellos could overcome BankUnited, NA's estoppel arguments as to the Assignment of Note and Deed of Trust, the allegations in the Complaint as to BankUnited's use of the Assignment Document does not create an FDCPA claim under § 1693e. The Romanellos allege that BankUnited introduced the Assignment Document during a foreclosure hearing "as a

litigation tool . . . to close the gap in the chain of title, so that it appears in the public record that BankUnited had a legal right to foreclose, even though they (sic) lacked standing." (Am. Comp. ¶ 29). The Assignment Document does not misrepresent the amount of the debt. It only references the existing Promissory Note and Deed of Trust that were already on file with the Wake County Register of Deeds. The Assignment Document does not misrepresent the character of the debt, as there is no dispute about the original Promissory Note or Deed of Trust signed by the Romanellos back in 2005. The Assignment Document does not misrepresent the legal status of the debt—the debt was in foreclosure, a fact which the Romanellos do not contest. The Romanellos apparently argue that BankUnited misrepresented the legal status of the debt when BankUnited said that it owned the Promissory Note and Deed of Trust, as opposed to the original holder, BankUnited, FSB. Again, this issue was already litigated in the state court foreclosure proceeding, where the presiding judge concluded that the proper holder of the Promissory Note and Deed of Trust was BankUnited (which later changed its name to BankUnited, NA). In short, there was simply no false representation of the character, amount, or legal status of the alleged debt.

- E. **The Romanellos' claims under N.C. Gen Stat. §§ 75-54(2),(4), and (6) must be dismissed, as those claims are precluded under N.C. Gen. Stat. §§ 58-70-90 and 58-70-15.**

The Romanellos have alleged certain claims under N.C. Gen. Stat. §§ 75-54(2), (4), and (6). However, for an entity such as BankUnited, NA, claims for debt collection activity would not fall under § 75-50 *et seq*. Instead, debt collection claims against an entity such as BankUnited, NA would have to be brought under § 58-70-90 *et seq*. Under § 75-50(3), the term "debt collector" is defined as "any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of Article 70, Chapter 58. Article 70,

Chapter 58 encompasses banks and mortgage companies like BankUnited, NA, but that statute also expressly shelters them from liability. Section 58-70-90(1), adopted in 1969, expressly states that a "collection agency" means a collection agency as defined in N.C. Gen. Stat. § 58-70-15. § 58-70-15(a), (b), and (c) collectively define a "collection agency." Initially § 58-70-15(a) defines a collection agency as a person directly or indirectly engaged in soliciting, from more than one person, delinquent claims owed by the person being solicited. However, § 58-70-15(c) provides that banks and mortgage banking companies are not meant to be "collection agencies." The clear intent of Article 70 of Chapter 58 was to establish statutes governing debt collection in North Carolina and who would be liable as a "collection agency." It is also clear that the North Carolina General Assembly designed those statutes to broadly encompass debt collection activity, and then to prohibit debt collection claims against banks and mortgage companies. In essence, the North Carolina General Assembly intended to protect banks and mortgage companies from liability for claims alleging improper debt collection activity. The same statutory prohibition cited by the Romanellos under § 75-54 ("Deceptive Representation") already existed in § 58-70-110 ("Deceptive Representation"). However, the North Carolina General Assembly expressly excluded any claims for deceptive representation against banks like BankUnited, NA. The Romanellos' claims under N.C. Gen. Stat. § 75-54 are barred because banks and mortgage banks, including entities like BankUnited, NA, are encompassed within Article 70, Chapter 58 but they also protected from liability under those same statutes.

Because the Romanellos cannot assert a claim against BankUnited under either § 58-70-90 *et seq.* or § 75-50 *et seq.*, they cannot assert an unfair or deceptive trade practice claim against BankUnited under § 75-1.1.

**F. The Romanellos TILA and RESPA claims are barred by the applicable statutes of limitations.**

The Romanellos allege that BankUnited violated TILA (15 U.S.C. § 1641) and RESPA (12 U.S.C. § 2605) by failing to notify them that there had been a transfer or sale of their loan from BankUnited, FSB to BankUnited. The ownership history of this loan is described in the Statement of the Facts above. In summary, the Romanellos obtained a loan from BankUnited, FSB in 2005. Almost immediately after the FDIC took possession of BankUnited, FSB in May 2009, the FDIC sold all the assets of BankUnited, FSB to BankUnited (who later changed its name to BankUnited, NA). The Romanellos allege that thye never received notice of the sale or transfer of their loan to BankUnited.

