IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, <br> Plaintiffs, <br><br> v. <br><br> BANKUNITED, INC., TRUSTEE SERVICES OF CAROLINA, LLC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC and ASHLEY H. CAMPBELL, <br><br> Defendants. | Case No. 5:12 CV 371-FL <br><br> BRIEF OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFFS' SECOND AMENDED COMPLAINT |

Defendants Ragsdale Liggett, PLLC ("Ragsdale") and Ashley H. Campbell ("Campbell"), by and through counsel, respectfully submit this brief in support of their Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 68]. Such Motion to Dismiss is timely pursuant to the Court's Order [D.E. 60] and agreed-upon deadline.

## INTRODUCTION

Plaintiffs filed an initial Complaint on July 30, 2012 [D.E. 5]. Plaintiff then filed an Amended Complaint on July 31, 2012 alleging that Defendants violated the Fair Debt Collection Practices Act and the North Carolina Debt Collections Act. [D.E. 9 ("Am. Compl.") ¶¶ 25-37]. On September 4, 2012, Ragsdale and Campbell filed a Motion to Dismiss Amended Complaint and supporting Memorandum. [D.E. 26 and 38]. Plaintiffs' Amended Complaint, as specifically referenced in Ragsdale and Campbell's Memorandum in Support of their Motion to Dismiss Amended Complaint, was devoid of any factual allegations to support the necessary legal conclusions that Defendants are debt collectors under either federal or North Carolina law, that Defendants were attempting to collect a debt from Plaintiffs or that Defendants engaged in prohibited acts.

On June 19, 2013, the Court denied (without prejudice) Defendants' Motions to Dismiss and granted Plaintiffs' Motion for Leave to File Amended Complaint [D.E. 55]. For the same reasons Ragsdale and Campbell filed their initial Motion to Dismiss, as well as others as outlined below, Plaintiffs' Second Amended Complaint offers more specificity about the facts surrounding their alleged causes of action, but in doing so, such specificity illustrates the insurmountable problems with Plaintiffs' claims against Ragsdale and Campbell. Plaintiffs' Second Amended Complaint makes far fewer allegations regarding Ragsdale and Campbell. The only "act" complained of by Plaintiffs as it relates to Ragsdale and Campbell surrounds a foreclosure hearing on Plaintiffs' Property. As such, Plaintiffs Second Amended Complaint fails to properly state a claim against Ragsdale and/or Campbell, and, therefore, Ragsdale and Campbell must be dismissed.

## FACTUAL ALLEGATIONS

Plaintiffs' Amended Complaint contended that Ragsdale and Campbell violated the Fair Debt Collection Practices Act ("FDCPA") by:

    a. Failing to state the amount of the debt. [Am. Compl. ¶27].

    b. Failing to name the creditor to whom the debt is owed. [Am. Compl. ¶27].

    c. Failing to inform the Plaintiffs of their right to dispute the debt. [Am. Compl. ¶27].

    d. Failing to inform the Plaintiffs of their right to have verification of the debt mailed to them. [Am. Compl. ¶27].

    e. Failing to "warn '[t]his is an attempt to collect a debt' in their communications." [Am. Compl. ¶28].

 f. Failing to cease collection efforts until the debt was validated. [Am. Compl. ¶26].

 g. Using unfair or unconscionable means to attempt to collect the alleged debt with a post-dated assignment. [Am. Compl. ¶29].

 h. Using a false representation or deceptive means to collect a debt. [Am. Compl. ¶30].

 i. Falsely representing the character, amount or legal status of a debt. [Am. Compl. ¶31].

 j. Threatening to take legal action that "cannot legally be taken." [Am. Compl. ¶32].

Plaintiffs also contended that Ragsdale and Campbell violated the North Carolina Debt Collection Act by "failing to disclose in communications that they were a debt collector attempting to collect a debt" [Am. Compl. ¶35] and "falsely representing the character, extent or amount of debt or of its status in a legal proceeding." [Am. Compl. ¶36].

