UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

FILED SEP 0 5 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Gustavo Romanello, et al  )
                          )
        Vs.               )    civil action No. 5:12 cv 371-FL
                          )
BankUnited, Inc. et al    )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO RAGSDALE LIGETT AND ASHLEY H. CAMPBELL MOTION TO DISMISS 2ND AMENDED COMPLAINT

COMES NOW Plaintiff and respectfully submit their response to Defendants Motion to Dismiss Second Amended Complaint and state as follows:

Plaintiff filed an initial complaint on June 20, 2012, then filed a motion to Amend Caption on July 27, 2012.

On September 4, 2012 Ragsdale Liggett ("RL") and Ashley H. Campbell ("AHC") filed a motion to dismiss the complaint alleging it was devoid of anything factual to support the necessary legal conclusions that Defendants are debt collectors under Federal or North Carolina law, or that Defendants were attempting to collect a debt.

On June 19, 2013 the Court denied without prejudice Defendants motion to dismiss and granted Plaintiff's motion for leave to file amended complaint (D.E. 55). Plaintiff claims revolve around Defendants RL and AHC participation in Plaintiff's foreclosure, an attempt to collect a debt under Fair Debt Collection Practices Act (FDCPA) and N.C. Debt Collection Act (NCDCA).

### FACTUAL ALLEGATIONS

Plaintiff claims that BankUnited, inc, ("BU"), Trustee Services of Carolina ("TSC") and Brock and Scott, pllc. ("B&S") didn't validate the debt, they verified it with the name and address of the alleged creditor, but to claim damages and injury as evidence on an unpaid promissory note, BU must incorporate records such as a general ledger and accounting of the alleged default.

RL and AHC should've known that Bu or whoever hired them, didn't validate the debt, plus committed several violations of the law. Defendants could've taken the steps necessary to bring the proceeding within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

RL and AHC contributed to that in an unfair way to attempt to collect, 15U.S.C. sec. 1692 (f), by redacting and preparing an Assignment of Note and Deed of Trust several months after the start of foreclosure.

RL website attest to the fact that they have a collection department, see Exhibit I on Second Amended Complaint, and AHC should've inform Plaintiff in her communication in the mail, that it was an intent to collect a debt from a debt collector, 15 U.S.C. sec. 1692 e(11).

## ARGUMENTS

The term "debt" in the FDCPA and in the NCDCA means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

"Consumer" means any natural person obligated or allegedly obligated to pay any debt. "Communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

"Debt Collector" means any person who uses any instrumentality of interstate commerce or the mails, in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Whether an attorney is a "debt collector" is a determination to be made on a case-by-case basis applying the following principles: Attorneys qualify for the purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client. A person may "regularly" collect debts even if debt collection is not the principal purpose of his business, Heintz v. Jenkins 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)

If the volume of a person's debt collection services is a great enough, it is irrelevant that these services only amount to a small fraction of his total business activity. "Whether a party "regularly" attempts to collect debt is determined, of course, by the volume or frequency of its debt collection activities", see Hester v. Graham, Bright & Smith, P.C., 289 Fed. Appx. 35 (5th Cir. 2008), Defendants RL and AHC on September 29, 2011, sent a letter to Plaintiff, a communication that conveyed information related to the foreclosure judgment on Plaintiff's home.

"Defendants letter was a communication designed to convey information regarding a debt directly or indirectly", see Matmanivong v. Unifund CCR Partners, 2009 WL 1181529 (N.D. Ill. April 28, 2009)

Defendants failure to provide the debt collection warning in its initial letter violates 15 U.S.C. sec. 1692 e(11).

The U.S. Courts of Appeals have consistently held that in an initial communication the debt collector's warning must be provided. "This is an attempt to collect a debt", see Guerrero v. RJM Acquisitions L.L.C., 499 F.3d 926 (9th cir. 2007); Carroll v. Wolpoff & Abramson, 961 F.2d 459 (4th cir. 1992)

The Court of Appeals for the Ninth circuit agreed with the Eight Circuit that the "failure to include the clear language of the statute, violated the Act, especially when the communication involved is an initial communication", see Pressley v. Capital Credit & Collection Services, inc., 760 F.2d at 926 (9th cir. 1985); Sutton v. Law offices of Alexander L. Lawrence, 1992 U.S. Distr. LEXIS 22761 (D. Del., June 17, 1992), " section 1692 e(11) required a debt collector to disclose that it was attempting to collect a debt. Even though a debt collector's initial communication contained the required disclosures, a subsequent letter sent by a separate party must also contain the sec. 1692 e(11) disclosures."

