UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION


FILED

SEP 0 5 2013

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

```
                           )
Gustavo Romanello et al    )
                           )        civil action  No. 5:12 cv 371-FL
        v.                 )
                           )
BankUnited, Inc. et al     )
```

**PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANTS BROCK & SCOTT, PLLC AND TRUSTEE SERVICES OF CAROLINA, LLC MOTION TO DISMISS 2ND AM. COMPL.**

COMES NOW, Plaintiffs Gustavo and Acela Romanello ("Plaintiffs") who hereby submit their response to Defendants Brock & Scott ("B&S") and Trustee Services of Carolina ("TSC") Motion to dismiss 2nd amended complaint and states as follows:

On June 20, 2012 Plaintiffs filed a lawsuit for violation of the Fair Debt Collection Practices Act (FDCPA) 5 U.S.C. sec. 1692 et seq., North Carolina Prohibited Acts by Debt Collectors (NCDCA) (NCGS 75-50 et seq.) and the N.C. Unfair Trade Practices Act (NCGS 75-1.1) against one or both Defendants.

On July 30, 2012 Plaintiffs filed a Motion to Amend the case Caption.

On June 19, 2013 the Court denied without prejudice all Defendants Motions to Dismiss and granted Plaintiffs Motion for Leave to file an Amended Complaint (D.E. 55).

Plaintiffs claims are related to B&S and TSC violations of law that happened during Plaintiffs foreclosure proceeding.

## FACTUAL ALLEGATIONS

Plaintiffs claims that BankUnited ("BU"), TSC and B&S just verified the debt with the name and address of the alleged creditor, but did not validate it. To claim damages

and injury on an unpaid Promissory Note, BU must incorporate records such as general ledger and accounting of the alleged default.B&S and TSC probably have many years experience in dealing with hundreds of foreclosures, something to be investigated in the Discovery face, but still they made many mistakes.

The only letter Plaintiffs received from all Defendants in this lawsuit, that contained the phrase "you have 30 days to dispute the debt or will be considered valid" was sent by TSC/B&S on February 7,2011, and Plaintiffs didn't even received the letter in the mail (we had it by Feb. 12, 2011), that in an unfair and unconscionable way of dealing with Plaintiffs, they instituted or commenced the foreclosure proceeding on February 11, 2011, before we received the letter and had a chance to dispute. See Exh. C in 2nd Am. Compl..

Plaintiffs had started working on a loan modification with BankUnited on mid January 2011, and Defendants TSC and B&S were already commencing foreclosure a couple of weeks later, it seemed the left hand didn't know what the right hand was doing. That's not an excuse when people's lives are about to be ruined. Plaintiffs sent loan mod packages twice and the bank said they lost or didn't receive any papers, typical modus operandi of foreclosing banks at that time. Even outside of the one year statute of limitations, violations are for reference purposes. See Exh. A on Response to Motion to dismiss 2nd Am. Compl..

TSC and B&S continued attempting to collect through August, 2011, sending Notices of Foreclosure sale and then postponing them. See Exh. B and C on Response to Motion to dismiss 2nd Am. Compl.

Finally on August 29, 2011, Defendants obtained an order to foreclose from a Superior court judge, over Plaintiffs objections, by getting an Assignment of Note and Deed of Trust prepared by the Ragsdale Liggett law firm six months after the start of foreclosure. See Exh. K on 2nd Am. Compl.

Along with the Assignment , Defendants presented an Allonge to the Promissory Note endorsed to bearer, with no date and un-authenticated, no power of attorney and practically no signature. See Exh. D on Response to Motion to dismiss 2nd Am. Compl..

Finally, there is no proof in the Purchasing and Assumption Agreement that BU owned the Note AT ALL. See Exh. F on Ragsdale Liggett Memo in Motion to dismiss 2nd Am. Compl.

## ARGUMENTS

Counsel for B&S and TSC state that Plaintiffs claims were and attempt to forestall a pending foreclosure. Not true, the foreclosure was already decided when Plaintiff filed the lawsuit June 20, 2012.

The production of the Assignment, while the debt was in default, six months after the start of foreclosure proceedings was unfair and unconscionable.

See Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th cir. 2012), "suing before ownership documents transferred"; Bourff v. Rubin Lublin, llc, 674 F.3d 1238, 1241 (11th cir. 2012), "misidentification of B.A.C. as creditor", also see Cox v. Hilco Receivables, llc, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010); Belin v. Litton Loan Serv., L.P., 2006 WL 1992410 (M.D. Fla. July 14, 2006) "the complaint stated a claim that the defendant was a "debt collector" since it alleged that the defendant was assigned the debt when it was already in default."

The introduction of the Assignment and an undated Allonge, that probably was also done months after the foreclosure commencement, made Plaintiffs realize they were unfairly being railroaded by B.U., TSC and B&S.

Rooker-Feldman doesn't apply in this case. "It doesn't apply where the Federal defendant was not a party to the state court proceeding", see Exxon Mobil Corp. v. Arabia, Inc., 544 U.S. 280 (2005) citing Johnson v. DeGrandy, 512 U.S. 997 (1994) The state court proceeding where the foreclosure was decided was Romanello v. Wilkins, being Mr. Jeremy Wilkins a lawyer in B&S law firm. "The FDCPA claim was not actually litigated in the state action", see Nikkel v. Wakefield & Assoc., Inc., 2011 WL 4479109 (D. Colo., Sept. 26, 2011)

The Third circuit found in Jackson v. Midland Funding, LLC, 2012 WL 505919 at 3 (3rd cir., Feb. 26, 2012) "it is the potentially abusive and harassing nature of the efforts Midland was alleged to have employed in collecting the debt which factually sets apart the two actions. Accordingly, we affirm the District Court determination that did not bar Mrs. Jackson's FDCPA claim under these circumstances"

When it comes to the North Carolina DCA, the allonge and assignment not presented at the start of foreclosure is a misleading and deceptive representation, NCGS sec. 75-54, and applies to the Unfair and Deceptive Trade Practices Act in violation of NCGS 75-1.1 "One need not show that he actually was deceived to prevail under the Act, as long as " the acts complained of, possessed the tendency or capacity to mislead, or created the likelihood of deception"", Chastain v. Wall, 78 NC App. 350, 337 S.E. 2d 150, 154 (1985).

"The defendant intent or good faith are irrelevant". Marshall v. Miller 276 S.E. 2d 397, 403 (N.C. 1981).

While the Court is not necessarily bound to accept Plaintiffs descriptions as true relating to the Defendants (Iqbal, 556 U.S. at 678), the court should follow more lenient guidelines at this juncture of the proceedings in light of the Pro se status, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 30 L. Ed 2d (1972)

" The Court should allow Plaintiff to amend their complaint to correct deficiencies so that justice may properly be served for all parties", " because the FDCPA, like T.I.L.A., is a remedial statute, it should be construed liberally in favor of the consumer", Johnson v. Riddle, 305 F.3d 1107, 1117 (10th cir. 2002)

WHEREFORE, the Plaintiff respectfully request this Honorable Court deny the Defendants Motion to dismiss and to grant Plaintiffs leave to amend their complaint in case this Court sees deficiencies in the Pro se complaint to be corrected, so justice may be properly served.

Respectfully submitted, September 4, 2013

Gustavo Romanello

*[signature]*

## CERTIFICATE OF SERVICE

We hereby certify that a copy of the Response to Defendants Motion to dismiss 2nd Amended Complaint, was served upon all parties to this action as follows:

Sean T. Partrick

YATES McLAMB & WEYHER, LLP

421 Fayetteville St., Ste. 1200

Raleigh, NC 27601

Counsel for BankUnited, Inc

J. Whitfield Gibson

MANNING FULTON SKINNER

3605 Glenwood Av., ste. 500

Raleigh, NC 27612

Counsel for Ragsdale Liggett

And Ashley H. Campbell

Marc S. Asbill

BROCK & SCOTT, PLLC

5121 Parkway Plaza Blvd., Ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, PLLC and

Trustee Svces. Of Carolina, LLC

*[signature]*

This 4th day of September, 2013

Gustavo Romanello   Tangogaucho@gmail.com   919-649-4494

## VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned COMPLAINT and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the __30__ day of August 18, 2013
_30_
_C.S._

_Gustavo Romanello_

NOTARY PUBLIC

Sworn to and subscribed: _Gustavo Romanello_

_Calvin D. Sutton_

CALVIN D SUTTON
NOTARY PUBLIC
WAKE COUNTY, NC
My Commission Expires 7-16-2018

My commission expires: _7|16|2018_