UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

FILED
SEP 0 5 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Gustavo Romanello, et al )
)
Vs. ) civil action No. 5: 12 cv 371-FL
)
BankUnited, Inc, et al )

PLAINTIFFS RESPONSE TO DEFENDANT BANKUNITED, INC MOTION TO DISMISS 2ND AMENDED COMPLAINT

COMES NOW, Plaintiffs Gustavo and Acela Romanello ("Plaintiffs") who hereby submit their response to Defendant BankUnited, Inc. ("BU") Motion to dismiss 2nd Amended Complaint and state as follows:

On June 20, 2012 Plaintiffs filed a lawsuit In Forma Pauperis for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. sec. 1692 et seq., North Carolina Prohibited acts by Debt Collectors (NCDCA) (NCGS 75-50 et seq.) and the N.C. Unfair Trade Practices Act (NCGS 75-1.1)

On July 27, 2012 Plaintiffs filed a Motion to Amend the case Caption.

On June 19, 2013 the Court denied without prejudice all Defendants Motion to Dismiss and granted Plaintiffs Motion for leave to file an Amended Complaint (D.E. 55)

Plaintiffs claims are related to BU and other defendants violations of law, that happened during Plaintiffs foreclosure proceeding on property previously owned by Plaintiffs before being evicted.

FACTUAL ALLEGATIONS

After more than a year since Plaintiffs file the lawsuit (June 20, 2012), and now, all of a sudden, BU says that they're not the correct entity as defendant. Plaintiffs don't believe one iota of what BU is saying. There's not a scintilla of truth in that. BU's OWN WEBSITE says that BankUnited, Inc. was established on May 21, 2009, when a group of investors led by John Kanas acquired the assets and most of the liabilities

(something to be investigated in Discovery) of the former BankUnited, FSB from the Federal Deposit Insurance Corporation (FDIC). Even Wikipedia states that. See Exh. E and F

So what comes first?, the chicken or the egg question is going to have to be answered in Discovery by somebody that was there from the beginning, by deposing Mr. John Kanas, president and C.E.O. since May 21, 2009. See Exh. E.

IN the Purchase and Assumption Agreement (PAA), there's not a schedule or list of the loans transferred from the FDIC, including Plaintiffs loan # 4594016. See Exh. F in Motion to dismiss 2nd Am. Compl. by Ragsdale Liggett [D.E. 69]

A question of material fact no doubt. The best way to find that out is to identify Plaintiffs loan # 4594016 through the entire life of the loan, since its inception, unbroken chain of title and chain of assignments, with their respective transfers, deliveries and acceptances up to its sale on November, 2012 to Carrington Mortgage Services, which is now starting to bother Plaintiffs with letters asking for $187,000, see Exh. G

Plaintiffs claim that BU, Trustee Services of Carolina ("TSC") and Brock & Scott ("B&S) just verified the debt with the name and address of the alleged creditor, BUT did not validate it. To claim damages and injury on an unpaid Promissory Note, BU must incorporate records such as the general ledger and accounting on the alleged default.

Is agreed that banks are exempt under the 58-70-15, but not under 58-70-15 (c) (10) where it says "a person, firm, corporation or association, which for valuable consideration purchases accounts, claims, or demands of another, which such accounts, claims, or demands of another, ARE NOT DELINQUENT at the time of such purchase, and then, in its own name, proceeds to assert or collect the accounts, claims or demands" (emphasis added). So NCGS sec. 75-50 et seq. applies because the Assignment became effective August 22, 2011 while the account was in default or delinquent.

All defendants were probably served with Plaintiffs complaint by the U.S. Marshall by the end of July, 2012, but Plaintiffs filed the lawsuit on June 20, 2012, so the Truth in Lending Act (T.I.L.A.) and Real Estate Settlement Procedure Act (R.E.S.P.A.) are NOT barred by the statute of limitation because the Assignment of Note and Deed of Trust transfer was done effective on August 22, 2011, inside the one-year limit of the lawsuit (from 6/20/2012 back to 6/20/2011), and Plaintiffs DID NOT receive any notification of transfer within 30 days starting August 22, 2011.

