UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, ) ) ) | |
| Plaintiffs, ) | **DEFENDANT BANKUNITED, INC.'S** |
| vs. ) ) | **REPLY TO DEFENDANT'S RESPONSE TO BANKUNITED'S MOTION TO** |
| BANKUNITED, INC., BROCK & SCOTT, ) | **DISMISS PLAINTIFFS' AMENDED** |
| PLLC., RAGSDALE LIGGETT, PLLC., ) | **COMPLAINT** |
| ASHLEY H. CAMPBELL. ) ) | |
| Defendants. ) ) | |

Defendant BankUnited, Inc. respectfully submits this reply to Plantiffs' Response to BankUnited, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint.

1. Plaintiffs' erroneously argue that BankUnited, Inc. is the owner of their home loan and related promissory note and, therefore, they have sued the correct entity. Information and documents from the FDIC show that the Romanellos' loan was sold and transferred from the FDIC to BankUnited, NA and not to BankUnited, Inc. Other documents and information from the FDIC show that BankUnited, Inc. is the holding company for BankUnited, NA. The Assignment document described by Plaintiffs (Exhibit K to the Second Amended Complaint) shows that the Romanellos' loan was sold and transferred to BankUnited, NA and not BankUnited, Inc. When the loan was sold on May 21, 2009 by the FDIC, it was sold to "UnitedBank", which changed its name on May 22, 2009 to simply "BankUnited". Since the allegations in the complaint deal with the servicing of the loan and collection of that loan, the proper party to be sued was BankUnited, NA and not Ban kUnited, Inc.

2. Plaintiff is estopped from arguing that the Purchase and Assumption Agreement transferring assets from the FDIC to BankUnited, NA is defective because it omits specific reference to the Romanellos' loan. The issue over the true holder of the promissory note for the Romanellos' loan was established in a foreclosure hearing in North Carolina Civil Superior Court. An Order arising from that same hearing established the validity of the debt at issue. The Plaintiffs are estopped from contesting those findings in this matter since they were a participant in the North Carolina state court foreclosure hearing.

3. Plaintiffs' response about incomplete debt verification under 15 U.S.C. §1692g of the FDCPA by BankUnited, Inc. or BankUnited, NA misses the point. Neither BankUnited entity is subject to that statute. Either they are not debt collectors under the definition in the FDCPA. Therefore, it had no obligation to verify the debt under that statute. Even if the statute did apply to BankUnited, Inc. or BankUnited, NA, the plaintiff did not request verification in the time allowed under §1692g.

4. Plaintiffs acknowledge that BankUnited is exempt from liability for any claims under N.C. Gen. Stat. §58-70-90 et seq because BankUnited does not meet the definition of debt collector under §58-70-15.

5. Plaintiffs misstate the statute of limitations accrual dates for their RESPA and TILA claims. The accrual dates start 30 days after the transfer of their loan to BankUnited, NA (May 22, 2009), not the date of the Assignment document used in state court to demonstrate the initial transfer of the loan to BankUnited, NA in 2009.

6. Plaintiffs' FDCPA vicarious liability arguments do not apply. Both BankUnited, Inc. and BankUnited, NA are exempt from the FDCPA. Even if the statute would apply,

BankUnited, NA is the actual creditor in this instance and since it would be exempt, then the principal would also be exempt.

7. Plaintiffs are estopped from making any new argument alleging that BankUnited, Inc. or BankUnited, NA initiated foreclosure proceedings without being the owner of the promissory note in question. Ownership of the note was established in the state foreclosure hearing described above. Plaintiffs cannot challenge that finding in a separate action alleging that neither BankUnited, Inc. nor BankUnited, NA are the proper owner of the Plaintiffs' promissory note. For the same reason, the Plaintiffs are estopped from arguing that BankUnited, Inc. or BankUnited, NA misrepresented the character, amount, or legal status of their promissory note in that same state foreclosure proceeding. The state court found that BankUnited, NA was the proper holder of that promissory note and that it evidenced a valid debt. Therefore, there was no misrepresentation of the character, amount, or legal status of that debt in that state court action.

8. Plaintiffs' own documents disprove their allegation that BankUnited, NA obtained their promissory note after it was in default. The Purchase and Assumption Agreement transferring assets from the FDIC to BankUnited, NA was completed on May 22, 2009. The first letter from BankUnited, Inc. to the Romanellos about a delinquent loan was dated September 28, 2010.

9. Plaintiffs purported request for information does not qualify as a Qualified Written Request (QWR) under RESPA. Taken collectively, the Romanellos' statements in their purported QWR dated February 25, 2011 demonstrate that the letter, Exhibit D to their Second Amended Complaint, was a communication challenging the validity of the debt and not the servicing of the loan as contemplated by RESPA.

10. The Plaintiffs have failed to allege actual damages as required by RESPA.

For the reasons given in BankUnited, Inc.'s (1) Motion to Dismiss, (2) Brief in Support of that Motion, (3) documents submitted in support of that motion, (4) Reply to Plaintiff's Response to BankUnited, Inc.'s Motion to Dismiss and (5) Brief in Support of BankUnited, Inc.'s Reply to Plaintiff's Response to BankUnited, Inc.'s Motion to Dismiss, BankUnited, Inc. respectfully requests that its Motion to Dismiss be granted with prejudice.

This the 17th day of September, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) |
| Defendants. | ) ) ) |

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com), Travis Emil Menk (travis.menk@brockandscott.com), Jonathan Whitfield Gibson (gibson@manningfulton.com), Marc Stephen Asbill (marc.asbill@brockandscott.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello 5314 Cottage Bluff Lane, Knightdale, NC 27545.

      This the 17th day of September, 2013

                **YATES, MCLAMB & WEYHER, LLP**

                /s/ SEAN T. PARTRICK
                Sean T. Partrick
                North Carolina State Bar No.: 25176
                Email: spartrick@ymwlaw.com
                *Attorneys for Defendant BankUnited, Inc.*
                Post Office Box 2889
                Raleigh, North Carolina 27602
                Tel: 919-835-0900; Fax: 919-835-0910