UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) **BRIEF IN SUPPORT OF** |
| vs. | ) **DEFENDANT BANKUNITED, INC.'S** ) **REPLY TO PLAINTIFFS' RESPONSE** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **TO BANKUNITED'S MOTION TO** ) **DISMISS PLAINTIFFS' AMENDED** ) **COMPLAINT** |
| Defendants. | ) ) ) |

Defendant BankUnited, Inc. submits this brief in support of its reply to Plaintiffs' Response to BankUnited, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint.

## STATEMENT OF THE FACTS AND STATEMENT OF THE CASE

BankUnited, Inc. incorporates the Statement of the Facts and Statement of the Case as contained in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66).

On September 4, 2013, BankUnited's Motion to Dismiss (DE 65) was submitted to the presiding Judge, as the Plaintiffs had failed to submit a response to that Motion by September 3, 2013.

On September 5, 2013, Plaintiffs submitted an untimely response to BankUnited's Motion to Dismiss. BankUnited, Inc. assumes that since the Court has exercised its discretion to allow the Plaintiffs' untimely response.

BankUnited, Inc. now submits its reply to the Plaintiffs' response. The Motion to Dismiss is currently before the Court for disposition.

## ARGUMENT

A. Defendant BankUnited, Inc. has demonstrated that BankUnited, NA, not BankUnited, Inc., owned the Plaintiffs' loan and promissory note during the relevant time period and that the Plaintiffs have sued the wrong BankUnited entity.

In its Brief in support of its Motion to Dismiss, BankUnited, Inc. demonstrated that during the relevant time period alleged in the Second Amended Complaint, the Romanellos' loan and promissory note was owned by BankUnited, NA and not by BankUnited, Inc. BankUnited, NA is a subsidiary company of BankUnited, Inc. and a separate corporation from BankUnited, Inc. Consequently, the Plaintiffs sued the wrong entity when they sued BankUnited, Inc. for their claims related to the handling and collection on their loan owned by BankUnited, NA. In response to that argument, the Plaintiffs believe that BankUnited, Inc. admitted on its website that BankUnited, Inc. owned the Romanellos' loan. The statement cited by the Plaintiffs says that BankUnited was established on May 21, 2009 and that it acquired the assets and most of the liabilities of the former BankUnited, FSB. As explained below, information from the FDIC definitively establishes that the FDIC sold all the assets of BankUnited, FSB (including the Plaintiffs' loan) to BankUnited, NA. The information from the FDIC also establishes that BankUnited, Inc. is a separate entity from BankUnited, NA and that BankUnited, Inc. is the holding company for BankUnited, NA. As for the website, it is common for a principal company and a subsidiary company to share a website. It is not an admission or evidence that the holding company, BankUnited, Inc., acquired the assets of BankUnited, FSB, including acquiring the Romanellos' loan. Regardless of what the Plaintiffs choose to believe or ask the Court to believe about the creation and evolution of BankUnited, NA, the prevailing FDIC documents establish BankUnited, NA's purchase, acquisition, and ownership of the Romanellos' loan. (See Exhibit 1 in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66)).

Plaintiffs' protestations (and citations to Wikipedia, a website that is acknowledged as insufficiently reliable for judicial findings)[1] do not change the history of BankUnited, NA, and they do not change the fact that BankUnited, Inc. is the wrong entity to be sued in this matter.

The Plaintiffs believe that the documents attached to their Second Amended Complaint tend to show that BankUnited, Inc. was the entity that communicated with the Romanellos on their loan deficiency. Actually, the documents used by the Plaintiffs only show communication from "BankUnited". The FDIC documents described above show that an entity simply known as "BankUnited" was established on May 21, 2009 as "UnitedBank" and changed its name on May 22, 2009 to simply "BankUnited". It later changed its name to BankUnited, NA on February 29, 2012. There is nothing in the Plaintiffs' supporting documents that show any action by BankUnited, Inc. Information on the two separate entities was readily available to the Plaintiffs from the FDIC when they commenced their civil action against BankUnited, Inc. Consequently, all of the Plaintiffs' claims against BankUnited, Inc. must be dismissed.

