UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

FILED

SEP 1 9 2013

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | | |
|---|---|---|
| Gustavo Romanello, et al | ) | |
| | ) | |
| VS. | ) | case #: 5:12-cv-371-FL |
| | ) | |
| BankUnited, Inc., et al | ) | |

PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COME NOW Gustavo & Acela Romanello ("Plaintiffs") and submit this Memorandum in support of their Motion for leave to file an Amended Complaint as provided in rule 15 (a), a copy of which is attached hereto, and states as follows:

STATEMENT OF FACTS

On June 20th, 2012 Plaintiffs commenced an action In Forma Pauperis against Defendants BankUnited, Inc. ("BU"), Trustee Services of Carolina, Llc. ("TSC"), Brock & Scott, Pllc. ("B&S"), Ragsdale Liggett, Pllc. ("RL"), and Ashley H. Campbell ("AHC"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), the North Carolina Debt Collectors Act ("NCDCA"), sec. 75-50 et seq., and the North Carolina Unfair Trade Practices Act, sec. 75-1.1 et seq.

On July 27th, 2012 Plaintiffs filed a Motion to amend caption.

On June 19th, 2013 this Court denied without prejudice all of Defendants Motion to Dismiss Second Amended complaint.[D.E. 55]

Plaintiffs added Real Estate Settlement Practices Act ("RESPA") and Truth in Lending Act ("TILA") violations related to the foreclosure process in the Second

amended complaint, but unfortunately, some of the FDCPA violations are outside the statute of limitation and in need to be taken out of the complaint, but they still can be viewed for reference purposes.

Thus the need to amend the complaint.

BU is employing delaying tactics by saying they are not the correct party in the lawsuit, more than a year after the start of it in June 20th, 2012. Their own website says "BankUnited, Inc. was established on May 21st, 2009 when a group of investors led by John Kanas acquired the assets and most of the liabilities of the former BankUnited, FSB from the FDIC". See Exh. B

Even Wikipedia says that, meaning that BankUnited, NA didn't exist at the time, and even in the Assignment BankUnited, NA is not mentioned by name.

An issue of material fact exists before the Court as to the unbroken chain of title and chain of assignments, with their respective transfers, deliveries and acceptances of Plaintiffs loan # 4594016 through its entire life, up until the loan sale on November 2012 to Stanwich Trust/Carrington Mortgage Services, which is now attempting to collect on Plaintiffs, asking for $187,000. See Exh. C

That is what Plaintiffs were afraid of, by asking in the WHEREFORE statement in the Amended Complaint, to get the Promissory Note back after foreclosure. BU is double dipping, putting Plaintiffs in double jeopardy, BU wants the cake and eat it too, selling the Promissory Note, evicting Plaintiffs on July, 2013 and getting the house in the process, so they can sell it later.

Allegations that banks are exempted from the NCDCA doesn't apply in this case because under the North Carolina General Statute 58-70-15 (c)(10) it says "a person, firm, corporation or association, which for valuable consideration purchases accounts, claims, or demands of another, which such accounts, claims or demands of another, are NOT delinquent at the time of such purchase, and then, in its own name, proceeds to assert or collect the accounts, claims or demands" (emphasis added). It mirrors the FDCPA.So NCGS 75-50 et seq. applies because the Assignment of Note and Deed of Trust became "effective August 22nd, 2011" while the account was delinquent or in default. Same with the RESPA and TILA violations, after the effective date, BU had 30 days until September 22nd, 2011 to notify Plaintiffs of the transfer, sale or assignment, and didn't do it. See Assignment Exh. D

The presentation of an undated, unauthenticated and barely signed Allonge and of an Assignment of Note and Deed of Trust by BU and its agents TSC, B&S, RL and AHC, six months after the start of the foreclosure proceeding is unfair and misleading under the FDCPA and NCDCA laws. See Allonge Exh. E

Plaintiffs hadn't even received the only letter with the FDCPA warning "you have 30 days to dispute the debt or it will be assumed to be valid" (15 U.S.C. sec. 1692 g(a)(3)) by February 12, 2011, that BU, through its agents TSC and B&S, had already a day before, on February 11, 2011, started foreclosure. See Exh. F and G

## LAW AND ARGUMENT

Debt Collector parent company:

A debt collector's parent company was also found to be a debt collector since the parent was shown to be "thoroughly enmeshed in the debt collector's business" and "a significant participant in the debt collection process", see Hernandez v. Midland Credit Mgmt.,Inc, 2007 WL 2874059 (N.D. Ill. Sept. 25, 2007)( debt collector and its parent were debt collectors)

"Parent corporation... is a debt collector liable for violation of subsidiaries since entire group of corporations are a single economic enterprise", see United States v. ACB Sales & Serv., Inc, 590 F. Supp. 561 (D. Ariz. 1984)

"A home loan is a debt within the FDCPA. Even if the mortgage foreclosure actions are taken in connection with enforcement of a security interest in real property, such actions may constitute debt collection activity", see Ademiluyi v. PennyMac Mort. Inv. Trust Holdings I, Llc, 2013 WL 932525 (D. Md. March 11, 2013)

Assignment of debt while in default:

