RECEIVED
SEP 19 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

FILED
SEP 19 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello, et al | ) | |
| | ) | Case No. 5:12-cv-371-FL |
| VS. | ) | PROPOSED AMENDED COMPLAINT |
| | ) | JURY TRIAL DEMANDED |
| BankUnited, Inc., et al | ) | |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NATURE OF THE ACTION

1. This is an action for damages brought by Gustavo and Acela Romanello ("Plaintiffs") against Defendants BankUnited, Inc., ("BU"), Trustee Services of Carolina, Llc ("TSC"), Brock & Scott, Pllc, ("B&S"), Ragsdale Liggett, Pllc. ("RL"), and Ashley H. Campbell ("AHC"), for violations of the Fair Debt Collection Practices Act 15 U.S.C. sec. 1692 et seq., ("FDCPA"), the N.C. Debt Collectors Act N.C. General Statute sec. 75-50 et seq. ("NCDCA"), the N.C. Unfair Trade Practices Act N.C.G.S. 75-1.1 et seq., the Truth in Lending Act 15 U.S.C. sec. 1641 sec. 131(g), ("TILA"), and the Real Estate Settlement Procedures Act 12 U.S.C. 2601 et seq. ("RESPA").

PARTIES

2. Plaintiffs are residents of Knightdale in Wake County, NC
3. Upon information and belief BU is a banking corporation with headquarters in 7815 NW 148 St., Miami Lakes, FL 33016
4. TSC is a corporation located in 5431 Olander Dr., Wilmington NC 28403

5. Upon information and belief B&S is a corporation located in 5431 Olander Dr., Wilmington NC 28403
6. RL is a corporation located in 2840 Plaza Pl., ste. 401, Raleigh NC 27612
7. Upon information and belief AHC is a partner at RL in 2840 Plaza Pl., ste. 401, Raleigh NC 27612
8. Plaintiffs are consumers as that term is defined by NCDCA at NCGS 75-50(1) and as defined by the FDCPA 15 U.S.C. 1692 a(3), and incurred a debt as defined by NCGS 75-50(2), and by FDCPA 15 U.S.C. 1692 a(5)
9. Defendants are debt collectors as defined by 15 U.S.C. 1692 a(6) and NCGS 75-50(3).
10. The jurisdiction of this court is conferred by 15 USC 1692 k, NCGS 75-50 et seq. and has jurisdiction under Federal-question jurisdiction 28 USC 1331.

## FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege each and every allegation stated above.
12. The complaint in question here is related to Defendants law violations in trying to collect a consumer debt that occurred in a foreclosure action and was filed on June 20, 2012.
13. On July 2005 Plaintiffs signed a Promissory Note and Deed of Trust with a now bankrupt bank, BankUnited, FSB.
14. By the end of September 2010 and, again, by the end of December 2010, Plaintiffs received two letters from BU that failed to state that they were debt collectors, (although it came from the Collection Department), and that Plaintiffs had 30 days to dispute the debt or it will be considered valid. See [D.E. 54-2&3]
15. Those are requirements of the FDCPA, 15 USC 1692 g(a)(3), and NCDCA.
16. These violations are outside the one-year Statute of Limitations, but are to be taken as reference purposes., (they're from before June 20, 2011)
17. Plaintiffs as ignorant and unsophisticated consumers that they were, didn't respond to the letters and didn't dispute the debt.

18. After sending the loan modification packages twice, and being told that they lost them or didn't received it, typical modus operandi of foreclosing banks at that time, Plaintiffs had finally started working in a Loan Modification with BU by mid January 2011. See Exh. A
19. On February 7, 2011, Defendants TSC in care of B&S, as debt collectors, sent Plaintiffs a letter with the debt pay-off information, a total of $170,892,36 as of February 7, 2011.
20. Plaintiffs DIDN'T EVEN RECEIVED that letter on February 12, 2011, that BU through its agents TSC and B&S, in an unfair and unconscionable way, had already started foreclosure proceedings a day before, on February 11, 2011. See Exh. B, Court receipt and Exh. C
21. Unlike the BU letters, these letters did have the statements, "This is an attempt to collect a debt" and "...the FDCPA entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter, or the debt will be assumed to be valid". See Exh. C
22. Plaintiffs weren't given a chance to dispute the debt, that foreclosure started.
23. After receiving the letter with the 30 days warning, Plaintiffs sent a Qualified Written Request/Debt Validation/Notice of Dispute ("QWR/DV/NOD") letter to BU, TSC and B&S within the 30 days stipulated by law, the last week of February 2011.
24. Specific questions were asked by Plaintiffs in the QWR/DV/NOD, as to how and when the new bank BU acquired loan # 4594016, and chain of title or Assignment or Allonge information from the old bank to the new one.
25. Plaintiffs received in their answer just the name and address of BU (no mention of BU,NA), and pages with payment dates, that could've been researched just by looking at Plaintiffs old checkbooks. See [D.E. 54- 5&6]
26. Plaintiffs weren't provided with a verified copy of the Assignment nor a verified copy of the Allonge, because they weren't done at that time.
27. No proper validation of the debt was done with accounting ledgers etc., nor proof of damages or injury, as evidence of the alleged default.

