IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, <br> Plaintiffs, <br><br> v. <br><br> BANKUNITED, INC., TRUSTEE SERVICES OF CAROLINA, LLC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC and ASHLEY H. CAMPBELL, <br><br> Defendants. | Case No. 5:12 CV 371-FL <br><br> **REPLY BRIEF OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants Ragsdale Liggett, PLLC ("Ragsdale") and Ashley H. Campbell ("Campbell"), by and through counsel, respectfully submit this reply brief in support of their Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 68] and in opposition to Plaintiff's Response [D.E. 71] and in opposition to Plaintiff's Motion to Amend [D.E. 78].

## INTRODUCTION

For brevity's sake and in recognition of the Court's time in this matter, Ragsdale and Campbell incorporate by reference the Introduction and Statement of Facts in their Brief in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint. [D.E. 69].

## ARGUMENT

The Plaintiffs' factual allegations as they relate to Ragsdale and Campbell are insufficient to state a cause of action against these Defendants.[1]

---

[1] Paragraph 31 of the Second Amended Complaint, that "collection activities" are a part of the practice of Ragsdale and Campbell, is a conclusory allegation which is not a fact entitled to the assumption of truth in a Motion to Dismiss, for reasons explored more thoroughly below. *See Johnson v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 112245, ___ F. Supp. 2d ___(E.D.N.C. Sept. 29, 2011). Plaintiffs' Response merely recycles these same allegations while allegedly citing to Ragsdale's website. [D.E. 71, p. 2]. For a detailed recitation as to why Plaintiffs have failed to appropriately state a claim against Ragsdale and Campbell as "debt collectors", see Ragsdale and Campbell's Mem. In Supp. of Mot. to Dismiss Sec. Am. Compl, pp. 8-10, D.E. 69].

Plaintiffs state in their Response that Ragsdale and Campbell "contributed to that in an unfair way to attempt to collect, 15 U.S.C.sec. 1692(f), by redacting and preparing an Assignment of Note and Deed of Trust several months after the start of the foreclosure." [D.E. 71, p. 2]. What Plaintiffs fail to note is that the Honorable Robert H. Hobgood presided over the hearing at issue in this matter and concluded by Order dated September 7, 2011 that sufficient grounds existed for the foreclosure to proceed. [D.E. 69, Ex. A]. Furthermore, as part of the foreclosure hearing, Ragsdale and Campbell presented the Assignment of Note and Deed of Trust noted above as well as an Affidavit, Declaration of Mailing from Trustee Services, and Purchase and Assumption Agreement between FDIC, as Receiver of BankUnited FSB Coral Gables, Florida and BankUnited. [D.E. 69, Ex. B, C, D, E, and F][2]. Where the claims rest on the "insufficiency of documentation supporting the underlying state court action," rather than a claim that Ragsdale or Campbell misrepresented the Plaintiffs' actual debt, the allegations are inadequate to state a claim under the FDCPA. *Johnson*, ___ F.Supp. 2d ___; *see also Popson v. Galloway*, 2010 WL 2985945, at * 5-6 (W.D.Pa. 2010)(holding that plaintiff's allegations that the defendant proceeded with the action without documentation showing purchases, payments, interest and late charges thus making it difficult for the borrower to determine her debt was insufficient to state a claim under the FDCPA). The Plaintiffs' FDCPA allegations against Ragsdale and Campbell rest solely upon the sufficiency of the documentation supporting the underlying state Court action. In such instances, Federal Courts have not hesitated to dismiss such claims. See *Harvey v. Great Seneca Fin. Corp* 453 F. 3d 324 (6th Cir. 2006). The Trial Court issued an Order allowing foreclosure, establishing that the Assignment was

---

[2] This Court may consider official public records and court documents central to the Plaintiffs' claims in a Motion to Dismiss without converting such Motion when authenticity of those documents is not in dispute and when Plaintiffs' have specifically referred to such proceedings in their Complaint. See *Witthohn v. Fed. Ins. Co.*, 164 Fed.Appx. 395, 396 (4th Cir. 2006).

appropriate and that BankUnited was the holder of the Note, and entitled to enforce the Deed of Trust. The foreclosure sale was subsequently scheduled, held, confirmed, and a Trustee's Deed recorded. Therefore, Plaintiffs cannot now contend that Ragsdale and Campbell acted inappropriately during the foreclosure hearing. For a more detailed review of why Plaintiffs' allegations fail to sufficiently state a claim against Ragsdale and Campbell for violations of FDCPA, see Mem. In Supp. of Mot. to Dismiss Sec. Am. Compl. pp. 10 – 13.

