UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **DEFENDANT BANKUNITED, INC.'S** |
| | ) **RESPONSE IN OPPOSITION TO** |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) **PLAINTIFF'S MOTION FOR LEAVE** ) **TO FILE THIRD AMENDED** ) **COMPLAINT** |
| | ) |
| Defendants. | ) ) |

Defendant BankUnited, Inc. "("BankUnited") hereby respectfully submits this Response in Opposition to Gustavo and Acela Romanello's ("Romanellos") Motion for Leave to File a Third Amended Complaint (the "Motion", (DE 78)) filed by the above-captioned plaintiffs (the "Plaintiffs") on September 19, 2013. BankUnited respectfully shows the Court as follows:

1. This Motion to Amend the Complaint should be denied as futile. The Plaintiffs have not tried to correct the most glaring problem in this civil action, which is that they have sued the wrong BankUnited entity. As explained in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66), Plaintiffs are attempting to sue a certain entity related to servicing and collection of a home loan debt. The home loan at issue was originated by BankUnited, FSB and then assigned by the FDIC as Receiver for BankUnited, FSB to an entity formerly known simply as "BankUnited", which later changed its name to BankUnited, NA. The entity sued by the Romanellos in this case is BankUnited, Inc., which is the holding company for BankUnited, NA. The Romanellos' proposed Third Amended Complaint does not cure this defect.

2. As thoroughly explained in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66), the claims alleged by the Romanellos would be subject to dismissal even if they were asserted against BankUnited, NA.

3. There are no new allegations in the proposed Third Amended Complaint that would subject BankUnited, Inc. or BankUnited, NA to liability under the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. §1692 et seq.), Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. §2601 et. seq.), The Truth in Lending Act (TILA, 15 U.S.C. §1641 et. seq.), the North Carolina Debt Collectors Act (NCDCA, N.C. Gen. Stat. §75-50 et. seq), and the North Carolina Unfair or Deceptive Trade Practices Act (UDTP, N.C. Gen. Stat. §75-1.1 et. seq.).

4. In Paragraph No. 16 of the proposed Third Amended Complaint, Plaintiffs admit that their FDCPA claims are outside the applicable Statute of Limitations.

5. In Paragraph No. 17 of the proposed Third Amended Complaint, the Plaintiffs admit they did not try to dispute the debt in writing with BankUnited when they were first notified about late payments on the loan or the loan going into default.

6. The allegations in Paragraph 18 of the proposed Third Amended Complaint and subsequent paragraphs about debt collection activity after a request for loan modification do not apply to BankUnited, Inc. or BankUnited, NA since neither is accused of that particular debt collection activity.

7. Plaintiffs' new allegations in Paragraph No. 25 of the proposed Third Amended Complaint apparently try to allege that BankUnited, NA confused the Plaintiffs on its identity because it only put "BankUnited" on certain letters to them. (See letters attached as Exhibits A and B to Plaintiff's Second Amended Complaint, DE 54). At the time those letters were written, BankUnited, NA was officially named "BankUnited". It changed its name to BankUnited, NA

2
Case 5:12-cv-00371-FL   Document 83   Filed 10/07/13   Page 2 of 6

on February 29, 2012.  Plaintiffs simply named the incorrect entity.  The letters to the Plaintiffs accurately stated the name of the "BankUnited" entity that owned their loan as of the dates of the letters described above.  A modicum of research would have informed the Plaintiffs that BankUnited, Inc. is only a holding company and not the owner of their loan and promissory note.

8. Plaintiffs' new allegations in Paragraph No. 27 of the proposed Third Amended Complaint do not support a new claim against either BankUnited, Inc. or BankUnited, NA for failure to verify the debt under the FDCPA.  As explained thoroughly in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66), there was no requirement to verify this particular debt since the Plaintiffs never disputed the debt in writing in the thirty day period required under the FDCPA.  Therefore, there was no requirement to validate this debt by BankUnited.  The Plaintiffs have now admitted in the proposed Third Amended Complaint that they did not dispute the debt in writing as required by the FDCPA.

9. For the reasons given by Defendant Brock and Scott, the new allegations in Paragraph No. 28 of the proposed Third Amended Complaint are barred by estoppel under the Rooker-Feldman Doctrine, since the Plaintiffs are essentially trying to appeal a state court matter through a separate civil action filed in federal district court.

