THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GUSTAVO ROMANELLO ACELA ROMANELLO, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| VS. | ) ) | NO. 5:12-CV-00371-FL |
| BANKUNITED, INC., TRUSTEE SERVICES OF CAROLINA, LLC, BROCK & SCOTT, PLLC, RAGSDALE LIGGETT, PLLC, ASHLEY H. CAMPBELL, | ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

**DEFENDANTS BROCK & SCOTT, PLLC AND TRUSTEE SERVICES OF CAROLINA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

COME NOW Defendants Brock & Scott, PLLC ("B&S") and Trustee Services of Carolina, LLC ("TSC") (B&S and TSC collectively referred to as "Defendants"), by and through their undersigned counsel, and hereby submit this Response In Opposition to Plaintiffs', Gustavo and Acela Romanello, "Motion For Leave to File Amended Complaint," (hereinafter the "Motion to Amend") stating as follows:

**STATEMENT OF THE CASE**

This action arises out of the origination and servicing of a promissory note and deed of trust executed by Plaintiffs and initiation of North Carolina foreclosure proceedings of the real property located at 5445 Thunderidge Dr. in Raleigh, North Carolina. Plaintiffs initiated this action against Defendants for alleged violations of the Fair Debt Collection Practices Act, the North Carolina Debt Collectors Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and an Unfair and Deceptive Trade Practices Claim.

Defendants respectfully request this Court deny Plaintiffs Motion to Amend and to grant Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their initial Complaint in the instant action on June 20, 2012. On July 31, 2012, Plaintiffs filed an Amended Complaint. On August 31, 2012, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. On September 24, 2012, Plaintiffs filed a Motion for Extension of Time to File a Response to Defendants' Motion, which was granted on September 26, 2012 by District Judge Louise Wood Flanagan ("Judge Flanagan"). Judge Flanagan's Order extended Plaintiffs' deadline to file a response to October 8, 2012. On October 9, 2012, Plaintiffs filed an untimely response to Defendants' Motion after the deadline to file a response had passed.

On October 22, 2012, Plaintiffs again filed a Motion for Leave to file a Second Amended Complaint. A proposed Second Amended Complaint, however, was not filed with Plaintiffs' Motion. Plaintiffs eventually filed their Proposed Second Amended Complaint on January 3, 2013.

On June 19, 2013, Judge Flanagan denied Defendants' Motions to Dismiss Plaintiff's Amended Complaint and allowed Plaintiffs' Second Amended Complaint. Thereafter, on July 15, 2013, Judge Flanagan issued an Order allowing Defendants' proposed deadline for filing motions to dismiss, which was August 9, 2013. On August 8, 2013, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. Plaintiffs filed their third untimely Response to Defendants' Motion to Dismiss on September 5, 2013. On September 11, 2013, Defendants filed a notice of Objection to Plaintiffs' Response. On September 19, 2013, Plaintiffs filed a Motion to Amend their Second Amended Complaint.

# ARGUMENT

### A. Plaintiffs' First Untimely Response

Local Civil Rule 6.1 states "all motions for an extension of time to perform an act required or allowed to be done within a specified time must show good cause, prior consultation with opposing counsel and the views of opposing counsel. The motion must be accompanied by a separate proposed order granting the motion." E.D.N.C. Civ. R. 6.1.

Plaintiffs filed a Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on September 24, 2012. Judge Flanagan granted Plaintiffs' motion and extended Plaintiffs' deadline to file a response to October 8, 2012. Plaintiffs, however, did not file the First Untimely Response until October 9, 2012, contrary to the Court's Order.

### B. Plaintiffs' Second Untimely Response

As discussed above, Local Civil Rule 6.1 requires that a motion for an extension of time to perform an act be accompanied by a separate proposed order granting the motion. E.D.N.C. Civ. R. 6.1. Moreover, the Electronic Case Filing Administrative Policies and Procedures Manual ("ECF") states, "if filing a document requires leave of court, such as an amended complaint, the attorney shall attach the proposed document as an attachment to the motion…." E.D.N.C. ECF.

Here, Plaintiffs filed their Motion for Leave to file a Second Amended Complaint on October 22, 2012. Plaintiffs' motion, however was not accompanied by a Proposed Amended Complaint, as required by the Local Civil Rule 6.1. Plaintiffs did not file their Second Amended Complaint until over two months later, on January 3, 2013.

### C. Plaintiffs' Third Untimely Response

Local Civil Rule 7.1(e) provides "Any party may file a written response to any motion…. Responses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Civil Procedure." E.D.N.C. Civ. R. 7.1.

Here, Plaintiffs did not file their Third Untimely Response until September 5, 2013. The Clerk filed a letter with the Court, addressed to Plaintiffs, which stated that Plaintiffs had to file a response on or before September 3, 2013. The Third Untimely Response, however, was filed after the required deadline. Consequently, the Court should strike Plaintiffs' Third Untimely Response or, alternatively, disregard Plaintiffs' Third Untimely Response as it fails to comply with Local Civil Rule 7.1(e).

As previously stated, Local Civil Rule 6.1 allows parties to file a motion for an extension of time to perform an act upon showing good cause and prior consultation with opposing counsel. E.D.N.C. Civ. R. 6.1. Here, Plaintiffs did not make a motion for an extension of time to file their Third Untimely Response, nor did Plaintiffs consult with opposing counsel regarding an extension of time to file the Third Untimely Response. Plaintiffs were aware of this rule as they filed a Motion for Extension of Time to file a Response on September 24, 2012, which was granted by this Court prior to the Plaintiffs' filing of the First Untimely Response.