The applicable statute of limitations for the Romanellos' TILA claim is found in 15 U.S.C. § 1640(e), which states that an action under TILA must be brought within one year from the date of the occurrence of the alleged violation. *Michaud v. J.P. Morgan Chase Bank* is analogous to the present situation. No. WDQ-12-0815, 2012 WL 1454859 (D. Md. April 25, 2012). In *Michaud*, the plaintiffs alleged that Chase Bank had failed to notify them that their loan had been transferred from another lender to Chase. *Id.* at *1. The loan was transferred to Chase on May 22, 2009. *Id.* The court said that any alleged violation for failing to provide notice of that transfer should have been filed no later than June 21, 2009 (30 days after the transfer). *Id.* at *2. However, the plaintiffs did not file their suit until February 28, 2012. *Id.* The court ruled that their TILA claim was time-barred. *Id.*

The applicable statute of limitations for the same loan sale/transfer notice under RESPA provides that that any action under § 2605 must be brought within three years of the date of the violation. 12 U.S.C. § 2614; *see also*, *McCarley v. KPMG International*, 293 Fed.Appx 719 (11th Cir. 2008); *Perez v. Wells Fargo Bank, N.A.*, No. 3:12-CV-580, 2012 WL 5355661 (W.D.N.C. Oct. 30, 2012).

In the present case, the Assignment Document produced by the Romanellos shows that the Romanellos' loan was transferred from the FDIC to BankUnited on May 21, 2009. Therefore, any claim under TILA for failure to notify the Romanellos of the loan transfer should have been filed on or before June 20, 2010 and any claim under RESPA for the same failure should have been filed on or before June 20, 2012. However, the Romanellos waited until July 30, 2012 to file their initial Complaint. Therefore, the Romanellos' TILA claim under 15 U.S.C. § 1641(g) and RESPA claim under 12 U.S.C. § 2605(c) are barred by the applicable statutes of limitations.

Lastly, the Romanellos allege that BankUnited violated 12 U.S.C. § 2605(e) when it failed to respond properly to their QWR for information related to servicing of the loan. (Am. Comp., Exhibits D and E). Essentially, the Romanellos incorrectly argue that BankUnited's Response does not comply with the statute because BankUnited "failed to answer [the Romanellos'] reason to believe the account had errors, or provide sufficient detail of other information sought for validation of the debt" and only included a detailed printout of prior loan payment activity.

In fact, the Romanellos' February 25, 2011 letter is not a proper QWR under RESPA. A valid QWR must relate to the servicing of their account and the Romanellos' letter does not. In their letter, the Romanellos complain that (1) misrepresentations were made to them at the time of the loan application and/or loan signing; (2) there were failures to make certain disclosures prior to or at the closing; (3) their signatures were forged on various loan documents or documents were not presented at all; and (4) a notary was not physically present to witness their signatures on the loan documents. These allegations only deal with the execution and origination

of the loan and not with any subsequent servicing activity by BankUnited. Because this was not a proper QWR, there cannot be a claim for failing to respond to an improper QWR.

Even if the Romanellos' February 25, 2011 letter qualified as a proper QWR, BankUnited complied with its duties under § 2605(e)(2)(B). That statute gives the loan servicing entity two options in response to a QWR. A loan servicer can either: (1) give the reasons that the servicer believes that the account is correct as determined by the services; or (2) give an explanation of why the information is unavailable or cannot be obtained by the servicer. BankUnited did both. In BankUnited's Response, BankUnited informed the Romanellos that it had conducted an investigation of the accounting and servicing of their loan from the date of origination up to the date of its response. (Am. Comp., Exhibit E). BankUnited also provided the Romanellos with a copy of the account history for their loan since the inception of the loan, so that the Romanellos could independently assess their loan history. BankUnited further informed the Romanellos that if they wanted to obtain additional information on the origination of their mortgage, documents could be provided according to a fee schedule.[2] The Response clearly complies with the requirements of § 2605(e)(2)(B). Therefore, the Romanellos' claim alleging a failure to respond properly to a QWR must be dismissed.

Apparently, the Romanellos argue that BankUnited failed to respond properly to their QWR when it failed to answer their twenty-six separate, extremely detailed requests for information. This argument misstates a loan servicer's responsibilities under § 2605(e)(2)(B). The statute does not require a loan servicer to respond to every type of question that may be submitted by a borrower. The statute only requires a loan servicer to conduct an investigation and either provide a statement as to why the borrower's account is accurate or state why the

---

[2] The Romanellos did not allege that they made a subsequent request to BankUnited to obtain the additional documents or that they paid any fee to obtain the documents.

16
Case 5:12-cv-00371-FL   Document 66   Filed 08/09/13   Page 16 of 18

information in unavailable or cannot be obtained. Nothing else is required under the statute, and BankUnited was simply not required to answer each of the Romanellos' questions to their satisfaction. Because BankUnited provided the information required by § 2605(e)(2)(B), the Romanellos do not have a claim against BankUnited under of this statute.

## CONCLUSION

For the reasons stated above, BankUnited, Inc. respectfully requests that its Motion to Dismiss be granted and that an order be entered dismissing with prejudice all of Romanellos' claims against BankUnited in this matter.

This the 9th day of August, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Romanellos, | ) |
| vs. | ) ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello, 5314 Cottage Bluff Lane, Knightdale, NC 27545.

This the 9th day of August, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910