In support of these allegations, Plaintiffs stated that Ragsdale and Campbell are debt collectors as those terms are defined by federal and North Carolina law [Am. Compl. ¶8], and that, on August 29, 2011, Ragsdale and Campbell introduced a "bogus" assignment during a foreclosure appeal hearing in Wake County Superior Court, which made it appear as though BankUnited had a right to foreclose, when in fact BankUnited "lacked standing." [Am. Compl. ¶23].

Plaintiffs' Second Amended Complaint sheds even more light on the "actions" taken by Ragsdale and Campbell which Plaintiffs' contend creates some cause of action for "Violations of the F.D.C.P.A., 15 U.S.C. 1692 et seq." [Sec. Am. Compl. pp. 5-7, D.E. 54]. In Plaintiffs'

Second Amended Complaint, Plaintiff makes the following allegations about Ragsdale and Campbell:

1. That Ragsdale is a corporation located in Raleigh, North Carolina. [Sec. Am. Compl. ¶6].

2. That Campbell is a partner at Rasgdale. [Sec. Am. Compl. ¶7.

3. That Ragsdale and Campbell, along with Defendants BankUnited, Inc. [hereinafter "BankUnited"], Trustee Services of Carolina, LLC ["Trustee Services"], and Brock & Scott, PLLC ["Brock & Scott"], "didn't cease to try to collect before validating the debt, breaking the law in the process, in the months of May thru (sic) August, 2011, getting Court approval to foreclose on the property." [Sec. Am. Compl. ¶ 26].

4. That Ragsdale and Campbell (along with the other Defendants) "introduced an Assignment of Note and Deed of Trust in Wake County Superior Court, done 6 months after the commencement of the foreclosure proceeding, when the debt was in default, done as a litigation tool by the foreclosing attorney designed to close the gap in the chain of title, so that it appears in the public record that BankUnited had a legal right to foreclose, even though they lacked standing." [Sec. Am. Compl. ¶ 29].

5. That Ragsdale and Campbell worked for BankUnited and "knew or should have known that the debt wasn't validated and that Plaintiff wasn't given the opportunity to dispute the debt, and they also failed to state in their communications that it was an attempt to collect a debt." [Sec. Am. Compl. ¶30].

6. That "collection activities" are a part of the practice of Ragsdale. [Sec. Am. Compl. ¶31].

Based on these "facts", Plaintiffs then attempt to claim that such "facts" support the necessary legal conclusions that Ragsdale and Campbell violated the Fair Debt Collection Practices Act. Specifically, Plaintiffs claim that Ragsdale and Campbell:

1. "Violated 15 U.S.C. 1692g(b) in that they failed to cease collection efforts while debt was disputed. [Sec. Am. Compl. ¶34].

2. "Violated 15 U.S.C. 1692 (f) unfair or unconscionable means to collect or attempt to collect a debt, in that they procured, 6 months after the start of the foreclosure proceedings, an Assignment of Note and Deed of Trust, showing lack of standing at the start of foreclosure. [Sec. Am. Compl. ¶36].

3. "Violated 15 U.S.C. 1692 e(11), in that they failed to warn Plaintiffs with the disclosure 'This is an attempt to collect a debt...' in their initial communication." [Sec. Am. Compl. ¶38].

The heart of Plaintiffs' arguments against Ragsdale and Campbell can be found in Am. Compl. ¶23 and Sec. Am. Compl. ¶29. Essentially, Plaintiffs complaints regarding the actions of Ragsdale and Campbell revolve around Ragsdale and Campbell's role in foreclosing on Plaintiffs' property. Plaintiffs make absolutely no allegations regarding the content or timing of *any* communications from Ragsdale and/or Campbell. In fact, the only exhibit or event that Plaintiffs' cite to is a foreclosure hearing and accompanying documentation *sent to Judge Hobgood and copied to Plaintiffs*. [Sec. Am. Compl. Ex. J]. Ragsdale and Campbell appropriately noticed the foreclosure for hearing, proceeded forward with the foreclosure hearing, Plaintiffs attended such a foreclosure hearing, and Judge Hobgood, after the hearing,

found for BankUnited and granted the foreclosure.[1] Subsequently, Plaintiffs filed a Notice of Appeal of the foreclosure, but promptly dismissed that appeal and, instead, filed this action.