The Fourth circuit recently rejected a debt collector's argument that the failure to provide section 1692 e(11) does not violate the FDCPA. In Warren v. Sessoms & Rogers, P.A., 2012 WL 76053 (4th cir., Jan. 11, 2012), the Fourth circuit followed the plain language of the FDCPA that imposes liability on "any debt collector who fails to comply with the provision of the Act, in 1692 k (a), making the debt collector liable without proof by the consumer of an intentional violation"

RL and AHC violated section 1692 f, in their unfair and unconscionable means or attempt to collect, by preparing an assignment months after the start of foreclosure on February 11, 2011, (see Exh. K in 2nd Am. Compl.) showing possible lack of standing in state court on BankUnited's part, see Cox v. Hilco Receivables, llc., 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010) "If an entity does not own the account, or if it is not owed, the collector may not collect or sue". Also see Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th cir. 2012), "suing before ownership documents transferred"; Bourff v. Rubin Lublin, llc, 674 F.3d 1238, 1241 (11th cir. 2012) "misidentification of B.A.C. as creditor."

The Purchase and Assumption Agreement doesn't show ANY proof that BU owned Plaintiffs Promissory Note # 4564016 AT ALL.

When it comes to the Rooker-Feldman doctrine, it does not apply where the Federal defendant was not a party to the state court proceeding, see Exxon Mobil Corp. v. Arabia, inc, 544 U.S. 280 (2005), citing Johnson v. DeGrandy, 512 U.S. 997 (1994). I'm quoting this because the state court proceeding was case # 11 SP 769 Gustavo Romanello v. Jeremy Wilkins. He was one of the lawyers in Brock & Scott, pllc.

And the FDCPA claim was not actually litigated in the state action, see Nikkel v. Wakefield & Assoc., inc., 2011 WL 4479109 (D. Colo., Sept. 26, 2011); Blaxil v. Arrow Financial Svces., llc, 2011 WL 1299350, (N.D. Cal., April 4, 2011) "Rooker-Feldman doctrine and theories of Res Judicata and collateral estoppel did not apply to issue of whether defendants inflated debt because the issue was not decided by state court).

The Third circuit found in Jackson v. Midland Funding llc., 2012 WL 505919, at 3 (3rd cir., Feb. 16, 2012), "it is the potentially abusive and harassing nature of the efforts Midland was alleged to have employed in collecting the debt which factually sets apart the two actions. Accordingly, we affirm the District Court's determination that did not bar Mrs. Jackson's FDCPA claim under these circumstances".

While the court is not necessarily bound to accept the Plaintiffs descriptions as true relating to the Defendants (Iqbal, 556 U.S. at 678), the court should follow more lenient guidelines at this juncture of the proceedings in light of the Pro se status. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 30 L. Ed 2d (1972).

"The court should allow Plaintiff to amend their complaint to correct deficiencies so that justice may properly be served for all parties". Because the FDCPA, like T.I.L.A. is a remedial statute, it should be construed liberally in favor of the consumer, see Johnson v. Riddle, 305 F. 3d 1107, 1117 (10th cir. 2002)

WHEREFORE, the Plaintiff respectfully request this Honorable court deny the Defendants Motion to Dismiss and to grant Plaintiffs leave to amend their complaint to correct deficiencies so justice may properly be served.


Respectfully submitted,


Gustavo Romanello       *[signature]*


CERTIFICATE OF SERVICE


The undersigned hereby certify that on September 4, 2013, a copy of the foregoing Response in Opposition to Defendants Motion to dismiss Plaintiffs Second Amended Complaint was served upon all parties to this action as follows:

Sean T. Partrick

YATES McLAMB & MEYER, LLP

421 Fayetteville St., Ste 1200

Raleigh, NC 27601

Counsel for BankUnited, Inc.


Marc S. Asbill

BROCK & SCOTT, PLLC

5121 Parkway Plaza Blvd., Ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, PLLC

And for Trustee Services of Carolina, LLC


J. Whitfield Gibson   Robert S. Shields jr.

MANNING FULTON & SKINNER

3605 Glenwood Ave., Ste. 500

Raleigh, NC 27612

Counsels for Ragsdale Liggett, PLL

And for Ashley H. Campbell

This is the 4th day of September, 2013


Gustavo Romanello   Tangogaucho@gmail.com   919-649-4494

# VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the 30 day of August 30, 2013
c.s.

_Gustavo Romanello_

**NOTARY PUBLIC**

Sworn to and subscribed: Gustavo Romanello

_[signature]_

CALVIN D SUTTON
NOTARY PUBLIC
WAKE COUNTY, NC
My Commission Expires 7-16-2018

My commission expires: 7/16/2018