## ARGUMENTS

In ruling on a Rule 12 (b)(6) "it is also proper to consider documents attached to the complaint when those documents are central or integral to the complaint". See Blankenship v. Manchin, 471 F.3d 523 (4th cir. 2006)

BankUnited, Inc. allegedly took over loans, including Plaintiffs # 4594016, on May 21, 2009, NOT BankUnited, N.A., besides, not even in the Assignment of Note and Deed of Trust you will see the name "BankUnited, N.A.", see Exh. E [D.E. 69]

"Parent corporation ...is a debt collector liable for violation of subsidiaries since entire group of corporations are a single economic enterprise", see United States v. ACB Sales & Serv., Inc., 590 F. Supp. 561 (D. Ariz. 1984)

""Debt Collector" includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. sec. 1692 a(6) and f(6), see Kaltenbach v. Richards, 464 F.3d 524 (7th cir. 2006), see Wilson v. Draper & Goldberg pllc, 443 F.3d 373,378 (4th cir. 2006)

"A home loan is a debt within the FDCPA. Even if the mortgage foreclosure actions are taken in connection with enforcement of a security interest in real property, such actions may constitute debt collection activity", see Ademiluyi V. PennyMac Mort. Inv. Trust Holdings I, llc, 2013 WL 932525 (D. Md. March 11, 2013)


The introduction of the Assignment and the undated Allonge were presented many months later after the start of the foreclosure, see Exh. K [D.E. 54] And see Exh. D on Response to Motion to dismiss 2nd Am. Compl.

See Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th cir. 2012), "suing before ownership documents transferred"

Smith v. Argent Mtge. Co., llc, 447 F. Supp 2d 1194 (D. Colo. 2006) " Defendants motion to dismiss Pro se plaintiffs' complaint was denied because a question of fact existed to whether defendant obtained the debt when it was in default."

LaCosta v. McCalla Raymer, llc, 2011 WL 166902 (N.D. Ga., Jan 18, 2011) "A debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"

Belin v. Litton Loan Serv., L.P., 2006 WL 1992410 (M. D. Fla. July 14, 2006) "the complaint stated a claim that defendant was a "debt collector" since it alleged that the defendant was assigned the debt once it was already in default"

" The FDCPA establishes strict liability standard and requires only one violation for a consumer to prevail. A debt collector may still violate the FDCPA while simultaneously following an authorized state procedure", see Chalik V. Westport Recovery, 677 F. Supp 2d 1322 (S.D. Fla 2009)

When it comes to the North Carolina's NCDCA, the allonge and the assignment not presented at the start of foreclosure is misleading and a deceptive representation, NCGS 75-54, and applies to the Unfair and Deceptive Trade Practices Act in violation

of NCGS 75-1.1 "One need not show that he actually was deceived to prevail under the Act, as long as "the acts complained of , possessed the tendency or capacity to mislead, or created the likelihood of deception"", Chastain V. Wall, 78 NC App 350, 337 S.E. 2d 150,154 (1985).

"The defendant intent or good faith are irrelevant", Marshall v. Miller 276 S.E. 2d 397, 403 (N.C. 1981)

While the court is not necessarily bound to accept Plaintiffs descriptions as true relating to the defendants (Iqbal, 556 U.S. at 678), the court should follow more lenient guideline at this juncture of the proceedings in light of the Pro se status, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 30 L. Ed 2d (1972)

"The court should allow Plaintiff to amend their complaint to correct deficiencies so that justice may properly be served for all parties"

Johnson V. Riddle, 305 F. 3d 1107, 1117 (10th cir. 2002)

WHEREFORE, the Plaintiff respectfully request this Honorable Court deny the defendants motion to dismiss and to grant plaintiffs leave to amend their complaint in case this Court sees deficiencies in the Pro se complaint to be corrected, so justice may be properly served.

Respectfully submitted September 4, 2013

Gustavo Romanello  *[signature]*

CERTIFICATE OF SERVICE

We hereby certify a copy of the Response to Defendant Motion to dismiss 2nd Amended Complaint was served upon all parties to this action as follows:

Sean T. Partrick

YATES MCLAMB WEYHER LLP

421 Fayetteville St., Ste. 1200

Raleigh, NC 27601

Counsel for BankUnited, Inc

Marc Asbill

BROCK & SCOTT PLLC

5121 Parkway Plaza Blvd., Ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, PLLC

And Trustee Svces. Of Carolina, LLC


J. Whitfield Gibson

MANNING FULTON SKINNER

3605 Glenwood Av., Ste. 500

Raleigh, NC 27612

Counsel for Ragsdale Liggett

And Ashley H. Campbell

This 4th day of September, 2013

Gustavo Romanello   Tangogaucho@gmail.com   919-649-4494