B. <u>Plaintiffs' erroneously argue that there are defects in the Purchase and Assumption Agreement giving BankUnited, NA ownership over the Plaintiffs' loan and that argument is also barred by estoppel.</u>

Plaintiffs' now allege that the original Purchase and Assumption Agreement cited in their pleadings does not expressly list their loan as being sold to BankUnited, NA. This is unpersuasive. The issue of the sale and ownership of the Romanellos' loan to BankUnited, NA has already been established in prior bankruptcy proceedings involving the Romanellos. The Assignment document (Exhibit K to Second Amended Complaint) demonstrates that the Romanellos' loan had been sold by the FDIC to BankUnited, NA (known as simply BankUnited at the time of the asset sale from the FDIC to BankUnited). More importantly, a North Carolina

---

[1] *Badasa v. Mukasey,* 540 F.3d 909, 910 (8th Cir.2008)

Civil Superior Court found as fact that BankUnited, NA was the proper holder of the Romanellos' promissory note (the same debt at issue in this case) and that the note evidenced a valid debt owned by the Romanellos. (See Exhibit 2 to BankUnited's Brief in Support of BankUnited's Motion to Dismiss (Order to Allow Foreclosure Sale signed by Judge Robert Hobgood)). Since this fact has been established by a competent court in a proceeding involving the Romanellos as a party, the Romanellos are estopped from challenging any part of that Order, including the fact that BankUnited, NA was the proper holder of the note in question. Also, because that same Order established a valid debt at the amount stated by the lender, the Plaintiffs cannot bring a separate claim against the lender alleging misrepresentation as to the character, amount, or legal status of that loan.

  C. <u>Plaintiffs' argument about incomplete debt verification misses the point that neither BankUnited, Inc. nor BankUnited, NA is liable under the FDCPA.</u>

  In their response to BankUnited, Inc.'s Motion to Dismiss, Plaintiffs contend that "BankUnited" is liable under 15 U.S.C. §1692g because "BankUnited" only provided the name and address of the alleged creditor but it did not give all the information required to validate a debt. This argument misses the point because neither BankUnited, Inc. nor BankUnited, NA is required to validate any debt under the FDCPA. As explained in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss, (1) neither BankUnited, Inc. nor BankUnited, NA qualify as "debt collectors" under the FDCPA and (2) even if they were debt collectors, the Plaintiffs failed to request debt validation within the time allowed under §1692g of the FDCPA. Therefore, the Plaintiffs cannot assert a claim against BankUnited based on an alleged failure to verify their debt.

D. <u>Plaintiffs agree that BankUnited is exempt from claims under N.C.Gen. Stat. §58-70-90.</u>

Plaintiffs seem to agree that BankUnited is exempt from liability for any claims under N.C. Gen. Stat. §58-70-90 et seq because BankUnited does not meet the definition of debt collector under §58-70-15. (See Plaintiff's Response to BankUnited, Inc.'s Motion to Dismiss (DE 73), p. 2 under "Factual Allegations") BankUnited demonstrated that it would be exempt from this statutes either because it is not attempting to collect the debt of another or because it would be exempt under §58-70-15(c)(2), (3), or (10). Even if Plaintiff were able to show that BankUnited was collecting the debt of another and that subpart (c)(10) of the statute did not apply, subparts (c)(2) and (c)(3) still would apply to exempt BankUnited from any claims under §58-70-90. Further, as explained below, subpart (c)(10) still applies because BankUnited, NA obtained the Romanellos' loan before it was in default.

Plaintiffs' illogically argue that even though other parts of §50-70-15(c) would apply to BankUnited and would except them from claims under Chapter 58 (and, by extension, from claims under §75-50 et seq.), because §58-70-15(c)(10) alone may not apply to BankUnited, then BankUnited is not exempt *at all* from claims under §75-50. Plaintiffs do not offer any legal citation to support such an assertion. The revealing part of this argument is that the Plaintiffs expressly admit that other parts of §58-70-15 would apply to their claims against BankUnited, Inc. or BankUnited, NA. As first shown in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss, based on the express language of §75-50(3), since BankUnited, Inc. and/or BankUnited, NA is "subject to" Chapter 58, any claim against them under §75-50 et seq is barred.

E. <u>Plaintiffs misstate the accrual date for the applicable statutes of limitation for their RESPA and TILA claims.</u>

The Plaintiffs mistakenly argue that the applicable statutes of limitation do not bar their RESPA and TILA claims because those claims accrued on August 22, 2011, which was the "effective" date the Assignment of Note and Deed of Trust ("Assignment document") (see Exhibit K to Second Amended Complaint). The RESPA and TILA claims alleged that BankUnited failed to notify the Plaintiffs that their loan had been sold or transferred within 30 days after that sale or transfer. As explained in BankUnited, Inc.'s Brief in Support of this Motion to Dismiss, the statutes of limitation for both theses types of RESPA and TILA claims begin to run thirty days after the loan is assigned. The August 22, 2011 Assignment document mentioned by the Plaintiffs was used in a a North Carolina Superior Court foreclosure proceeding to demonstrate that there had been a previous assignment/sale of the Romanellos' loan to BankUnited, NA back on May 21, 2009. That document did not create another subsequent assignment of their loan to BankUnited, NA on August 22, 2011.[2] Going back to the argument in BankUnited's Brief in Support of BankUnited's Motion to Dismiss the Amended Complaint (DE 66. pp. 13-15), the letters attached to the Plaintiffs' Second Amended Complaint show that the Plaintiffs were aware of the assignment within the applicable statutes of limitation, but they failed to file RESPA or TILA claims within the applicable time periods. The date of the Assignment document is a red herring that does not affect the appropriate statutes of limitation analysis.