"the complaint stated a claim that defendant was a "debt collector" since it alleged that defendant was assigned the debt once it was already in default", see Belin v. Litton Loan Serv., L.P., 2006 WL 1992410 (M.D. Fla., July 14, 2006)

See Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th cir. 2012), "suing before ownership documents transferred"

"A debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned", LaCosta v. McCalla Raymer, Llc, 2011 WL 166902 (N.D. Ga., Jan. 18, 2011)

See Castrillo v. American Home Mortgage Serv., Inc., 2010WL 1424398 (E.D. La., April 5, 2010), " section 1692 a (6)(F)(iii) exclusion applies only to debt collectors attempting to collect debts obtained before default, and in this case the debt was assigned after it was already in default"

Rooker-Feldman doesn't apply in the instant case:

"... the FDCPA claim was not actually litigated in the state action", Nikkel v. Wakefield & Assoc., Inc., 2011 WL 4479109 (D. Colo., Sept. 26, 2011).
See Blaxil v. Arrow Financial Serv., Llc., 2011 WL 1299350, (N.D. Cal., April 4, 2011), "Rooker-Feldman doctrine and theories of Res Judicata and collateral estoppel did not apply to issue of whether defendants inflated debt because the issue was not decided by state court".

Attorneys as debt collectors:

Attorneys qualify for the purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client. A person may "regularly" collect debts even if debt collection is not the principal purpose of his business, see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., 130 S. Ct. 1605 (2010); Heintz v. Jenkins 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)

The U.S. Court of Appeals have consistently held that in an initial communication the debt collector's warning from 15 U.S.C. sec. 1692 e(11) "this is an attempt to collect a debt" must be provided, see Guerrero v. RJM Acquisitions Llc., 499 F.3d 926 (9th cir. 2007), also see Carroll v. Wolpoff & Abramson, 961 F.2d 459 (4th cir. 1992)

The Fourth District court held that the defendant did not fall within the FDCPA fiduciary exemption under sec. 1692 a(6)(F)(i) since "...actions to foreclose on a property pursuant to a deed of trust are not "incidental" to its fiduciary obligation. Rather, they are central to it". Wilson v. Draper & Goldberg, Pllc., 443 F.3d 373 (4th cir. 2006)

Garcia-Contreras v. Brock & Scott, Pllc, 775 F. Supp. 2d 808 (M.D.N.C. 2011), "...the defendants violated the FDCPA by filing their lawsuit before complying with the verification requirement, the Court rejected the argument that the contents of the lawsuit constituted the verification"

State violations-NCDCA:

"One need not show that he actually was deceived to prevail under the Act, as long as " the acts complained of, possessed the tendency or capacity to mislead, or created the likelihood of deception"", Chastain v. Wall, 78 N.C. App. 350, 337 S.E. 2d 150, 154 (1985).

"The defendant intent or good faith are irrelevant", Marshall v. Miller, 276 S.E. 2d 397, 403 (N.C. 1981)

The Fourth Circuit held that the FDCPA is "a 'comprehensive and reticulated' statutory scheme, involving clear definitions, precise requirements, and particularized remedies." See Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 233 (4th cir. 2007)

While the Court is not necessarily bound to accept the Plaintiffs descriptions as true relating to the Defendants (Iqbal, 556 U.S. at 678), the Court should follow more lenient guidelines at this juncture of the proceedings before Discovery, in light of their Pro se status. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 30 L. Ed. 2d (1972)", "...the Court should allow Plaintiff to amend their complaint to correct deficiencies so that justice may properly be served for all parties", " because the FDCPA, like TILA, is a remedial statute, it should be construed liberally in favor of the consumer", Johnson v. Riddle, 305 F.3d 1107, 1117 (10th cir. 2002).

The rules of court provide rule 15(a) that "...leave shall be freely given when justice requires", see Foman v. Davis, 371 U.S. 178, 182 (1962), see Exh. A

WHEREFORE, the Plaintiff respectfully request this Honorable Court deny the Defendants Motions to dismiss and to grant Plaintiffs leave to amend their complaint to correct deficiencies and Statute of limitations issues in their Pro se complaint against Defendants, and the Order be entered, so justice may be properly served.

Respectfully submitted, September 18, 2013

Gustavo Romanello

## CERTIFICATE OF SERVICE

Plaintiff hereby certify that a copy of the Memorandum in support of a Motion for leave to file an amended complaint, was served upon all parties to this action as follows:

| | |
|---|---|
| Sean T. Partrick | J. Whitfield Gibson |
| YATES McLAMB & WEYHER, LLP | MANNING FULTON SKINNER |
| 421 Fayetteville St., ste. 1200 | 3605 Glenwood Ave., ste. 500 |
| Raleigh, NC 27601 | Raleigh, NC 27612 |
| Counsel for BankUnited, Inc. | Counsel for Ragsdale Liggett, Pllc |
| | And Ashley H. Campbell |

Marc S. Asbill

BROCK & SCOTT, Pllc

5121 Parkway Plaza Blvd., ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, Pllc and Trustee Services of Carolina, Llc

This 18th day of September, 2013

Gustavo Romanello      Tangogaucho@gmail.com      919-649-4494