28. Plaintiffs found out months later about the existence of the undated, unauthenticated, un-notarized and barely signed Allonge, and of the post-dated Assignment (with no mention of BU,NA), showing possible deceit towards Plaintiffs and the Superior Court by creating the Allonge and Assignment for litigation purposes only. See Exh. C & D
29. BU, through its agents TSC and B&S, continued to attempt to collect the debt, sending Notice of Foreclosure Sale letters. See Exh. E
30. Collection activities are an established part of practice for BU, and RL with a collections practice group. See [D.E. 54-10]
31. Defendants BU, TSC, B&S, RL and AHC didn't cease to attempt to collect the disputed debt and in August 29th, 2011, RL and AHC presented to the Superior Court Judge an Assignment of Note and Deed of Trust that they prepared a week before on August 22nd, 2011, done six months after the foreclosure started.
32. An undated, unauthenticated, unverified and with a squiggle of a signature Allonge, was presented also to the Judge, over Plaintiffs objections.
33. BU does not have any proof that loan # 4594016 was transferred from the FDIC, the Purchasing and Assumption Agreement doesn't even mention any schedule or list of loans transferred.
34. RL and AHC should've review BU or TSC or B&S or whoever hired them, to check if they had been in compliance with the FDCPA to insure they were acting within the law in their attempt to collect.
35. RL and AHC should've inform Plaintiff in their communication, as per FDCPA laws, that it was an attempt to collect a debt directly or indirectly, even with a letter that conveyed information about a judgment. See Exh. F
36. Plaintiffs were not informed with a Notice of Transfer of the loan to a new assignee, BU had 30 days to do so, from the effective date of the assignment on August 22, 2011 to September 22, 2011; Plaintiffs didn't receive a notice as per TILA, in the amended provision of USC sec. 1641 subsection 131(g) "Helping Families Save Their Home Act", and as per RESPA laws.

37. On November 20th, 2012, Defendant BU held a Foreclosure sale, which Plaintiffs, in another "mistake" by BU, TSC and B&S, conveniently didn't receive a Notice of Sale this time, where by a CREDIT bid, no monies exchanged, BU bought Plaintiffs loan and sold it a few months later to Stanwich Trust/Carrington Mortgage who is attempting to collect now on Plaintiffs, this time for $187,000. See Exh. G
38. By not relinquishing the Promissory Note possession, after the end of the foreclosure process, and leaving it in the stream of commerce, BU is putting Plaintiffs in a financial "double jeopardy" situation by having Stanwich Trust/Carrington Mortgage come after them for the debt, again.
39. That means that the foreclosure wasn't really finalized.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA 15 U.S.C. 1692 et seq.

40. Plaintiffs repeat and reallege each and every allegation stated above.
41. Defendants BU, TSC and B&S violated 15 U.S.C. 1692 e(10) by the use of deceptive means to collect, in that they started the foreclosure proceeding even before Plaintiffs received the letter with the "thirty (30) days to dispute" warning, and continuing thereafter with their collection efforts, sending Notices of Foreclosure.
42. Defendants BU, TSC and B&S, RL and AHC violated 15 U.S.C. 1692 g(b), in that they failed to cease collection efforts while debt was disputed, sending Notices of Foreclosure sale, and presenting an Allonge and Assignment in the Superior Court.
43. Defendants BU, TSC, B&S, RL and AHC violated 15 U.S.C. 1692 f, an unfair or unconscionable means to collect or attempt to collect, in that they produced an Allonge and an assignment of Note and Deed of Trust, six months after the start of foreclosure, showing possible lack of standing.
44. Defendants BU, TSC, B&S, RL and AHC violated 15 U.S.C. 1692 e(2) by falsely representing the status of any debt, in that they produced an Allonge and an

Assignment of Note and Deed of Trust six months after the start of foreclosure, showing possible lack of standing.

45. Defendants RL and AHC violated 15 U.S.C. 1692 e(11) by failure to warn "this is an attempt to collect a debt" in their communications.
46. Plaintiffs are entitled to $1,000 in statutory damages plus attorney fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NC DEBT COLLECTION ACT- NCGS 75-50 et seq.