Plaintiffs also re-state that "Defendants [Ragsdale] and [Campbell] on September 29, 2011 sent a letter to Plaintiff, a communication that conveyed information related to the foreclosure judgment on Plaintiff's home." [D.E. 71, p. 2]. However, a copy of such communication is attached as Exhibit J to Plaintiff's Second Amended Complaint and clearly illustrates that the letter was sent to Judge Hobgood and copied to Plaintiffs. [D.E. 54, Ex. J]. There are no allegations in the Second Amended Complaint that Ragsdale or Campbell ever attempted to collect a debt from Plaintiffs. Moreover, there are no allegations that these Defendants ever communicated with the Plaintiffs regarding a consumer debt. In fact, the only "communication" cited by Plaintiffs is the letter to Judge Hobgood regarding the Assignment. Such communication was not to the Plaintiffs but merely copied to the Plaintiffs pursuant to court rules and was clearly not for the collection of a debt.

Finally, Plaintiffs state that the Rooker-Feldman Doctrine does not apply "where the Federal defendant was not a party to the state court proceeding." [D.E. 71, p. 3]. In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-292 (2005), the Supreme Court stated:

> *Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of

authority, *e.g.*, § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity). <u>In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment</u>. Plaintiffs in both cases, alleging federal-question jurisdiction, <u>called upon the District Court to overturn an injurious state-court judgment</u>. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, *e.g., Feldman*, 460 U.S., at 476, 75 L. Ed. 2d 206, 103 S. Ct. 1303; *Atlantic Coast Line R. Co.* v. *Locomotive Engineers*, 398 U.S. 281, 286, 26 L. Ed. 2d 234, 90 S. Ct. 1739 (1970); *Rooker*, 263 U.S., at 416, 68 L. Ed. 362, 44 S. Ct. 149, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction. See *Verizon Md. Inc.*, 535 U.S., at 644, n. 3, 152 L. Ed. 2d 871, 122 S. Ct. 1753 ("The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 [28 USCS § 1331] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a).").

(emphasis added). The Rooker-Feldman doctrine prohibits "a party losing in state court...from seeking what in substance would be an appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997 (1994). This is exactly the type of relief that Plaintiffs seek from Ragsdale and Campbell. [See Sec. Am. Compl. p. 10].

For these reasons, the Second Amended Complaint should be dismissed.

## CONCLUSION

For the reasons listed above, Defendants Ragsdale and Campbell respectfully request that the Court dismiss the Plaintiffs' cause of action against them with Prejudice pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

This the 23rd day of September, 2013.

MANNING FULTON & SKINNER, P.A.

By: /s/ J. Whitfield Gibson
Robert S. Shields Jr., Esq. NCSB #10034
J. Whitfield Gibson, NCSB #41261
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612
Phone: (919) 787-8880
Facsimile: (919) 325-4621
*Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **REPLY BRIEF IN SUPPORT OF RAGSDALE LIGGETT, PLLC AND ASHLEY H. CAMPBELL'S MOTION TO DISMISS THE PLAINTIFFS' SECOND AMENDED COMPLAINT** was filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following

Gustavo Romanello
Acella Romanello
5317 Cottage Bluff, Ln.
Knightdale, NC 27545
*Pro Se Plaintiffs*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Brock & Scott, PLLC*

Sean Partrick
Yates McLamb & Weyher, L.L.P.
421 Fayetteville Street, Suite 1200
Raleigh, NC 27601
*Counsel for BankUnited*

Travis Emil Menk
Brock and Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965
Telephone:704-643-0290
Fax:704-369-0760
Email: travis.menk@brockandscott.com
*Counsel for Trustee Services of the Carolinas, LLC*

This the 23rd day of September, 2013.

**MANNING FULTON & SKINNER, P.A.**

By: /s/ J. Whitfield Gibson
Robert S. Shields Jr., Esq. NCSB #10034
J. Whitfield Gibson, NCSB #41261
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612
Phone: (919) 787-8880
Facsimile: (919) 325-4621
*Counsel for Ragsdale Liggett, PLLC and Ashley H. Campbell*