10. The new allegations in Paragraph No. 29 of the proposed Third Amended Complaint do not support any further claim against BankUnited.  The new allegations are that action was taken by others on behalf of BankUnited.  As explained in BankUnited, Inc.'s Reply to Plaintiffs' Response to BankUnited's Motion to Dismiss (DE 76), there cannot be a claim against BankUnited for vicarious liability under the various statutes listed in Plaintiffs' pleadings.

11. The new allegations in Paragraph Nos. 34 and 35 of the proposed Third Amended Complaint do not assert any action by BankUnited.

12. The new allegations in Paragraph No. 36 of the proposed Third Amended Complaint were already addressed in BankUnited, Inc.'s Brief in Support of its Motion to Dismiss (DE 66). The "Assignment" document used by the Plaintiffs (and the documents from the FDIC website submitted by BankUnited in its Motion to Dismiss (DE 65 and DE 66)), show that the Romanellos' loan at issue was sold by the FDIC to BankUnited in May 2009. Therefore, the Romanellos' RESPA and TILA claims alleging a failure to notify them of the transfer of their loan are barred by the applicable statutes of limitation. The Plaintiffs attempt to advance the accrual date of their RESPA and TILA claims by alleging that "Assignment" document (Exhibit K to Plaintiffs' Second Amended Complaint, (DE 54)) indicates that the loan was assigned to BankUnited on August 22, 2011. This old allegation has already been refuted a number of times using the same document Plaintiffs use to try to advance the accrual date. That "Assignment" document expressly states in fourth paragraph that the Romanellos' loan at issue was sold to BankUnited on May 21, 2009. The new allegations in the proposed Third Amended Complaint do not change the accrual date for the statute of limitations analysis for the RESPA and TILA claims.

13. The new allegations in Paragraph Nos. 37 through 39 of the proposed Third Amended Complaint do not support any new claim against BankUnited under the statutes alleged by the Plaintiffs. They do not allege any further collection activity, loan serving activity or communication from BankUnited, Inc. or BankUnited, NA. Further, these new allegations are further improper attempts to collaterally attack the earlier foreclosure process in state court in violation of the Rooker-Feldman Doctrine.

14. The new pleadings do not support any new claim against BankUnited so a new amended complaint would be futile. The Plaintiffs have a pattern of waiting until dispositive motions have been served and briefed and then filing an amended pleading in the hopes of creating some sort of factual issue to avoid a dismissal. There is nothing new in the proposed Third Amended Complaint that wasn't known to the Plaintiffs when they filed their Second Amended Complaint.

15. BankUnited, Inc. incorporates its Brief in Support of its Motion to Dismiss (DE 66) as those arguments demonstrate that it would be futile for the Plaintiffs to amend their pleadings further as set forth in the proposed Third Amended Complaint.

For the reasons given above, in Defendant BankUnited, Inc.'s Motion to Dismiss the Plaintiffs' Second Amended Complaint, and in BankUnited, Inc.'s Brief in support of that Motion, BankUnited objects to and opposes Plaintiffs' Motion to amend their pleadings for a third time. Defendant BankUnited, Inc. respectfully requests that the Court deny the Plaintiffs' Motion to Amend their pleadings for a third time so the Court can address the pending dispositive motions.

This the 7th day of October, 2013

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
Sean T. Partrick
North Carolina State Bar No.: 25176
Email: spartrick@ymwlaw.com
*Attorneys for Defendant BankUnited, Inc.*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:12-CV-371-FL

| | |
|---|---|
| GUSTAVO ROMANELLO and ACELA ROMANELLO, | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| BANKUNITED, INC., BROCK & SCOTT, PLLC., RAGSDALE LIGGETT, PLLC., ASHLEY H. CAMPBELL. | ) ) ) ) |
| Defendants. | ) ) ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert S. Shields, Jr. (shields@manningfulton.com), Travis Emil Menk (travis.menk@brockandscott.com), Jonathan Whitfield Gibson (gibson@manningfulton.com), Marc Stephen Asbill (marc.asbill@brockandscott.com)   and I hereby certify that I have mailed the document to the following non CM/ECF Participants: Gustavo Romanello and Acela Romanello 5314 Cottage Bluff Lane, Knightdale, NC 27545.

    This the 7th day of October, 2013

                  **YATES, MCLAMB & WEYHER, LLP**

                  /s/ SEAN T. PARTRICK
                  Sean T. Partrick
                  North Carolina State Bar No.: 25176
                  Email: spartrick@ymwlaw.com
                  *Attorneys for Defendant BankUnited, Inc.*
                  Post Office Box 2889
                  Raleigh, North Carolina 27602
                  Tel: 919-835-0900; Fax: 919-835-0910