Rule 15 of the Federal Rules of Civil Procedure states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." F.R.C.P. 15(a)(2).

> In the absence of any apparent or declared reason—such as *undue delay*, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies* by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

4

>*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)(emphasis added).

Here, Plaintiffs have caused undue delay to the detriment of Defendants who are unable to resolve this action in a timely manner. Furthermore, Plaintiffs have repeatedly failed to cure deficiencies in their pleadings and continue to disregard filing deadlines and procedures established by local civil rules and this Court's Orders. Notably, Plaintiffs now seek to amend their pleadings for the third time in spite of the leniency afforded by the Court in allowing delay when Plaintiffs filed their Second Untimely Response—the Proposed Second Amended Complaint—over two months after it was overdue. Further leave by this Court, therefore, should not be given under these circumstances because of the apparent undue delay caused by Plaintiffs' repeated failure to cure deficiencies in their pleadings or to comply within express filing deadlines.

"[J]udges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 2445 (2004). "[T]he Supreme Court has made clear that it 'has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Davis v. Bacigalupi*, 711 F.Supp.2d 609, 615 (E.D. Va. 2010) (quoting *McNeill v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993)). "Thus, while the Court must extend leeway to the pro se Plaintiff, such leeway must be tempered to require the Plaintiff to comply with the Federal Rules of Civil Procedure." *Davis*, 711 F.Supp.2d at 615.

Plaintiffs, therefore, should be held responsible for making themselves aware of the Rules of Civil Procedure and the local civil rules. Moreover, even in the absence of this affirmative obligation on the part of Plaintiffs, Plaintiffs were made aware of the procedural requirements

5

during this action by Order of the Court and express instructions by the Clerk. Specifically, the Court unambiguously directed the Plaintiffs to file a response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint by October 8, 2012. Plaintiffs, however, failed to meet this deadline with their First Untimely Response. Additionally, the Clerk advised Plaintiffs that they had until September 3, 2013 to file a response to Defendants' Motion to Dismiss. Plaintiffs also failed to meet this clearly established deadline with their Third Untimely Response.

In their proposed Third Amended Complaint, Plaintiffs fail to raise any new issues, nor create any new causes of action. Plaintiffs have had three opportunities to craft the pleadings in a manner which they found sufficient. Instead of carefully crafting their pleadings, they again seek this Court to allow them leave to amend their third rendition of the Complaint. This Court should consider the economies of continuing to allow amendments; judicial economy for the resources of the Court, and economy in favor of the Defendants who continue to expend substantial amounts of money attempting to litigate this matter which has become to proverbial moving target.

Although the Court may extend some leeway to a pro se Plaintiff, the circumstances of this action do not warrant further leniency from this Court. Defendants would be unduly prejudiced if Plaintiffs were allowed to continue to disregard the unambiguous Orders of this Court, local civil rules, and Federal Rules of Civil Procedure in that the parties to this action are unable to achieve a finite resolution of this matter by means of the continuing delay.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiffs' Motion For Leave to File Amended Complaint.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

6

Respectfully submitted this 10th day of October, 2013.

                                        **BROCK & SCOTT, PLLC**

                    BY:     /s/ Marc S. Asbill
                              Marc S. Asbill, NC Bar #39504
                              Brock & Scott, PLLC
                              5121 Parkway Plaza Blvd.,
                              Charlotte, NC 28217
                              704-643-0290 (Phone)
                              704-553-7225 (Fax)
                              Marc.Asbill@BrockandScott.com
                              *Counsel for Brock & Scott, PLLC &*
                              *Trustee Services of Carolina, LLC*

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO ROMANELLO ) | |
| ACELA ROMANELLO, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | NO. 5:12-CV-00371-FL |
| ) | |
| BANKUNITED, INC., TRUSTEE ) | |
| SERVICES OF CAROLINA, LLC, ) | |
| BROCK & SCOTT, PLLC, RAGSDALE ) | |
| LIGGETT, PLLC, ASHLEY H. ) | |
| CAMPBELL, ) | |
| ) | |
| DEFENDANTS. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via ECF and served via First-Class Mail, postage prepaid, addressed to:

| | |
|---|---|
| Gustavo Romanello<br>Acela Romanello<br>5445 Thunderidge Dr.<br>Raleigh, NC 27610 | Barbara B. Weyher<br>Sean T. Partrick<br>Yates, McLamb & Weyher, LLP<br>421 Fayetteville St., Suite 1200<br>P. O. Box 2889<br>Raleigh, NC 27602-2889<br>Attorneys for Bank United |
| Robert S. Shields, Jr.<br>Jonathan Whitfield Gibson<br>Manning Fulton & Skinner, P.A.<br>P. O. Box 20389<br>3605 Glenwood Ave., Suite 500<br>Raleigh, NC 27619<br>Attorneys for Ragsdale Liggett, PLLC | Robert S. Shields, Jr.<br>Jonathan Whitfield Gibson<br>Manning Fulton & Skinner, P.A.<br>P. O. Box 20389<br>3605 Glenwood Ave., Suite 500<br>Raleigh, NC 27619<br>Attorneys for Ashley H. Campbell |

(signature on following page)

8

BROCK & SCOTT, PLLC


BY:  /s/ Marc S. Asbill
     Marc S. Asbill