Essentially, Plaintiffs here are asking for another appeal of that foreclosure hearing. With all due respect to the Court, such a request for a pseudo appeal is improper before this Court. Ragsdale and Campbell proceeded forward with a foreclosure on the property. In order to show proper title, Ragsdale and Campbell provided the Court with an Assignment [Sec. Am. Compl. Ex. K]. There are no allegations that the Assignment was done improperly, that the Assignment was incorrect and did not properly assign the property, or that the Assignment was done for some nefarious purpose other than, as specifically stated by Plaintiffs, "to close the gap in the chain of title, so that it appears in the public record that BankUnited had a legal right to foreclose." [Sec. Am. Compl. ¶29]. Furthermore, upon receipt of the Assignment, Judge Hobgood granted the foreclosure. Other than the actions listed above, Plaintiffs make no further allegations regarding acts or actions on the part of Ragsdale and/or Campbell which would constitute a violation of the FDCPA.

Furthermore, there are no allegations in the Plaintiff's Complaint that Ragsdale or Campbell ever attempted to collect a debt from the Plaintiffs. There are no allegations that Ragsdale or Campbell used interstate commerce (mail) to communicate directly with the Plaintiffs as debt collectors. Finally, the Plaintiffs do not contend that Ragsdale or Campbell

---

[1] The Honorable Robert H. Hobgood presided over the hearing and concluded by Order dated September 7, 2011 that sufficient grounds existed for the foreclosure to proceed. A true and accurate copy of that order is attached hereto as Exhibit A. Furthermore, as part of the foreclosure hearing, Ragsdale and Campbell presented an Affidavit, Deed of Trust, Declaration of Mailing from Trustee Services, Assignment, and Purchase and Assumption Agreement between FDIC, as Receiver of BankUnited FSB Coral Gables, Florida and BankUnited. Copies of those documents which were submitted to Judge Hobgood are attached hereto as Exhibits B, C, D, E, and F, respectively. The Court may consider official public records and court documents central to the Plaintiffs' claims in a Motion to Dismiss without converting such Motion when authenticity of those documents is not in dispute and when Plaintiffs' have specifically referred to such proceedings in their Complaint. *See Witthohn v. Fed. Ins. Co.*, 164 Fed.Appx. 395, 396 (4th Cir. 2006). below. *See Johnson v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 112245, ___ F. Supp. 2d ___ (E.D.N.C. Sept. 29, 2011)

761472.JWG.20518.L42996                    6

Case 5:12-cv-00371-FL   Document 69   Filed 08/09/13   Page 6 of 15

misrepresented the existence or validity of the debt to the Court at the foreclosure hearing. Finally, there are no allegations that Ragsdale or Campbell ever harassed or threatened or misrepresented to the Court the existence or validity of a debt owed by the Plaintiffs.

Plaintiffs make absolutely no claims against Ragsdale and Campbell for relief pursuant to their Second, Third, Fourth, Fifth, and Sixth Causes of Action. Therefore, the only claim against Ragsdale and Campbell is based upon the allegations above that Ragsdale and Campbell, in their representation of BankUnited in a foreclosure action, somehow violated the FDCPA. As outlined below, such allegations should be dismissed.

## ARGUMENT

The Plaintiffs' factual allegations as they relate to Ragsdale and Campbell are insufficient to state a cause of action against these Defendants.[2] For this reason, the Second Amended Complaint must be dismissed as to Ragsdale and Campbell. To state a cause of action under the FDCPA, Plaintiffs must adequately allege that (1) they were the subject of collections activity as a result of a consumer debt, (2) that Ragsdale and Campbell are debt collectors as that term is defined by the FDCPA, and (3) that Ragsdale and Campbell engaged in acts or omissions prohibited by the FDCPA. *See* 15 U.S.C. § 1962 (2012); *see also Johnson v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 112245, ___ F. Supp. 2d ___ (E.D.N.C. Sept. 29, 2011).

Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule requires more than a "blanket assertion" of a right to relief. *Johnson*, ___ -F.Supp.2d___; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955,

---

[2] Paragraph 31 of the Second Amended Complaint, that "collection activities" are a part of the practice of Ragsdale and Campbell, is a conclusory allegation which is not a fact entitled to the assumption of truth in a Motion to Dismiss, for reasons explored more thoroughly below. *See Johnson v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 112245, ___ F. Supp. 2d ___(E.D.N.C. Sept. 29, 2011).

167 L.Ed.2d 929 (2007). The Plaintiff must set forth the specific facts that he claims entitle him to the relief he seeks. *See Id.* A mere "formulaic recitation of a cause of action's elements will not do." *Id.* All legal conclusions must be supported by factual allegations. *Id.* Moreover, while a *pro se* complaint is subject to a less stringent standard when evaluated for conformity with the Federal Rules of Civil Procedure, a complaint that is bare of necessary factual allegations sufficient to support the essential elements of a claim should be dismissed. *See Booker v. Washington Mut. Bank, F.A.*, 375 F.Supp. 2d 439 (M.D.N.C. Feb.11, 2005); *Weller v. Dept. of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them."); *see also Bullock v. Ferrer, Poirot & Wansprouah*, 5:09-CV-328-F, 2009 U.S. Dist. LEXIS 77681 (E.D.N.C. Aug. 28, 2009)("the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.").

### 1. Plaintiffs have not alleged that Ragsdale and Campbell attempted to collect a consumer debt from them.

Congress established the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Specifically, the FDCPA prohibits, *inter alia*, the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive or misleading representations or means, 15 U.S.C. §1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt, and requires a debt collector to provide a validation notice, 15 U.S. C. §1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. See 15 U.S.C. §1692k.

There are no allegations in the Second Amended Complaint that Ragsdale or Campbell ever attempted to collect a debt from Plaintiffs. Moreover, there are no allegations that these

Defendants ever communicated with the Plaintiffs regarding a consumer debt. In fact, the only "communication" cited by Plaintiffs is a letter to Judge Hobgood regarding the Assignment. Such communication was not to the Plaintiffs but merely copied to the Plaintiffs pursuant to court rules and was not for the collection of a debt. The Plaintiffs alleged previously that they attempted to communicate with Rasgdale and Campbell about the debt, not the other way around. *See* Am. Compl. ¶24 (Plaintiffs' attempts to communicate with Ragsdale and Campbell to "validate the alleged debt have been in vain." (Emphasis added)). However, such allegations are conspicuously absent in the Second Amended Complaint.

Absent any allegations that Ragsdale or Campbell communicated with the Plaintiffs in an attempt to collect a debt from them, the Plaintiffs' Second Amended Complaint against these Defendants fails. Therefore, the Second Amended Complaint should be dismissed.

### 2. Plaintiffs have made no factual allegation to support the necessary legal conclusion that Ragsdale and Campbell are debt collectors.

15 U.S.C. § 1962(e) defines a debt collector as follows:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

While the Fourth Circuit has recognized that in some instances a lawyer representing a client in a foreclosure sale may qualify as a debt collector, a Plaintiff must allege facts sufficient to support the legal conclusion that the defendant was in fact acting as debt collector in this transaction. *See Wilson v. Draper,* 443 F.3d 373 (2006)(concluding that the trustee acted as a debt collector when the trustee sent correspondence and other communications to the debtor alleging default under the note and deed of trust, but further providing that "[o]ur decision is not

761472.JWG.20518.L42996                                    9

Case 5:12-cv-00371-FL   Document 69   Filed 08/09/13   Page 9 of 15

intended to bring every law firm engaging in foreclosure proceedings under the ambit of the Act.).