F. <u>Plaintiffs' new vicarious liability theory does not apply to BankUnited, Inc.or BankUnited, NA.</u>

Plaintiffs argue a new vicarious liability theory against BankUnited, Inc. for the actions of it's alleged agent, BankUnited, NA, and they cite <u>United States v. ACB Sales and Service, Inc.</u>, 590 F. Supp. 561 (D. Ariz. 1984) for the proposition that a parent corporation is liable for

---

[2] For the Plaintiffs' argument to be valid, the August 22, 2011 "assignment" would have required BankUnited, NA to transfer the loan to itself, which is not an assignment or transfer of the loan to another lender or loan servicer.

FDCPA violations by an agent. However, even under the cases that assess vicarious liability under the FDCPA, the principal must still qualify as a debt collector. In their Amended Complaint, the Plaintiffs only allege that BankUnited, Inc. is a banking corporation. They do not allege any facts that would show that BankUnited, Inc.'s primary business is debt collection. Further, because the subsidiary "agent", BankUnited, NA, was the proper creditor, BankUnited, Inc. would not be liable under a theory of respondeat superior for FDCPA violations. See Washington v. CityMortgage, Inc., 2011 WL: 1871228 (E.D. Va. 2011) (citing Fouche v. Shapiro & Massey, LLP, 575 F. Supp. 2d 776 (S.D. Miss 2008); Andresakis v. Capital One Bank, 2011 WL 1097413 (S.D.N.Y. 2011); Sprague v. Neil, 007 WL 3085604 (M.D. Pa. 2007).

   G.  For the reasons given herein, Plaintiffs are estopped from making any new claims based on an allegation that BankUnited, NA was not the owner of their loan.

Plaintiffs cite Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th Cir. 2012) for an apparent new theory that BankUnited is liable under the FDCPA for filing a foreclosure lawsuit before it owned the loan. In Wallace, the Sixth Circuit noted that another court had found as fact that the bank foreclosing on the note was not the actual holder when it filed the foreclosure suit and, therefore, there was a misrepresentation under the FDCPA as to the legal status of that debt when the foreclosure suit was filed. In the present case, the opposite has occurred. A North Carolina Superior Court has found that BankUnited, NA was the proper holder of the Romanellos' promissory note. The Assignment document described above also confirms that BankUnited was the holder of the note as of May 21, 2009, when that loan and other assets were sold and transferred to BankUnited by the FDIC. The rationale in Wallace does not apply to this case.

   H.  Plaintiffs are estopped from making any claim asserting that documents submitted during a prior foreclosure hearing were misleading or that they misrepresented the character, amount, or legal status of the Plaintiffs' debt.

The Plaintiffs argue in their response that the Assignment document presented in the foreclosure hearing in state court was misleading and violated N.C. Gen. Stat. §75-54, the North Carolina Debt Collection Act (NCDCA). It is already been well-established that the Assignment document (Exhibit K to the Second Amended Complaint) was valid and that a North Carolina Superior Court has expressly stated in an order that the note and loan were valid and that BankUnited was the proper holder of the Romanellos' promissory note. Since this fact has been established, Plaintiffs are estopped from asserting any claim arguing that the Assignment document misrepresented the character, amount, or legal status of their loan. This also bars any claim under §75-54 arguing that the Assignment was misleading or a deceptive misrepresentation.

I. <u>Plaintiffs are estopped from making any new claims based on an allegation that BankUnited, NA obtained the Plaintiffs' loan after it was in default.</u>

In their response, the Plaintiffs make a new claim that BankUnited, NA is liable under the FDCPA because it only started debt collection activity after it had obtained their loan that was already in default. This is factually incorrect and disproven by the Assignment document (Exhibit K to Second Amended Complaint) described by the Plaintiff. That document shows that the Romaellos' loan was sold and transferred to BankUnited on or about May 22, 2009. The first letter to the Romanellos informing them that their loan was in default was dated September 28, 2010. (See Exhibit A to Plaintiffs' Second Amended Complaint). This demonstrates that BankUnited, NA had obtained the Romanellos loan before it had gone into default.

Plaintiffs cite <u>LaCosta v. McCalla Raymer, LLC</u>, 201 WL 16692 (N.D. Ga. 2011) and <u>Belin v. Litton Loan Service, L.P.</u>, 206 WL 1992410 (M.D. Fla. 2006), as a basis for their new argument that BankUnited is liable under the FDCPA because BankUnited obtained the loan

after it was in default. Because all the documents to date have demonstrated that BankUnited obtained the Romanellos' loan before it was in default, Belin is not applicable. LaCosta is not on point because only the lawyer and the entity who sent out the foreclosure notice and not the creditor/noteholder were sued for FDCPA violations.