47. Plaintiffs repeat and reallege each and every allegation stated above.

47. Defendants BU and TSC violated NCGS 75-54(4) that prohibits falsely representing the character, extent or amount of debt or its status in any legal proceeding, in that they failed to have the Allonge and the Assignment of Note and Deed of Trust in place at the start of the foreclosure proceedings.
48. Plaintiffs are entitled to $4,000 in statutory damages for each violation plus attorney fees and costs.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NC UNFAIR TRADE PRACT. ACT- NCGS 75-1.1 et seq.

49. Plaintiffs repeat and reallege each and every allegation stated above.
50. BU and TSC unfair or deceptive acts to collect occurred in commerce in violation of NCGS 75-1.1
51. Plaintiffs suffered mental anguish, marital problems, emotional distress and other damages in an amount to be proven at trial.
52. The acts, practices and/or omissions of defendants proximately caused economic injury to Plaintiffs, are affecting commerce, have the capability to deceive an ordinary consumer, are unscrupulous, immoral and oppressive, and constitute unfair and deceptive trade practices in NCGS 75-1 et seq.,

thereby entitling Plaintiffs to treble damages pursuant to NCGS 75-16 in excess of $10,000.

## FOURTH CAUSE OF ACTION
## VIOLATION OF T.I.L.A. 15 U.S.C. SEC. 1641 SUBSECTION 131(g)

53. Plaintiffs repeat and reallege each and every allegation stated above.
54. Defendant BU violated TILA 15 U.S.C. sec. 1641 subsection 131(g), in that Defendant failed to give Plaintiffs Notice of Transfer of Assignment within thirty (30) days after the sale, transfer of assignment of the mortgage loan, BU had from the effective date of August 22nd, 2011 to September 22nd, 2011 to notice Plaintiffs and didn't do it.
55. Plaintiffs are entitled to $4,000 in statutory damages plus attorney fees and costs.

## FIFTH CAUSE OF ACTION
## VIOLATION OF R.E.S.P.A. 12 U.S.C. SEC. 2605 c(2)(b)

56. Plaintiffs repeat and reallege each and every allegation stated above.
57. Defendant BU violated 12 U.S.C. 2605 c(2)(b) in that a transferee servicer shall notify the borrower in writing no more than thirty (30) days after any assignment, sale or transfer, BU had from August 22nd, 2011 to September22nd, 2011 to send notice and it didn't.
58. Plaintiffs are entitled to statutory damages of $2,000 as per 12 U.S.C. 2605 f(1)(b) plus attorney fees and costs.

WHEREFORE, Plaintiffs pray to the Court as follows:

1. That Plaintiffs be awarded actual damages in an amount to be determined at trial, $1,000 to $4,000 in statutory damages per violation, treble damages where allowed, and punitive damages pursuant to the violations of N.C.G.S. 75-50 et seq. alleged herein.
2. That Plaintiffs be awarded litigation costs and reasonable attorney fees.

3. For an Order requiring Defendant BU to surrender Plaintiffs' Promissory Note to finalize the foreclosure action, or in its defect, to award Plaintiffs actual damages.
4. For a trial by jury on all issues so triable.
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, September 19, 2013

Gustavo Romanello  _____

## CERTIFICATE OF SERVICE

Plaintiff hereby certify that a copy of the proposed Amended Complaint was served upon all parties to this action as follows:

| | |
|---|---|
| Sean T. Partrick | J. Whitfield Gibson |
| YATES McLAMB & WEYHER, LLP | MANNING FULTON SKINNER |
| 421 Fayetteville St., ste. 1200 | 3605 Glenwood Ave., ste. 500 |
| Raleigh, NC 27601 | Raleigh, NC 27612 |
| Counsel for BankUnited, Inc. | Counsel for Ragsdale Liggett, Pllc and Ashley H. Campbell |

Marc S. Asbill

BROCK & SCOTT, Pllc

5121 Parkway Plaza Blvd., ste. 300

Charlotte, NC 28217

Counsel for Brock & Scott, Pllc and Trustee Services of Carolina, Llc

This 19th day of September, 2013

Gustavo Romanello       Tangogaucho@gmail.com       919-649-4494

VERIFICATION

The undersigned verify, under penalty of perjury, that they have reviewed the aforementioned complaint and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the 19th day of September, 2013

_____
Gustavo Romanello

Notary Public

Sworn and subscribed:

_____
CINITA L. ROBINSON

My commission expires:

_____
April 28, 2018

Cinita L Robinson
NOTARY PUBLIC
Wake County, NC
My Commission Expires April 28, 2018