Plaintiffs have not alleged that Ragsdale or Campbell used interstate commerce or the mail to communicate with them, that Ragsdale or Campbell regularly collect or attempt to collect debts, or that Ragsdale or Campbell attempted to collect a debt from Plaintiffs in this instance. Plaintiffs' factual allegations are simply insufficient to support the conclusion that Ragsdale or Campbell are debt collectors. Furthermore, a precise reading of the Second Amended Complaint illustrates that it was not Ragsdale and Campbell who communicated with Plaintiffs in order to collect a debt. Paragraphs 14, 17, 19, of the Second Amended Complaint illustrate that it was BankUnited, Trustee Services, and Brock & Scott that had significant communications with Plaintiffs regarding the collection of the debt. Furthermore, it was not even Ragsdale and Campbell that sent the original Notice of Hearing. [*See* Declaration of Mailing, Ex. D.]. Ragsdale and Campbell were merely brought in to perform the foreclosure proceedings and, otherwise, had no interaction with Plaintiffs. Furthermore, the Foreclosure hearing was done properly, as evidenced by Exhibits A through F. For these reasons, the Second Amended Complaint should be dismissed and Plaintiffs should not be allowed to pursue a pseudo appeal of the foreclosure hearing in Federal Court.

### 2. Plaintiffs have not alleged that Ragsdale and Campbell engaged in acts prohibited by the FDCPA.

The Plaintiffs' allegations are insufficient to form a basis for concluding that Campbell and Ragsdale engaged in acts prohibited by the FDCPA. Here, Plaintiffs have alleged nothing more than that Campbell provided an assignment to the Wake County Superior Court during a foreclosure hearing, which assignment Plaintiffs contend was bogus and done "as a litigation tool by the foreclosure attorney designed to close the gap in the chain of title." [Sec. Am. Compl.

¶29]. Plaintiffs make no allegation that Campbell or Ragsdale misrepresented the existence or validity of their debt to the Court. Rather, Plaintiffs' claim that BankUnited did not have "standing," i.e., was not the holder of the note, therefore entitling it to foreclose under the deed of trust

Where the claims rest on the "insufficiency of documentation supporting the underlying state court action," rather than a claim that Ragsdale or Campbell misrepresented the Plaintiffs' actual debt, the allegations are inadequate to state a claim under the FDCPA. *Johnson*, ___ F.Supp. 2d ___; *see also Popson v. Galloway*, 2010 WL 2985945, at * 5-6 (W.D.Pa. 2010)(holding that plaintiff's allegations that the defendant proceeded with the action without documentation showing purchases, payments, interest and late charges thus making it difficult for the borrower to determine her debt was insufficient to state a claim under the FDCPA). Moreover, a Court may dismiss a FDCPA claim if the alleged facts do not show harassment or abuse of the debtor. *Harvey v. Great Seneca Fin. Corp* 453 F. 3d 324 (6th Cir. 2006). Harassment and abuse includes threats of violence, obscene phone calls or devices used to embarrass or harass the debtor.

Plaintiffs' Second Amended Complaint contains no allegations that Ragsdale or Campbell ever harassed or threatened them or misrepresented the existence or validity of a debt owed by them to the Court. In fact, as stated above, the only communication cited by Plaintiffs is a letter sent to Judge Hobgood as part of the foreclosure proceeding. Plaintiffs have not cited to any other communication between Plaintiffs and Ragsdale and/or Campbell. Furthermore, Ragsdale and Campbell contend that sufficient documentation was provided and such documentation was not misrepresented. [*See* Ex. A – F].