J.  Plaintiffs' have not made a valid Qualified Written Request under RESPA.

Plaintiffs purported request for information does not qualify as a Qualified Written Request (QWR) under RESPA. The recent decision in Ward v. Security Atlantic Mort. Electronic Registration Systems, Inc., 858 F. Supp. 2d 561 (E.D.N.C. 2012) is instructive on this point. In Ward, the plaintiff homeowners alleged that the holder/servicer of their loan had not responded to their QWR. However, the district court held that the written request did not qualify as a QWR under RESPA. The district court found that it was a communication challenging the validity of the debt and not the servicing of the loan as contemplated by the statute. The district court noted that the written request sought, among other things, copies of land documents, assignments of the deed of trust and promissory note, copies of property inspection reports, real estate appraisals, and a loan transactional history. The Plaintiffs said that they requested the information because they felt they were not provided proper disclosures at or prior to the closing and that they may be the victims of predatory lending. The complaint in Ward did not have any allegations regarding any irregularities in the servicing of the loan.

In the present case, the Romanellos' purported QWR also has the same problems identified in  did not have any allegations regarding any irregularities in the servicing of the loan.

In the present case, the Romanellos' purported QWR also has the same problems identified in Ward. The Romanellos' QWR, Exhibit D to their Second Amended Complaint, only includes general statements about their fear of lending and servicing schemes, but does not

allege that their lender participated in any of those alleged schemes. The Romanellos also request documents pertaining (1) to the origination of the alleged mortgage and note, (2) loan applications, (3) Deed of Trust, (4) Promissory Note, and (5) Adjustable Rate Note. The Plaintiffs also requested a copy of the complete loan history just as was requested in Ward. Also, the Romanellos expressly stated that they believe that they were victims of predatory lending, just as in Ward. More directly than ward, the Romanellos expressly state that they believe that the loan terms were misrepresented to they at the time of the application or obscured and/or modified prior to signing. They also allege that their income may have been inflated on their loan application. They further allege that certain documents were not provided or disclosed prior to their signing at closing. Later, in their letter the Romanellos expressly state that they are requesting information under RESPA "to insure that my loan" was in compliance with certain statutes or regulations. In their Second Amended Complaint, the Romanellos do not allege any irregularities by BankUnited over the servicing of their loan. In fact, the allegations seem to start at the moment that the Romanellos are informed that they may be in default. Taken collectively, the Romanellos' statements demonstrate that the February 25, 2011 letter, Exhibit D to their Second Amended Complaint, was a communication challenging the validity of the debt and not the servicing of the loan as contemplated by RESPA. For the same reasons expressed in Ward, the Romanellos' RESPA claim should be dismissed.

    K.    <u>The Plaintiffs have failed to allege actual damages as required by RESPA.</u>

Ward v. Security Atlantic Mort. Electronic Registration Systems, Inc. also demonstrates that Plaintiffs are required to demonstrate actual damages in a RESPA claim. In Ward, the district court that plaintiffs in a RESPA claim must allege pecuniary loss attributable to the RESPA violation. Id.at 574. (citing Hutchinson v. Delaware Sav. Bank FSB, 410 F.Supp 2d,

374 (D.N.J. 2006); Ginn v. CitiMortgage, Inc. (In Re Ginn, 465 B.R. 84 (Bankr. D.S.C. 20-12); Wittenberg v. First Indp. Mortg. Co, 2001 WL 1357483 (N.D. W.Va. 2011); and Frazile v. EMC Mortg. Corp., 382 Fed. Appx. 833 (11th Cir. 2010). In the present case, the Romanellos have failed to allege any actual damages attributable to the alleged RESPA violation. The only actual damages alleged by the Romanellos are costs to pay an auditor to find out about an alleged $10,000 discrepancy in the lifetime financing of the loan. (See Exhibit H to Plaintiffs' Second Amended Complaint) This allegation has to do with annual percentage rates disclosed in the initial loan, but not with the subsequent servicing of the loan. Since the Romanellos have failed to demonstrate actual damages related to a RESPA claim for the servicing of the loan, these claims must be dismissed.

## CONCLUSION

For the reasons stated herein, and based upon the authorities cited in support thereof, BankUnited respectfully requests that its Motion to Dismiss be granted and that an order be entered dismissing with prejudice all of Plaintiffs' claims against BankUnited in this matter.

This the 17th day of September, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) |
| Defendants. | ) ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com), Travis Emil Menk (travis.menk@brockandscott.com), Jonathan Whitfield Gibson (gibson@manningfulton.com), Marc Stephen Asbill (marc.asbill@brockandscott.com) and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello 5314 Cottage Bluff Lane, Knightdale, NC 27545.

This the 17th day of September, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910