Plaintiffs also claim that Ragsdale and Campbell violated provisions of the FDCPA

which require debt collectors to cease collection of a debt while it is disputed. [Sec. Am. Compl. ¶¶26 and 30]. Plaintiffs claim that Ragsdale and Campbell violated this section because they "didn't cease to try to collect before validating the debt, breaking the law in the process, in the months of May thru (sic) August, 2011, getting Court approval to foreclose on the property." [Sec. Am. Compl. ¶ 26]. Plaintiffs' specific contention is based on an incorrect interpretation of the statute. The Federal Trade Commission has issued commentary on this particular issues stating:

> An attorney debt collector may take legal action within 30 days of sending the required validation notice, regardless of whether the consumer disputes the debt; if the consumer disputes the debt, the attorney may still take legal action but must cease other collection efforts (e.g., letters or calls to the consumer) until verification is obtained and mailed to the consumer.

53 Fed. Reg. 50097, 50101 (Dec. 13, 1988).

The Fourth Circuit has also held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). Regardless, Ragsdale and Campbell had no role in contacting Plaintiffs regarding the status of the debt or in the verification of the debt upon request by Plaintiffs (which Plaintiffs never requested from Ragsdale and/or Campbell and which Plaintiffs do not allege to have requested from Ragsdale and/or Campbell).

The Plaintiffs' FDCPA allegations against Ragsdale and Campbell rest solely upon the sufficiency of the documentation supporting the underlying state Court action. In such instances, Federal Court's have not hesitated to dismiss such claims. See *Harvey v. Great Seneca Fin. Corp* 453 F. 3d 324 (6th Cir. 2006). As specifically referenced in Exhibits A – F attached, the Court issued an Order allowing foreclosure, establishing that the Assignment was appropriate and that BankUnited was the holder of the Note, and entitled to enforce

the Deed of Trust. The foreclosure sale was subsequently scheduled, held, confirmed, and a Trustee's Deed recorded.

Plaintiffs are barred from seeking the jurisdiction of this Court to review the decision made at the state Court under the doctrine of *res judicata* and the "Rooker-Feldman Doctrine." Under the Rooker-Feldman doctrine, this Court, respectfully would not have jurisdiction to consider the Plaintiffs' claims against Ragsdale and Campbell. In such matters, the United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. *See* 28 U.S.C. § 1257(a); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court...from seeking what in substance would be an appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997 (1994). This is exactly the type of relief that Plaintiffs seek from Ragsdale and Campbell.

For these reasons, the Second Amended Complaint should be dismissed.

## CONCLUSION

For the reasons listed above, Defendants Ragsdale and Campbell respectfully request that the Court dismiss the Plaintiffs' cause of action against them with Prejudice pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

This the 9th day of August, 2013.

                         **MANNING FULTON & SKINNER, P.A.**

By:   /s/ J. Whitfield Gibson
       Robert S. Shields Jr., Esq. NCSB #10034
       J. Whitfield Gibson, NCSB #41261
       3605 Glenwood Avenue, Suite 500
       Raleigh, NC 27612
       Phone: (919) 787-8880
       Facsimile: (919) 325-4621
       *Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*

761472.JWG.20518.L42996　　　　　　14

Case 5:12-cv-00371-FL Document 69 Filed 08/09/13 Page 14 of 15

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **BRIEF IN SUPPORT OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL'S MOTION TO DISMISS THE PLAINTIFFS' SECOND AMENDED COMPLAINT** was filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following

Gustavo Romanello
Acella Romanello
5317 Cottage Bluff, Ln.
Knightdale, NC 27545
*Pro Se Plaintiffs*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Brock & Scott, PLLC*

Sean Partrick
Yates McLamb & Weyher, L.L.P.
421 Fayetteville Street, Suite 1200
Raleigh, NC 27601
*Counsel for BankUnited*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Trustee Services of the Carolinas, LLC*

This the 9th day of August, 2013.

**MANNING FULTON & SKINNER, P.A.**

By: /s/ J. Whitfield Gibson
Robert S. Shields Jr., Esq. NCSB #10034
J. Whitfield Gibson, NCSB #41261
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612
Phone: (919) 787-8880
Facsimile: (919) 325-4621
*Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*

761472.JWG.20518.L42996    15

Case 5:12-cv-00371-FL   Document 69   Filed 08/09/13   Page 15 of 15